Richard Grissom #33728
Name

EDCF, P.O. Box 311

El Dorado, KS 67042
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Richard Grissom, Plantiff
(Full Name)

v.

Jordan Bell, et al., Defendant(s)

CASE NO. 23-3260-JWL
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Richard Grissom, is a citizen of Kansas
   (Plaintiff)                              (State)

who presently resides at El Dorado Correctional Facility * P.O. Box 311 *
                                      (Mailing address or place
El Dorado, KS 67042                                                .
of confinement.)

2) Defendant Jordan Bell                                      is a citizen of
            (Name of first defendant)

Hutchinson, Kansas                                       , and is employed as
         (City, State)

Classification Administrator                              . At the time the
        (Position and title, if any)

claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ✓ No ☐. If your answer is "Yes", briefly explain:

(Please see attached page 2)

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

1.

Defendant, Jordan Bell, individually and in his official capacity, who at all times mentioned in this Complaint acted under the color of state law, was the Classification Administrator and is responsible for transfers and the inmates well being at Hutchinson Correctional Facility.

Defendant, Daniel Schnurr, individually and in his official capacity, who at all times mentioned in this Complaint acted under the color of state law, was the Warden responsible for the operation of the Facility, supervisor over staff and responsible for the welfare of all inmates at Hutchinson Correctional Facility.

Defendant, Joel Hrabe, individually and in his official capacity, who at all times mentioned in this Complaint acted under the color of state law, was the Deputy Secretary of Corrections - Facility Management responsible for placement and release of inmates in Restrictive Housing Units, staff and for the welfare of all inmates in Kansas Department of Corrections.

Defendant, Name Unknown, individually and in his/her official capacity, who at all times mentioned in this Complaint acted under the color of state law, was the Classification Administrator and is responsible for transfers and the welfare of inmates at Lansing Correctional Facility.

Defendant, Shannon Meyer, individually and in her official capacity, who at all times mentioned in this Complaint acted under the color of state law, was the Warden responsible for the operation of the Facility, supervisor over staff and responsible for the welfare of all inmates at Lansing Correctional Facility.

## Jury Demand

I, Richard Grissom, Plaintiff, pro se respectfully request a jury trial on all triable issues.

2.

3) Defendant _____ is a citizen of
   (Name of second defendant)

   _____, and is employed as
   (City, state)

   _____. At the time the
   (Position and title, if any)

   claim (s) alleged in this complaint arose was this defendant acting under the color of state law?  Yes ☐  No ☐ . If your answer is "Yes", briefly explain:

   _____

   _____

   _____

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

   _____

   _____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

   _(see pages 4-6)_____

   _____

   _____

   _____

   _____

   _____

## Nature Of The Case

1. Plantiff is a multiracial 63 year old male who was confined at Hutchinson Correctional Facility (HCF) and is not affiliated or associated with any gangs or sects.

2. On 3/15/2019 Plantiff was placed in Restrictive Housing Unit (RHU) after his physical altercation with two young gang members who had stolen his electronic property while he was not in his cell and eating breakfast in the chow hall. Plantiff was informed by CCI Razalia Benford that due to his altercation, he would have to be transferred to general population at a different facility.

3. On 4/2/2019 Plantiff received a Form 9 response from CCI Benford informing him that he had two transfer options, Lansing or Larned. Although Plantiff had a central monitor at Lansing, thus Larned was his only option. (see exhibit A)

4. On 9/9/2019 a six month report was processed that unanimously recommended Plantiff for "release" from RHU placement signed by Defendant Jordan Bell of the RHRB, Deputy Warden Robert Vieyra, Deputy Warden Thomas Williams, and Defendant Daniel Schnurr. (see exhibit B). Once this recommendation is made, it is mandated by the IMPP that Plantiff's placement in RHU is to end.
    IMPP 20-105A   IX A, provides:
    " The Warden of each facility housing restrictive housing residents is to submit a monthly report to the Deputy Secretary for Facilities Management for all residents continuously held in administrative restrictive housing for six (6) months, a year or longer, and on each anniversary thereafter."
    1.a. " If the Warden and RHRB cannot articulate reason(s) for continuing the placement, then the placement is to end."

5. On 1/27/2020 Plantiff received a Form 9 response from CCI Benford to his Informal Resolution germane to the fact that he had been waiting over 10 months to be transferred to general population at Larned. CCI Benford informed Plantiff that she sent an email to the transfer coordinator to see if the transfer could be expedited. (see exhibit C)

6. On 3/13/2020 a yearly report was processed for Plantiff to be released from RHU, that was signed by Defendant Joel Hrabe who was the Deputy Secretary of Facilities Management and he recommended "release". (see exhibit D) Although Plantiff received recommendations for release from RHU from the highest authority in Kansas Department of Corrections, he continued to remain confined in RHU.

7. On 11/3/2020 Plantiff received a Form 9 response from Defendant Jordan Bell who was Unit Team Manager at the time and stated " You are scheduled to be transferred once transfers are allowed to occur due to the COVID pandemic. (see exhibit E)

4.

8. On 5/28/2021 Waiver of Service on U.S. District Court Case #5:20-cv-03163-JWB-ADM was returned executed against Defendant Jordan Bell and Defendant Daniel Schnurr. (see exhibit F page 5)

9. On 6/2/2021 the following week after Defendants Bell and Schnurr received service of case #5:20-cv-03163-JWB-ADM Plantiff was transferred to Lansing Correctional Facility Supermax long term segregation for the worse of the worst is confined.

10. Plantiff was to be released to general population but instead was transferred to the harshest facility within KDOC. This transfer can only be construed as retaliation for filing a lawsuit against Defendant Bell who was now appointed Classification Administrator who is responsible for transfers and Defendant Schnurr who approved the transfer. Defendants were well aware that Plantiff could not be released to general population at Lansing due to central monitor.

11. Plantiff was one of the first to ever be confined in LCF's long term segregation. The lights were controlled by staff and turned on around 7:00 am and turned off around 10:00 pm. We were only allowed to purchase hygiene and no food or coffee. Plantiff was also denied to possess his television, sweats, shorts, art supplies, books, hot pot, lamp, mirror, and etc.

12. It must be noted that Plantiff had also filed grievance #BA00018574 against Defendant Bell for retaliatory conduct. On 6/10/20 Plantiff filed a grievance against Defendant Bell and the following day on 6/11/20 Plantiff was moved from a cell with bars to behind a solid door with no air circulation which exasperated his medical condition and caused him to be placed in the clinic for over a week.

13. On the first segregation review held in July 2021 at LCF the Seg Review Board informed Plantiff that he did not belong there and was recommending release to general population and transfer to a different facility. In fact, on 7/8/2021 Unit Team Manager Lindsey Wildermuth responded to Plantiff's Form 9 and stated " We (Major Ball, myself and EAI will advocate for your release to GP." (see exhibit G)

14. On 3/22/2022 instead of being released to general population like Lansings Seg Review Board recommended, Plantiff was transferred to El Dorado Correctional Facility administrative Restrictive Housing Unit, aka admin seg. This transfer had to be approved by LCF's Classification Administrator (Name Unknown) and Defendant Shannon Meyer Warden at LCF. Again, Plantiff is being denied release from RHU and transferred to yet another RHU. Plantiff was transferred from EDCF in January 2018 for "his and other staff member's safety." (see exhibit H). Plantiff was recommended for release

5.

to general population and is currently on Holdover status waiting to be transferred to a different facility.

16. Four years after being recommended for release from RHU to general population the effects from the denial of transfer and retaliatory conduct is ongoing. Plaintiff would have been able to have a minimum wage job, contact visits, better classification, daily yard, daily showers, 5 plus hours of dayroom, better overall health and other simple privileges if the continued retaliatory action would cease.

I, Richard Grissom, Plaintiff, pro se have read the following statements and hereby verify the facts stated therein are true and accurate. Pursuant to 28 USC 1746, I verify under penalty of perjury that the foregoing is correct. Executed on this 26th day of December 2023 at El Dorado, Kansas.

*Richard Grissom*
Richard Grissom

6.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: _____ (see page 8_____

_____

_____

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

_____

_____

_____

_____

_____

B) (1) Count II: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

XE-2 8/82                     CIVIL RIGHTS COMPLAINT §1983

## Cause Of Action

**Count I**      On 9/19/2019 Plantiff was unanimously approved for release from RHU to general population at a different facility by Defendant Bell and Defendant Schnurr. On 3/13/20 Plantiff was also recommended for release by Defendant Hrabe who was the highest authority on Kansas Department Of Corrections. On 5/28/2021 Waiver of Service was executed against Defendant Bell and Defendant Schnurr. The following week on 6/2/2021 Plantiff was transferred to the harshest confinement in KDOC and placed on long term segregation instead of being released to general population as previously recommended multiple times. Defendant Bell had authority over transfers and Defendant Schnurr and Defendant Hrabe approved this action. This transfer and unfavorable classification is in direct causal connection with Plantiff's right to be free from retaliation for using the court system, and violates his 1st Amendment Rights and liberty interest.

**Count II**      Plantiff was informed during seg review in July 2021 that he did not belong in long term seg at LCF and was recommended for release to general population at a different facility by UTM Wildermuth, Major Ball and EAI Hale. Instead of being released to general population, the Classification Administrator at LCF and Defendant Meyer approved for Plantiff to be transferred to RHU at EDCF on 3/22/2022. This action was the continuation of the initial retaliation for using the court system and violates the 1st Amendment. The refusal to abide by mandated IMPP rules and regulations also violates the Due Process Clause of the 14th Amendment.

**Count III**      The 14th Amendment forbids a state to "deny any person within its jurisdiction the equal protection of the laws." Plantiff is multiracial but is considered black by prison officials. Over 4 plus years Plantiff has not been treated equally as other inmates that are similarily situated. Plantiff has been recommended for release from RHU to general population multiple times at 3 different facilities but instead is transferred to a different segregation unit. No other inmate within KDOC has endured such action and they are released as recommended. The transfers, denial of transfers, unfavorable classification and arbitrary decision making has no legitamate penological interests and these actions must be viewed under strict scrutiny. The actions and continued effects violates Plantiff's 14th Amendment Right of equal protection and racial disparity must be considered, against all Defendants.

C) (1) Count III: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☑. If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

   Plaintiffs: _____

   Defendants: _____

   b) Name of court and docket number _____

   _____

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

   _____

   d) Issues raised _____

   _____

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

e) Approximate date of filing lawsuit _____

f) Approximate date of disposition _____

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☑ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

*Plantoff submitted grievance all the way to the Secretary of Corrections who considered it "invalid" and refused to address any of his claims. (see exhibit I pages 1-12)*

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

*$50,000 punitive damages*
*$50,000 compensatory damages, jointly and severally*
*A lower custody classification level*

_____        _____[signature]_____
Signature of Attorney (if any)                       Signature of Petitioner

_____

_____
(Attorney's full address and telephone number)

XE-2 8/82             CIVIL RIGHTS COMPLAINT §1983