

A2 107

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

November 21, 2023

TO:     0033728 Grissom, Richard

El Dorado Correctional Facility

RE:     Invalid Grievance

I received your correspondence that included an unnumbered grievance.

KAR 44-15-101 (a)(d)(2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision making process, the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure.

Your complaint is clearly about the classification decision making process. KAR 44-15-101 (a)(d)(2) prohibits use of the grievance procedure to address this concern.

Sincerely,

Darcie Holthaus CMII
Corrections Manager, Facility Management

cc:     Warden Williams
        w/attachments
Image:  SOCRESP
        w/attachments

RECEIVED
DEC 2023
WARDEN'S OFFICE

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: __GRISOM R__   Facility: __EDCF__

Inmate Number: __33728__   Grievance Serial No.: _____

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:   Kansas Department of Corrections   Date Mailed: __11/13/23__
714 SW Jackson
Suite 300
Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.)

THE IMPP CLEARLY DICTATES POLICY THAT HAS BEEN IGNORED. THE CLASSIFICATION ADMINISTRATOR JORDAN BELL IS FORBIDDEN TO RETALIATE, MAKE ARBITRARY DECISIONS AND NOT FOLLOW POLICY AND PROCEDURES DICTATED BY THE KAR AND IMPP.

Signature of Inmate

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____   Date Sent to Inmate: _____

Finding of Fact:

RECEIVED

NOV 16 2023

DOC Facility Management Area

Conclusions Made:

Action Taken:

Signature of Secretary of Corrections

**For D.O.C. Staff Use Only**

Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 21, 2014

2.



P.O. Box 311
El Dorado, Ks. 67042

**Kansas**
Department of Corrections
*El Dorado Correctional Facility*

Phone: (316) 321-7284
Fax: (316) 322-2018

Jeff Zmuda, Secretary
Tommy Williams, Warden

Governor Laura Kelly

## EL DORADO CORRECTIONAL FACILITY

DATE: 11/7/2023

TO: Grissom, Richard #33728
A2-107

SUBJECT: Grievance #

FROM: T. L. Williams, Warden

**FINDING OF FACT:** Your grievance has been received and a review into your allegations has been completed.

**CONCLUSIONS:** After a review of applicable documentation, it was determined the response provided by RHU administrator D. Lewis is appropriate regarding your issues.

**ACTION TAKEN:** Under the new custody classification system, although you are a medium custody resident by points you are held at max custody due to time remaining to serve. We have not been able to get past that barrier for you. Because you were placed on Holdover Status we will continue to attempt transfer to a facility that can take you other than HCF or LCF which were not options for you according to the Unit Team.

If dissatisfied with this response you may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision.

Tommy Williams, Warden
El Dorado Correctional Facility

TLW/tlw/jp

cc: file
A/B-CH Unit Administrator
A-CH Unit Team Manager

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name **GRISSOM, R**   Number **38728**
Facility **EDCF**   Housing Unit **A2-107**   Work Detail **N/A**

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

I submitted a Form 9 to HPS Reeves on 9/3/23 but as of date have not received a response so I'm following procedure after informal resolution has failed.

(see attached)

Date this report was given to Unit Team for informal resolution (to be completed by inmate). 9/14/23

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

See Attached

_____   _____
Unit Team Signature   Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

✓ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_R. Grissom_   10/29/23
Inmate Signature   Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received **OCT 30 2023**   Date of Final Answer **NOV - 7 2023**   Date Returned to Inmate _____

_____   _____   _____   _____
Inmate's Signature   Date   Unit Team Signature   Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number _____
Type of Complaint (Item 4: Code 01-75) **Classification**
Cause of Complaint (Item 5: Code 01-30) **Issue**
Type of Response (Item 6a: Code 01,02,08 or 09) **4**

RECEIVED OCT 30 2023 WARDEN'S OFFICE

On 3/15/19 I was placed in RHU due to a fight with gang bangers who stole my property while I was at chow, and I attacked them.

On 9/19/19 my RHU 180 Day Review was submitted and I was unanimously recommended for release from RHU placement by the RHU Review Board, Deputy Warden Robert Vieyra, Deputy Warden Tommy Williams and Warden Daniel Schnurr at HCF. (See exhibit A).

On 3/13/20 my RHU 360 Day Review was submitted and even Deputy Secretary Of Corrections Hrabe recommended release from RHU placement. (see exhibit B).

On 6/25/19 CCI Razullio Benford stated on a Form 9 " you are currently in Restrictive Housing on OSR status (ad seg) currently waiting to be transferred." It must be noted that CCI Benford submitted me for transfer to Larned the previous month, general population, due to central monitors at Lansing and EDCF, documentation can be provided. (See exhibit C).

On 11/1/20 UTM Jordan Bell stated on a Form 9 " You are scheduled to be transferred once transfers are allowed to occur due to the COVID pandemic." This is in response to my question why I had not been transferred to Larned after submission 19 months earlier. (see exhibit D).

On 6/2/21 I was transferred from HCF to LCF "Long Term Segregation" despite being recommended for release from RHU in 2019. LCF administration had no idea why I was transferred there and documentation can be provided.

On 6/15/20 I filed a lawsuit, U.S. District Court 5:20-cv-03163, against UTM Jordan Bell of HCF. On 5/28/21 service of said lawsuit was executed to recently promoted Classification Administrator Jordan Bell who now wielded the authority to transfer whomever he desired. The following week I was transferred to LCF's Long Term Segregation by CA Jordan Bell. This can only be construed as retaliation for being served a lawsuit the week previously, especially since I was released by the Wardens and Deputy Secretary Of Corrections from RHU waiting to be transferred to "general population" at a different facility, since 2019. This violates my 1st Amendment Rights and liberty interests.

On 3/22/22 I was transferred from LCF to EDCF long term segregation but still not released to general population.

On 4/18/22 I received a response to my 3/25/22 letter to Warden Tommy Williams who stated "I do recall our recommendation to release you to the general population back in 2019." this supports my assertion that I should not have been transferred to LCF's Long Term Segregation unit and I was waiting to be transferred to general population. (see exhibit E).

I was then placed in the Step Down Process at EDCF. But in July 2022 UTM David Lewis on-

5.

formed me that I did not need to complete the Step Down Process and that he would make me a cell house porter, place me on holdover status and await transfer to general population at a different facility.

Subsequently UTM Lewis was promoted to CMII-RHU and informed me that he was attempting to get me medium custody and transfer me to Ellsworth or some other medium facility. But on 6/28/23 CMII Shearburn informed me that even though I have approximately 8 points under the new point system, I'm still maximum custody due to all the time I have left on my sentence.

It has been over 4 years since I was recommended for release unanimously to general population by HCF's Wardens and Deputy Secretary of Corrections. IMPP 20-105A IX.I.b. provides "If the Warden and RHRB cannot articulate reason(s) for continuing the placement, then the placement is to end."

It has been over 4 years since a transfer request was submitted for me to go to Lansing since I had central monitors at the other facilities. IMPP 20-104A G.3.b. provides: "A resident is not to be held on holdover status longer than 15 days to accomplish the transfer to another facility."

I'm still confined in RHU despite unanimous recommendations for release. I was transferred from HCF to a more confined, stricter housing in LCF out of retaliation by CA Jordan Bell. I have been denied the opportunity to have a minimum wage job and earn wages. I keep getting the run around that I'm still waiting to be transferred to general population over 4 years after submission. My 1st, 8th and 14th Amendments have been violated and my liberty interests.

Respectfully Submitted 9/14/23

6.

# RESTRICTIVE HOUSING 180 DAY REVIEW

Offender: GRISSOM, RICHARD
KDOC# 33728

Location: HCF A3 138
PRD: 10/6/2093

Placement Date: 3/15/2019    Today's Date: 9/9/2019    Total days in RH: 178

Segregation Review Board recommends release: Yes ☐  No ☑   Reason for Recommendation: Attached
(a) of I/m's that stole property from him. Unable to return to
GP @ HCF due to this (STG-crip). Will need transfer to another facility.

UTM: _____    Date: 9/27/2019
See attached Segregation Review Board notes.

The above listed inmate has been continuously housed in restrictive housing for a period of 180 days. Per IMPP 20-106, III, A: The Program Management Committee of each facility housing restrictive housing inmates shall review those inmates maintained continuously in Administrative Segregation at least every 180 days.

Recommend Retention: _____
Recommend Release: ✓
                                    Deputy Warden – Programs           10-8-19  Date

Reason for Recommendation: To Transf. Only

Recommend Retention: _____
Recommend Release: X
                                    Deputy Warden – Operations          10/15/19  Date

Reason for Recommendation: _____

Recommend Retention: _____
Recommend Release: X
                                    Warden                              10-17-19  Date

Reason for Recommendation: _____

The above listed inmate has been continuously housed in restrictive housing for a period of 180 days. Per IMPP 20-106, IV, A: The warden of each facility housing restrictive housing inmates shall annually submit a report to the Deputy Secretary for Facilities Management for all inmates continuously held in administrative segregation for a year or longer, and on each anniversary thereafter.

Recommend Retention: _____
Recommend Release: _____
                                    Deputy Secretary of Corrections     Date

Reason for Recommendation: _____

Return completed forms to: HCF, Classifications & Records Office.

G-50

7.

# RESTRICTIVE HOUSING 360 DAY REVIEW

RECEIVED APR 13 2020
BOC Facility Management Area

Offender: **GRISSOM, RICHARD**
KDOC# 33728

Location: **HCF A3 138**
PRD: **10/6/2093**

Placement Date: 3/15/2019   Today's Date: 3/13/2020   Total days in RH: 364

Segregation Review Board recommends release: Yes ☑ No ☐   Reason for Recommendation: Attacked two inmates that stole property from him. Claims he is unable to return to GP @ HCF due to this an incident per STG (gripes). Request transfer cm @ LCF/EDCF. Maximum custody Transfer will be difficult.

UTM: _____   Date: 3/16/2020

See attached Segregation Review Board notes.

The above listed inmate has been continuously housed in restrictive housing for a period of 360 days. Per IMPP 20-106, III, A: The Program Management Committee of each facility housing restrictive housing inmates shall review those inmates maintained continuously in Administrative Segregation at least every 180 days.

Recommend Retention: _____
Recommend Release: ✓
Deputy Warden – Programs
Date: 3-31-2020

Reason for Recommendation: * rel upon cmt + trnsf to another facility

Recommend Retention: ✗
Recommend Release: _____
Deputy Warden – Operations
Date: 4/7/20

Reason for Recommendation: Max custody transfer unlikely.

Recommend Retention: ✗
Recommend Release: _____
Warden
Date: 4-7-20

Reason for Recommendation: _____

The above listed inmate has been continuously housed in restrictive housing for a period of 360 days. Per IMPP 20-106, IV, A: The warden of each facility housing restrictive housing inmates shall annually submit a report to the Deputy Secretary for Facilities Management for all inmates continuously held in administrative segregation for a year or longer, and on each anniversary thereafter.

Recommend Retention: _____
Recommend Release: ✓
Deputy Secretary of Corrections
Date: 4/10/20

Reason for Recommendation: _____

Return completed forms to: HCF, Classifications & Records Office.

G-36

8.

**Form 9**
For Cellhouse Transfer
Work Assignment
Interview Requests

# KANSAS DEPARTMENT OF CORRECTIONS
## OFFENDER REQUEST TO STAFF MEMBER

Last Name Only: **GRISSOM**
Number: **33728**

To: **CL Benford**
(Name and Title of Officer or Department)

Date: **June 25, 2019**

State completely but briefly the problem on which you desire assistance. (Be specific.)

Last week you stated that I'm being housed in ad seg awaiting transfer to another facility. I just want to confirm that this is my status? ... And that I'm not under long term segregation but simply OSR status waiting to be transferred and released to general population? Secondly, how long do you think it will take to be transferred? and did you submit one for me last month, April, like you stated?

Thank You

Work Assignment: _____   Living Unit Assignment: **A3-138**

Comment: _____   Detail or C.H. Officer: _____

Disposition: [signature] OC Benford

To: **Grissom 33728**
(Name & Number)

Date: **6/25/19**

Disposition: 1) Yes sir, you have currently in restrictive Housing on OSR status (ose seg) currently waiting to be transferred. Transfer request has been submitted, it can take months to be transferred OS

[signature]



9.

**INFORMAL RESOLUTION**

A2-129

**KANSAS DEPARTMENT OF CORRECTIONS**

**OFFENDER REQUEST TO STAFF MEMBER**

Form 9
For Cellhouse Transfer
Work Assignment
Interview Requests

To: UTM Bell

Date: November 1, 2020

(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

On April 1, 2019 CCI Binford informed me on my form 9 that I was on the list to be transferred to a different facility, that I had control monitors in Lansing and EDCF so Lansed was my best option. That was over 19 months ago and I still have not been transferred. As my Reintegrative Housing 360 Day Review in May, the Seg Review Board, Deputy Warden, Warden Schnurr and Deputy Secretary of Corrections "all" recommended release upon transfer to a different facility, get here I sit. *IMPP 20-104 (H)(2). An individual "shall not" be held... longer than reasonably neces- sary to accomplish the transfer to another facility. * Federal Law "Tate vs Carlson" mandates no longer than 90

Work Assignment: _____ Living Unit Assignment: A2-129
Comment: [signature] Grissom #33728      Detail or C.H. Officer: _____

Disposition: days max. The two inmates involved in my incident were both transferred "last year." I'm aware that Covid-19 has limited the amount of transfers but they're still being conducted to date. I'm 61 years old with worsening medical issues and continued ad seg confinement especially when approved by the Deputy Secre- tary of Corrections creates an atypical and significant hardship which violates my 8th Amendment and Liberties.

To: Grissom #33728
(Name & Number)

Disposition: You are scheduled to be transferred
allowed to own gate due to the COVID Pandemic.

Date: 11/13/2020

[signature]
Employee's Signature

P-0009

10.



El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042

**Kansas**
Department of Corrections

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary

Tommy Williams, Warden

Laura Kelly, Governor

DATE:   4/18/2022

TO:   Grissom, Richard #33728
      B2-211

FROM:   T. L. Williams, Warden

SUBJECT:   Your Letter

I apologize for not getting back to you sooner. I have received your letter regarding your restrictive housing placement at HCF, then transfer to LCF and final transfer to EDCF. I do recall our recommendation to release you to the general population back in 2019.

I did not see in your file where you have had any additional disciplinary infractions since March of 2019. I will do some additional checking into your status as it relates to Long Term Restrictive Housing. I will make an appropriate decision based on the additional information I receive.

I hope that I have satisfactorily addressed your concerns.

T. L. Williams, Warden
El Dorado Correctional Facility

TW/tlw/jp:

cc:  file

**TO:** Grissom, Richard #33728

**FROM:** CMII Lewis

**Regards to:** Grievance

**Date:** 10/23/2023

This is in regards to your grievance received by the Unit team in ACH

**The following is the Unit team response.**

    I'm aware that you are still stuck in restrictive housing due to issues that developed at another facility. It was also discussed with you that you did not feel you would be successful in our general population. The issue with transferring you to Larned is that you still meet the maximum criteria. The classification process is not a grievable issue but I understand causes a significant issue. Ms. Shearburn has attempted to transfer you a couple of times.
    Your move to HO was to allow you more items due to the previous approval of increased property for the HO guys. You can be on HO longer than 15 days in policy there is just an extra step for the approvals. We know that we have a large number of guys on HO status due to not being able to release to our population.



CMII Lewis

\* returned to resident by ccl fuolan 10/27/23

12.