IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GRISSOM,

                Plaintiff,

v.                                                   CASE NO. 23-3260-JWL

JORDAN BELL, ET AL.,

                Defendants.

**MEMORANDUM AND ORDER**

Plaintiff and state prisoner Richard Grissom, who currently is housed at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court reviewed the complaint and identified certain deficiencies that leave portions of the complaint subject to dismissal. Therefore, on January 2, 2024, the Court issued a memorandum and order to show cause (MOSC) explaining that Counts II and III are subject to dismissal for failure to state a plausible claim for relief. (Doc. 4, p. 8-11.) The MOSC further noted that although Plaintiff brought his claims against the Defendants in both their individual and official capacities, it is well-established that he "'may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.'" *Id.* at 11-12. The MOSC directed Plaintiff to show cause why these portions of the complaint should not be dismissed or, in the alternative, to file a complete and proper amended complaint that cured the deficiencies. *Id.* at 12. The MOSC cautioned Plaintiff that if he "fails to timely file an amended complaint or a written response" to the MOSC, "the Court will dismiss those portions of the complaint without further notice to Plaintiff. This matter will then proceed only on Count I, without a request for money damages from Defendants in their official capacities and without a

1

request for injunctive relief against Defendants in their individual capacities." *Id.* at 13.

The MOSC granted Plaintiff "to and including February 2, 2024" to either file a written response to the MOSC or file an amended complaint. *Id.* That deadline has now passed and Plaintiff has filed neither, although he has sought and received extensions of time in which to pay his initial partial filing fee. (*See* Docs. 5-8.) Accordingly, the Court will dismiss Counts II and III of this matter without prejudice, which means that Defendants Meyer and the classification administrator at Lansing Correctional Facility, who are not implicated in the actions underlying Count I, will be dismissed as Defendants in this matter. In addition, the Court will dismiss Plaintiff's requests for money damages from the remaining Defendants in their official capacities and his requests for injunctive relief against them in their official capacities. With respect to Count I and Defendants Bell, Schnurr, and Hrabe, the Court concludes that a responsive pleading is necessary and this case may proceed to service. A separate e-service order will be issued. That order will set deadlines for the responsive pleading.

**IT IS THEREFORE ORDERED** that Counts II and III of this action are **dismissed without prejudice** for failure to state a plausible claim on which relief could be granted. Thus, Defendants Meyer and the unnamed classification administrator at Lansing Correctional Facility are **dismissed** as Defendants. The sole remaining Count is Count I and this case may proceed to service on the remaining three Defendants, Jordan Bell, Daniel Schnurr, and Joel Hrabe. A separate e-service order will be entered.

**IT IS SO ORDERED.**

DATED: This 9th day of February, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge