IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD GRISSOM, </br></br> Plaintiff, </br></br> v. </br></br> JORDAN BELL, *et al.*, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) Case No. 23-3260-HLT-ADM </br> ) </br> ) </br> ) </br> ) </br> ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants Jordan Bell, Joel Hrabe, and Daniel Schnurr ("Defendants"), respectfully request, through Assistant Attorney General Matthew L. Shoger, that this Court dismiss Plaintiff's remaining claims against them under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants state the following in support.

## NATURE OF THE CASE

Plaintiff Richard Grissom alleges that on June 2, 2021 – while he was incarcerated in the custody of the Kansas Department of Corrections (KDOC) – Defendants retaliated against him for previously suing two of them by transferring him, allegedly violating his First Amendment rights and an unspecified "liberty interest." (Doc. 1 at 5, 8.) Specifically, Grissom alleges he was transferred from restrictive housing at Hutchinson Correctional Facility (HCF) to long-term restrictive housing[1] at Lansing Correctional Facility (LCF) on that date. (Doc. 1 at 4-5, 8.) Grissom designates this as Count I in his Complaint. (Doc. 1 at 8.)

---

[1] "Restrictive housing" and "segregation" are interchangeable terms. *See, e.g., Grissom v. Bell*, No. 20-3163-JWB, 2022 WL 4534620, at *1 (D. Kan. Sept. 28, 2022).

Grissom filed his Complaint in this current lawsuit on December 28, 2023. (Doc. 1.) He seeks punitive damages, compensatory damages, and an injunction requiring Defendants to move him to "[a] lower custody classification level." (Doc. 1 at 10.)

On February 9, 2024, during screening under the Prison Litigation Reform Act (PLRA), the Court dismissed two other counts brought by Grissom. (Doc. 9 at 2.) The Court dismissed Count II, which alleged a second allegedly retaliatory transfer in March 2022 to El Dorado Correctional Facility (EDCF) by different defendants. (Doc. 9 at 2; Doc. 1 at 8.) The Court also dismissed Count III, which alleged an equal protection violation. (Doc. 9 at 2; Doc. 1 at 8.) Additionally, the Court dismissed Grissom's claims for money damages against the remaining Defendants in their official capacities and his claims for injunctive relief against them in their individual capacities. (Doc. 9 at 1-2.) So "[t]he sole remaining Count is Count I" (Doc. 9 at 2) "without a request for money damages from Defendants in their official capacities and without a request for injunctive relief against Defendants in their individual capacities" (Doc. 9 at 1-2).

Grissom's remaining claims for injunctive relief should be dismissed for lack of subject-matter jurisdiction due to lack of constitutional standing because Grissom fails to plausibly allege both an ongoing injury and redressability. The remainder of Grissom's claims should be dismissed for failure to state a claim because they are barred by the applicable two-year statute of limitations. Alternatively, Defendants are entitled to dismissal of Grissom's "liberty interest" claim and his request for "[a] lower custody classification level" because Grissom has not shown a "liberty interest" in his custody classification, and Defendants are entitled to dismissal of Grissom's claims for compensatory damages when he has not pled specific facts to plausibly allege a physical injury as required under the PLRA.

## QUESTIONS PRESENTED

I. Does Grissom lack constitutional standing to pursue his requested injunctive relief when he does not allege an ongoing injury and when none of the Defendants have authority to perform the requested injunction?

II. Are Defendants entitled to dismissal of Grissom's claims when they are untimely and barred by the applicable two-year statute of limitations?

III. Are Defendants are entitled to dismissal of Grissom's "liberty interest" claim and his request for a "[a] lower custody classification level" when Grissom has not shown a "liberty interest" in his custody classification?

IV. Are Defendants entitled to dismissal of Grissom's claims for compensatory damages when Grissom cannot show physical injury as required by the Prison Litigation Reform Act?

## ARGUMENTS AND AUTHORITIES

### *Standard on Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Grissom, as the party invoking the Court's jurisdiction, bears the burden of showing its existence. *Id*. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018). A federal court must generally "satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) can take the form of either a facial attack, looking only to the factual allegations of the complaint, or a factual attack, presenting evidence to challenge the court's jurisdiction. *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010). For a facial attack, the same standards apply to the motion as are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action. *Id.*; *see also Garling v. EPA*, 849 F.3d 1289, 1293 & n.3 (10th Cir. 2017) ("the trial court must apply a standard patterned on Rule 12(b)(6)"). To the extent a factual attack is made, the Court is not required to assume the truth of the complaint's factual allegations for purposes of resolving the jurisdictional issue, but "may consider materials outside the complaint to resolve disputed jurisdictional facts." *Williams v. United States*, 780 F. App'x 657, 660 (10th Cir. 2019); *see also Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (saying that resolving disputed jurisdictional facts only converts the motion to a summary judgment motion if "resolution of the jurisdictional question is intertwined with the merits").

### *Standard on Motion to Dismiss for Failure to State a Claim*

On a Rule 12(b)(6) motion to dismiss – or a facial attack under 12(b)(1), as mentioned above – a court must accept as true all well-pleaded factual allegations in the complaint, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), but a complaint must also contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Brownback v. King*, 592 U.S. 209, 217 (2021) ("a plaintiff must plausibly allege all jurisdictional elements"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Garling*, 849 F.3d at 1293 & n.3 (applying *Twombly* and *Iqbal* to a facial attack on subject-matter jurisdiction under Rule 12(b)(1)).

The court need not accept as true those allegations that state only legal conclusions. *Iqbal*, 556 U.S. at 678. Under this standard, a plaintiff's claim must cross the line from "conceivable to plausible," and "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Although the sufficiency of a complaint generally rests on its contents alone, the court may also consider: (1) documents that the complaint incorporates by reference, (2) documents that the complaint references if they are central to the plaintiff's claims, and (3) matters of which a court may take judicial notice, which includes court records in any related court proceedings. *Gee v. Pacheco*, 627 F.3d 1178, 1186, 1191 (10th Cir. 2010). At the motion to dismiss stage, documents of which the court takes judicial notice "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Although courts have traditionally construed *pro se* pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Similarly, courts do not assume the role of an advocate for the *pro se* litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A *pro se* litigant is expected to construct his or her own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.* at 840-41.

I. **Grissom fails to establish constitutional standing due to lack of an ongoing injury and lack of redressability.**

To establish federal subject-matter jurisdiction, plaintiffs must show that they have standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The "irreducible constitutional minimum of standing" contains a triad of requirements: injury in fact, causation, and redressability. *Id*. at 102-03. This triad "constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103-04. And "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). For example, a party may lack standing to bring an injunction even when the party has standing to bring claims for other kinds of relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

    A. **Lack of injury in fact**

"The 'injury in fact' requirement differs depending on whether the plaintiff seeks prospective or retrospective relief." *Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014). To recover damages, a form of retrospective relief, it suffices to demonstrate a past harm that is concrete and particularized. *Tandy v. City of Wichita*, 380 F.3d 1277, 1284 (10th Cir. 2004) (citing *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 210-11 (1995)); *see also id.* at 1290 n.16 (treating damages as a form of retrospective relief). But "[w]hen prospective relief—such as an injunction—is sought, the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Colo. Cross-Disability*, 765 F.3d at 1211; *see also Lyons*, 461 U.S. at 101-02, 107 n.8, 109.

Here, Grissom alleges only a past injury, a particular transfer that occurred on a particular date. So Grissom does not have standing to request injunctive relief.

### B. Lack of redressability

For the third prong of the standing inquiry, redressability, the relief sought must serve to either reimburse the plaintiff for losses or to eliminate lingering effects of losses. *See Steel Co.*, 523 U.S. at 105-06. "Relief that does not remedy the injury suffered" does not count. *Id.* at 107.

Here, Grissom requests injunctive relief requiring Defendants to grant him "[a] lower custody classification level." (Doc. 1 at 10.) But Grissom has not plausibly alleged that any of the Defendants have any control over his custody classification level, whether at the time of the filing of the Complaint or any time thereafter. Grissom has also not alleged any facts from which such an inference could be drawn. Grissom alleges that Defendants Jordan Bell and Daniel Schnurr are the Classification Administrator and the Warden, respectively, for HCF. (Doc. 1 at 2.) But Grissom is no longer housed at HCF. (Doc. 1 at 1 (Grissom resides at EDCF).) Grissom asserts that Bell "was the Classification Administrator and is responsible for transfers and the inmates well being *at Hutchinson Correctional Facility*." (Doc. 1 at 2 (emphasis added).) Grissom asserts that Schnurr "was the Warden responsible for the operation of the facility, supervisor over staff and responsible for the welfare of all inmates *at Hutchinson Correctional Facility*." (Doc. 1 at 2 (emphasis added).) Grissom does not allege that Bell or Schnurr have – or have ever had – any authority over custody classification for inmates at EDCF.

Grissom asserts that Defendant Joel Hrabe "*was* the Deputy Secretary of Corrections – Facility Management" and was "responsible for placement and release of inmates in Restrictive Housing Units . . . and for the welfare of all inmates in Kansas Department of Corrections." (Doc. 1 at 2 (emphasis added).) But the Court can take judicial notice under Federal Rule of Evidence 201(b) that since at least October 30, 2023, Defendant Hrabe has not been the Deputy Secretary of Facility Management. *See* Kan. Dep't of Corr., *Facility Management* (last updated Oct. 30, 2023), https://www.doc.ks.gov/facilities/facilities-management (stating Gloria Geither is

7

the current Deputy Secretary of Facility Management); Kan. Dep't of Corr., *Contacts* (last updated Jan. 16, 2024), https://www.doc.ks.gov/contacts (same).[2] These webpages are also attached as Exhibit A.

Defendants do not currently control or oversee Grissom's custody level, and this was also true at the time of the filing of the Complaint in December 2023.[3] Accordingly, Defendants cannot (and could not) perform any of the injunctive relief requested. Therefore, an injunction requiring Defendants to lower Grissom's custody level would be pointless, impossible to fulfill, and would not actually redress any alleged injuries. *See United States v. Rylander*, 460 U.S. 752, 757 (1983) ("the court . . . will not be blind to evidence that compliance [with a court order] is . . . factually impossible"). Therefore, Grissom lacks constitutional standing to request such an injunction against Defendants because it fails the redressability prong of the standing inquiry.

C. **Alternatively, Grissom's claims for injunctive relief are moot.**

In the alternative, Grissom's requested injunctive relief is moot due to lack of an ongoing injury and lack of redressability. *See Arizonans for Off. Eng. v. Arizona,* 520 U.S. 43, 67 (1997) ("an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed"); *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009) (saying that "a declaratory or injunctive action" becomes moot, depriving the court of subject-matter jurisdiction, when the plaintiff can no longer "demonstrate a good chance of being

---

[2] *See also Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (saying a federal court can take judicial notice of "facts which are a matter of public record"); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (saying a court may consider "matters of which a court may take judicial notice" without converting a Rule 12 motion to a summary judgment motion).
[3] *See Rio Grande Foundation v. Oliver*, 57 F.4th 1147, 1161 (10th Cir. 2023) (citing *Friends of the Earth*, 528 U.S. at 180) ("standing is evaluated as of the time a case is filed"). The Complaint in this case was filed December 28, 2023. (Doc. 1.)

likewise injured by the defendant in the future"); *Jordan v. Sosa,* 654 F.3d 1012, 1028 n.17 (10th Cir. 2011) (stating "where a prisoner is no longer housed at the penal institution having the conditions of confinement that form the basis of his suit, declaratory relief—as well as injunctive relief—is ordinarily not available").

Therefore, Grissom's claims for injunctive relief should be dismissed for lack of subject-matter jurisdiction due to lack of standing or, alternatively, due to mootness.

## II. **Defendants are entitled to dismissal of Grissom's claims because they are untimely and barred by the applicable statute of limitations.**

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished." *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). The plaintiff then "has the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1041 n.4.

### A. Grissom's § 1983 claims are untimely under the applicable two-year statute of limitations.

For § 1983 claims, the forum state's statute of limitations for personal injury actions applies. *Jenkins v. Chance*, 762 F. App'x 450, 454 (10th Cir. 2019) (citing *Owens v. Okure*, 488 U.S. 235, 240-41 (1989)). If the forum state has multiple statutes of limitations for personal injury actions, the general or residual statute of limitations for personal injury actions applies. *Id.* (citing *Owens*, 488 U.S. at 249-50). In Kansas, the two-year statute of limitations under K.S.A. 60-513(a)(4) applies to § 1983 claims. *M.A.C. v. Gildner*, 853 F. App'x 207, 209 (10th Cir. 2021) (citing *Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984) (en banc)). Accrual of the federal action – and thus when the limitations period begins to run – is controlled

by federal law. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Accrual occurs upon knowledge (or constructive knowledge) of the injury. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

Here, Grissom brings § 1983 claims, so the two-year statute of limitations from K.S.A. 60-513(a)(4) applies. Grissom would have had knowledge or constructive knowledge of his injuries as of the date he was transferred, June 2, 2021. (Doc. 1 at 5, 8.) So the latest the § 1983 claims would have accrued is June 2, 2021. Over two years passed before Grissom filed his Complaint on December 28, 2023. (Doc. 1) Therefore, unless the statute of limitations was sufficiently tolled, Grissom's § 1983 claims are barred by the applicable two-year statute of limitations.

### B. Grissom has not alleged a valid basis to toll sufficiently the statute of limitations.

Grissom has not asserted any basis for tolling the statute of limitations, so his claims are time-barred and should be dismissed. Defendants note that tolling due to the COVID-19 pandemic does not apply. The Kansas Supreme Court issued administrative orders during the COVID-19 pandemic under authority granted by K.S.A. 20-172 that tolled limitations periods and statutory deadlines between March 19, 2020 and April 15, 2021. *Centrinex, LLC v. Darkstar Group, LTC*, No. 12-2300-EFM, 2022 WL 16833759, at *4 (D. Kan. Nov. 9, 2022). As stated above, the latest date Grissom's remaining claims would have accrued is June 2, 2021, which was after the statutes of limitations were no longer suspended. Therefore, Grissom's claims are untimely and barred by the applicable statute of limitations, so they should be dismissed for failure to state a claim.

**III.     Alternatively, Defendants are entitled to dismissal of Grissom's "liberty interest" claim and his request for "[a] lower custody classification level" because Grissom has not shown a "liberty interest" in his custody classification.**

Generally, an inmate "has no liberty interest in any particular classification, or assignment to a particular prison facility." *See Jackson v. Ward*, 159 F. App'x 39, 41 (10th Cir. 2005) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). Accordingly, an inmate "does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility." *Cox v. Zmuda*, No. 22-3154-SAC, 2022 WL 3646255, at *4 (D. Kan. Aug. 24 2022); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976). Here, Grissom asserts that the allegedly retaliatory transfer by Defendants infringed a "liberty interest" (Doc. 1 at 8), but he has not specified what that liberty interest was or any legal basis for saying it both exists here and was infringed. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (saying a *pro se* litigant bears the responsibility to construct his or her own arguments or theories). Grissom also attempts to dictate his custody classification level (Doc. 1 at 10 (requesting an injunction ordering "[a] lower custody classification level")), which he does not have a constitutional right to do. *See Cox*, 2022 WL 3646255, at *4. Therefore, Grissom's "liberty interest" claim and his claims for injunctive relief should be dismissed for failure to state a claim.

**IV.     Alternatively, Grissom is not entitled to compensatory damages under the PLRA when he cannot show physical injury.**

Under the Prison Litigation Reform Act (PLRA), Grissom cannot receive damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Prison Litigation Reform Act, 42 U.S.C. § 1997e(e); *see also Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (upholding this limitation on damages in the face of a constitutional challenge). Here, Grissom vaguely alleges that his "medical

11

condition" worsened. (Doc. 1 at 5; *see also* Doc. 1 at 4 (citing Doc. 1-4).) But this does not provide enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As an initial matter, not all worsening medical conditions constitute physical injuries for purposes of § 1997e. *See Brown v. Saline Cnty. Jail*, 303 F. App'x 678, 684-85 (10th Cir. 2008) (holding that depression is not a physical injury for purposes of § 1997e). Even if all worsening medical conditions did constitute a physical injury, simply stating the equivalent of "I was physically injured" would be a conclusory allegation lacking enough facts to plausibly state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (saying a court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). Grissom has not plausibly alleged a physical injury or the commission of a sexual act, so he cannot receive damages for mental or emotional injury in this case. Therefore, Grissom's claims for compensatory damages should be dismissed for failure to state a claim. *See Searles*, 251 F.3d at 876.

## CONCLUSION

For these reasons, Defendants request that the Court dismiss Grissom's remaining claims against them for lack of subject-matter jurisdiction and for failure to state a claim.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

12

## CERTIFICATE OF SERVICE

       I hereby certify that on this 7th day of May, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy also served by means of first-class mail, postage prepaid, addressed to:

Richard Grissom #33728
El Dorado Correctional Facility
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

                                          */s/ Matthew L. Shoger*
                                          Matthew L. Shoger
                                          Assistant Attorney General