U.S. District Court
District of Kansas

Richard Grissom,
Plaintiff

v.

Jordan Bell, et al.,
Defendants

Case No. 23-CV-3260-HLT/ADM
Plaintiff's Verified Motion For Leave From The Court To File A FAC Because Justice So Requires.

Now Before The Court comes Richard Grissom, pro se, respectfully motioning the Court as styled above & pursuant to FR Civ P Rule 15(a)(2) & further presents pursuant to 28 USC ss 1746, & declares under the penalty of perjury (18 USC ss 1621) that the following is accurate & reliable, & presented in good faith as follows:

1.) Previously, the Hon. Judge Lungstrum directed Plaintiff to show cause (Doc #4) why certain portions of his complaint (Doc #1) should not be dismissed & identified deficiencies in issue. And he gave an alternative option allowing Plaintiff to file a complete & proper FAC that cures the identified deficiencies, & allotted 30 days to comply by 2-2-24. The Court further declared that if he failed to do so, those identified portions will be dismissed & the case proceeding only on the remaining grounds for relief asserted.

2.) On 2-9-24, the Hon. Judge Lungstrum issued an Order recognizing his deadline of 2-2-24 (Doc #4) had passed & that Plaintiff failed to file any written response to the MOSC & failed to file his FAC, & he neither sought nor received an extension of time & remarked he had sought & received a time extension to pay filing fees (see Doc.s # 5-8);

And because of these failures, the Court summarily dismissed Counts II & III in this suit, "without prejudice" (which Judge Lungstrum said meant that Defendants Meyer & LCF Classif. Administrator (since identified as Dani Wagner) who were not implicated implicated in Count I.

Judge Lungstrum's 2-9-24 Order (Doc. #9) further ordered that he was also dismissing Plaintiff's requests for money damages from the remaining defendants (Bell, Schnurr, & Hrabe) sued in their official capacities [suit for money damages against them in their individual capacities rightfully remain] & the Court also denied his requests for injunctive relief sought against them in their official capacities.

3.) Judge Lungstrum's 2-9-24 Order (Doc. #9) concluded that a responsive pleading was necessary from defendants Bell, Schnurr, & Hrabe; & dismissed Counts II & III w/out prejudice for failure to state a plausible claim on which relief could be granted.

4.) Plaintiff respectfully declares that the Hon. Judge Teeter (appt'd simultaneously on 2-9-24/Doc.#11) & opposing counsel, are fully aware—

1 of

that they are contending with a novice prisoner litigant who is in fact handicapped a dozen ways w/ insurmountable obstacles, but is now assisted by a far more savvy fellow prisoner litigant.

Opposing counsel counsel is deviously moving for relief that he knows he is not entitled to & its an entrenched corrupt practice by state attys. & it is utterly preposterous for a state atty. attempting to prevent a state prisoner from having his actionable claims & injuries of constitutional dimension & in violation of state & federal criminal laws heard in Court fully & fairly.

5.) This Court should freely grant leave to file his FAC & stay his reply to the Motion to Dismiss as it will be made moot therefrom. Accord Foman v. Davis, 83 S. Ct. 227 (1962); Williams v. Cargill, Inc., 159 F.Supp.2d 984, 997-98 (S.D. Ohio 2001).

6.) In almost every prisoner civil rights lawsuit, the state's defendants & their counsel know that the pro se prisoner will only be able to rebut evidence w/his own lay testimony & whatever evidence they provide in discovery — & in this case, the Court unfortunately won't allow his utilizing discovery tools (Requests for Admissions, Production of Documents, Interrogatories...)

As in this case & countless other prisoner litigated cases to have been presided over by Judge Teeter, it is an approach that's all-too-common for attys. litigating against prisoners, filing motions to dismiss &/or for summary Judgment knowing the court will grant it w/out much thought & opposing counsel's motion is more of the same nonsense... & sanctions are appropriate.

Nonetheless, Plaintiff is confident that if the Court will freely grant him leave to file his FAC, there will be a paradigm shift & the proper defendants all fully named & shown to have contemptuously subjected him to excessively prolonged, atypical & significant hardships that affected his physical & psychological well-being, & countless unconscionable indignities & in sum & substance, the continuing constitutional Tort doctrine uniquely applies. Accord Levier v. State, 497 P.2d 265, Syl. 2 (Kan. 1972) declaring KDOC prisoners constitutional rights include entitlements to freedom from all physical & psychological abuse & unnecessary indignity. The facts & evidence at bar meet these actionable thresholds & exceed the elements necessary for a federal criminal prosecution per 18 USC §§ 241 & 242; see also KSA 21-5416/KSA 21-5105; see also Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998): Prison officials are liable when they know of & disregard excessive risks to prisoners health & safety; unnecessary & wanton infliction of pain (incessant lying...) constitutes cruel & unusual punishment forbidden by 8th Amendment & evolving stds. of decency.

7.) That if the Court agrees the interests of justice are best served granting leave to file his FAC w/in 30 days/no later than 8/1/24, accord also FRCivP Rule 1, & that it is proper to issue a 30 day stay or time extension, Plaintiff will file both his FAC & his Reply in Opposition to opposing counsel's Motion to Dismiss.

2 of

Wherefo, Plaintiff so moves, in good faith.

Executed on 7-11-24

Respectfully Submitted

S/ *[signature]*

Richard Grissom - Pro Se

## Certificate of Service

I, Richard Grissom, herewith certify efiling the foregoing to the Clerk's Ofc., at 444 SE Quincy, Topeka, KS, 66683; & simultaneously to opposing counsel Matthew Lee Shoger, at 120 SW Tenth, 2nd Floor, Topeka, KS 66612, on this 11th day of July 2024.

S/ *[signature]*

Richard Grissom
#33728, EDCF, P.O. Box 311
El Dorado, KS 67042