U.S. District Court
District of Kansas

Richard Grissom,
Plaintiff

v.

Jordan Bell, et al.,
Defendants

Case No. 23-CV-3260-HLT/ADM

Plaintiff's Verified Response To Defendant's Perfunctory Motion To Dismiss & Request For Sanctions Hearing w/ Supporting Arguments & Memorandum of Authorities

Now Before The Court comes the pro se Plaintiff Richard Grissom as styled above & he humbly responds & rebuts the defendants' perfunctory motion to dismiss, & presents pursuant to 28 USC §§ 1746 that the following is true & correct, & is declared under penalty of perjury, & states per Local Rule 7.6(a)&(b).

I. Preliminary Statement.

Plaintiff is presently a 63 yr. old state prisoner who has been incarcerated in the KDOC for 36 yrs. pursuant to a wrongful conviction case orchestrated by a recently unmasked apex predator who has always deemed himself above the rules of law & protected by his corrupt confederettes holding the reins of power, despite resigning in odious disgrace as KS Atty. General — Paul Morrison. And while incarcerated, he has been repeatedly targeted by corrupt & pompous prison officials abusing their authority against him & have subjected him to nearly 3 decades of blatantly unlawful & severely punitive "admin. seg." that has, as perversely intended, dramatically affected his physical & psychological health & suffered unconscienable indignities ad infinitum — which to date, the State & federal Courts & officials have failed to remedy. These truths as regards the actionable 1st, 4th, 8th & 14th Amendment retaliations & intentional abuses of authority at bar, exceed the elements of state (KSA 21-5416 et seq./21-5105) & federal criminal (18 USC §§ 241, 242, 371) law violations & is deemed to be "the norm" by the entrenched culture of arrogant sadism actively practiced by prison officials thru-out the KDOC & insideously defended by their "officers of the Courts" defenders & arbitrarily ignored by courts.

Defense counsel's motion to dismiss in this case glaringly mirrors the actionable frauds by prison attys. in Littler v. Martinez, 2020 U.S. Dist. Lexis 1850 (S.D.Ind.) & it remains to be seen whether the current Chief Judge Teeter presiding over this case will measure up to the laudable stature of Chief Judge Jane Magnus-Stinson...

On 2-9-24, Judge Lungstrum issued an order (Doc. #9) dismissing Counts II & III w/out prejudice & correctly dismissed Plaintiff's claims for money damages in official capacities & injunctive relief erroneously sought in officials' individual capacities.

On 5-7-24, Asst. AIg Shoger filed a perfunctory motion to →

1 of 12

dismiss per F.R.Civ.P. 12(b)(1) / preposterously claiming defense of a "lack of subject matter jurisdiction", & also per F.R.Civ.P. 12(b)(6) he preposterously claimed the defense of "failure to state a claim upon which relief can be granted". Shameful & shameless.

As succinctly seen hereinafter below, these defenses are wholly w/out merit & this Mr. Shoger deserves sanctions serious enough to send loud messages to the KS legal community that a new day has begun & such rote nonsenses intended to decieve the Court will no longer be tolerated. Accord Littler & call to mind the fact that such deviations from the integrity demanded of officers of the Court representing State agencies & state officials can & will be subjected to atty. disciplinary proceedings like Terra Moorehead, Jacque Spradling, Phill Kline, ad infinitim (except Paul Morrison, so far anyway) & it appears opposing counsel is "walking in their shoes".

II. Nature of the Case & Legal Arguments

Opposing counsel's grasp of the salient facts at bar is critically dubious at best, & entirely inaccurate & wholly unreliable. Note:

(1) Plaintiff, in sum & substance, is the victim of an odiously foul & actionable "conspiracy" that did evolve into a series of actionable constitutional (& invoking supplemental jurisdiction under 28 USC §§1367) & criminal abuses under state & federal laws.

(2) On 3-15-19, Plaintiff was egregiously removed from gen. pop. status at HCF & placed in HCF's RHU (restrictive housing unit) for simply defending himself in an unprovoked altercation w/ two imbecilic I/M gang-bangers who had cowardly stolen his personal property while he was away from his cell having breakfast in the "chowhall".

Plaintiff was thereafter told by CC1 Benford that because of these targeted events, he had to be transferred & his only options were to 2 prisons, being Larned or LCF, & because there was a "central monitor" flag w/ an I/M at LCF, his only option was going to Larned.

3.) Over the next (5) five years, prison officials diabolically & by virtue of their rabidly evil characters, lied over & over to Plaintiff that he was going to be released back into gen. pop. status as required by KDOC policies (IMPP 20-104 / I.(14)(2); IMPP 01-000D / I. thru VI.; EDCF g.o. #14-106 / II, A. 2. & 3., & B.), & did so w/ criminal intents to & did, subject Plaintiff to severe psychological abuses & unnecessary indignities that dramatically affected his physical & mental health & knowingly perpetrated in violation of state criminal laws (see KSA 21-5202, 21-5210, 21-5302, 21-5411, 21-5416, 21-5905, 21-5909, 21-5919, 21-6002, 21-6102; all of which KSA 21-5105 guarantees that "civil remedies are preserved" for victims like this Plaintiff to pursue remedies per 42 USC §§ 1981, 1983, 1985(3), 1986, 1988, & KSA 75-6101 et seq.) & in violation of federal criminal laws (18 USC §§ 241, 242, 371).

And for over 5 yrs., prison officials unlawfully retaliated against Plaintiff in violation of his 1st, 4th, 8th, & 14th Amendment rights, for seeking-

administrative remedies, & federal court remedies, & maliciously kept him in segregation — under unlawfully punitive conditions & repeated sham monthly "reviews" & subjected to retaliatory "diesel therapy" prison transfers between seg. units at HCF, LCF, & EDCF. And these unconstitutional & criminally targeted retaliations were never imposed on the 2 HCF "gang-bangers" buffoons who assininely thunk they could ever steal Plaintiff's property under any circumstances, much less able to subjugate Plaintiff in a physical confrontation.

4.) What Plaintiff was unconstitutionally & criminally subjected to for over 5 yrs. was plainly an "atypical & significant hardship" by any rational measure, & fundamentally rarely revealed outside the KDOC.

5.) Opposing counsel correctly recognized at least, that this lawsuit was indeed filed in this Court (Doc.#1) on 12-28-23, yet corruptly omits the insidious abuses suffered would make a weak minded person like counsel go "stark-raving mad" & probably suicidal had he suffered such. Plaintiff has in fact been severely traumatized & he is renowned in the KDOC "realm" as a strong-willed man w/serious values of right & wrong... & the presiding Judge Teeter's sensibilities should be in fact righteously offended by prison officials arrogantly malicious & dispicable abuses of authority of constitutional dimension for over 5 yrs. & which plainly violates both state & federal criminal laws, & it will be a compounded horrible injustice if Judge Teeter fails to excoriate opposing counsel for stupendously violating his legal, moral, & ethical obligations as an officer of the Court & decietfully asking this Court to deprive Plaintiff of legal remedies for his actionable injuries & knowing his preposterous "reasons" were frauds on the Court (see Weese v. Shukman, 98 F.3d 542, 552-53 (10th Cir. 1996); & like in Littler, supra, serious sanctions must issue. Opposing counsel's frauds & misrepresentations is legal malpractice & moral/ethical failures.

6.) Several facts at hand plainly demonstrate Plaintiff is obviously a novice litigant & unable to distinguish money damages for actionable constitutional injuries are as a matter of well-established law, unavailable for "official capacity" claims & now knows such money damages are only available for "individual capacity" claims & that amatuer mistake will never be repeated, & he also is now acutely cognizant of well-established law that injunctive relief claims are unavailing as "individual capacity" relief. And these errors are easily rectified w/the Court "freely granting leave" per F.R.Civ.P. 15(a)(2) to file his FAC, because the facts & circumstances are so viotile that truth & justice requires it.

7.) Addressing opposing counsel's opening paragraph, decietfully requesting the Court to dismiss under F.R.Civ.P. 12(b)(1) claiming the Court "lacks subject matter jurisdiction" over his actionable facts & evidences is resoundingly refuted by the fact that "this Court absolutely has subject matter jurisdiction over his actionable claims—

of violations of his federal constitutional rights, which he reiterates that the facts & evidences at bar demonstrate multiple violations of not only his 1st Amendment rights, but also his 4th, 8th, & 14th Amendment rights conspiratorily violated w/ criminal intents & gives rise to the "continuing constitutional torts doctrine" having full application to what's before the Court & why a FAC must ensue, & 42 USC §§ 1331(1) & 1343 aptly clarifies the Court's actionable jurisdiction exists to do whatever law, equity, & justice requires, & furtherstill, let noone mistake the fact that this Court also in fact has supplemental jurisdiction over Plaintiff's state law tort claims under 28 USC § 1367, & KSA 75-6101 et seq. / KSA 21-5105, which he neglected to cite in his Complaint & cures here & more so in his FAC.

8.) Opposing counsel's second deceitful malpractice count & fraud on this Court compelling severe sanctions for preposterously asking the Court to do a judicial act that he fully knows they're not entitled to on any level, & is an all too common vile practice against pro se prisoner litigants & assininely posits that Plaintiff's facts/evidences & constitutional/criminal law violations upon him "fails to state a claim upon which relief can be granted". That's infuriatingly absurd.

For starters, shouldn't this Court call for opposing counsel to give up his license to practice law in the face of this shocking idiocy? So too, shouldn't this Court convene an immediate hearing w/ an Order for A/G Kobach to appear... & the KS Atty. Disciplinary Administrator to appear... & let's discern how prevalent are these deceitful malpractices/frauds on the Court when pro se prisoner litigants are involved? At what point will the KS Fed. Cts. Judges act?

The litany of federal court rulings that favorably declares such concrete facts & evidences Plaintiff has provided as causing his actionable constitutional injuries, & capable of repeating at any moment, because of the defendants & their proxies arrogant perversities, is stunningly "lawyer 101 commonsense". Let's take a look-see for the record on "stating claims relief is granted upon":

(a) re: retaliation transfers for exercising 1st Amendment rights:
(i) Penrod v. Zavaras, 94 F.3d 1399 (10th Cir. 1996) (reversing sum. judgment to defendants on claims officials transferred Plaintiff to seg. in retaliation for suit against prison officials) (see cases cited therein too).
(ii) Siggers-El v. Barlow, 433 F.Supp.2d 811 (E.D. Mich. 2006) (over $310K in damages & atty. fees award by jury & upheld, against a single corrupt prison official for mental/emotional damages suffered as a result of that official's violation of his 1st Amendment rights flaggrantly violated by way of a retaliatory transfer, & the cases cited therein too.

9.) This Plaintiff was repeatedly recommended for release to gen. pop. status, & transfer to Larned Corr. Facility — verbally & in writing — & promised such per his "holdover status" (IMPP 20-104/I.B.14(2), see Exhibit A attached) for over 5 yrs., & what is here before this — (see Exhibit C attached)

Court is one of those situations where a Judge's good conscience & legal acumen — sworn oath to defend & uphold <u>our</u> Constitutional rights & laws of the U.S., must be outraged & provoked into real immediate interventions. Accord & note the state rulings mirror fed. ct. rulings:

(a) <u>State v. Sexton</u>, 232 Kan. 539 (1983), declaring "It is for this Court & all of Court's to uphold the law & to protect the citizens of this state no matter who they might be" — this Court must adopt & enforce the same logic & legal obligations w/out fear or favor.

(b) <u>In re Sortor</u>, 220 Kan. 177 (1976), declaring "We cannot countenance the handling of cases in any Court, in such a manner as to preclude to the litigants a fair opportunity to be heard"..., & no doubt, there is a plethora of federal courts who declared these values as well.

(c) <u>Dye v. KS S.Ct.</u>, 48 F.3d 487, 491 (10th Cir. 1995) speaks to the duties of our courts to prevent injustice & vigorously act on it to preserve the integrity of the judicial processes". As applied to opposing counsel's Motion to Dismiss per FRCiv.P. 12(b)(1) & (12), he's corruptly asking the Court to perversely grant a legal remedy for which there is plainly no basis, & he knows it, & he impugns the integrity of the judicial processes & must be severely punished for his intential misonduct. Plaintiff ventures to say, opposing counsel wouldn't pursue such frauds if experienced counsel was representing Plaintiff. His actions are perverse & he disrespects, the the Court's personal integrity. Why wouldn't the Court be seriously offended & hold him accountable?

10.) The legal standard test to be applied in a Motion to dismiss holds that the presiding Judge is supposed to <u>only</u> look at the Complaint & ask:
- Could the Plaintiff win a judgment in his favor if he can prove in Court the facts & evidences he claims in his Complaint (& forthcoming FAC) violates his 1st Amendment rights not to be retaliated against for pursuing redress for his actionable grievances; & does that unconstitutional malicious retaliation consisting of incessent lies & unlawful segregation under punitive conditions & multiple transfers between the segregation units at HCF, LCF, & EDCF, violate his 4th Amendment rights even in the prison enviroment context not to have his person unlawfully seized in segregation for over 5 yrs. & subjected to sham reviews & in every sense & degree constituted cruel & unusual punishments & inflicted irreparable psychological distresses that in truth, dramatically affected his physical & psychological health, & subjected him to <u>countless</u> unnecessary indignities in violation of his 8th Amendment rights, & as seen hereinafter, in sum & substance these facts & evidences at bar under Count One, have unconscienably denied his 14th Amendment rights to due process & the equal protections of the law — by virtue of the fact that established law (State & Federal) as well as prison policies creating due process liberty interest entitlements? The answer must obviously be a—

thunderous "Yes, the Plaintiff absolutely can win..."

That said, the complaint before the Court is verified under penalty of perjury pursuant to 28 USC §§ 1746, see Doc.#1 at 6, & is thus rock solid "evidence" as a matter of established law.

11.) When considering the defendant's motion to dismiss, the Judge must as a matter of established law assume every fact stated in his complaint is true & ask: if all those facts are true, is it plausible that the defendants violated plaintiff's rights? You betcha!

Established law declares that if any combination of the facts in Plaintiff's complaint might qualify him for any form of court action under §§ 1983, then the Judge is legally required to deny defendants motion to dismiss & let's not lose sight of the fact the Court also has a legal duty to treat unrepresented parties more leniently than represented parties.

All factual allegations of the complaint are fundamentally accepted as true & all reasonable inferences must be drawn in favor of the nonmoving party. See for example Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987) & Boag v. MacDougall, 454 U.S. 364, 365 1982 re: SCOTUS instructions that federal courts are to liberally construe inartful pro se litigants pleadings, & emphasize that the rule of liberal construction is "particularly important in civil rights cases"/see Ferdik, 963 F.2d 1258, 1261 (9th Cir. 1992).

12.) Plaintiff humbly asserts that it's not string theory physics to be able to discern that over 5 yrs. of excessive unlawful segregation confinement under punitive conditions & insidious lying over & over & over that he was recommended for release back to gen. pop. & no legit penological reason to incessantly lie/subject him to such "in your face psychological abuses" is cruel & unusual punishment under the 8th Amendment, & violates his 1st Amendment rights when such deviantly malicious perversities are arrogantly committed in retaliation for his grievances... or that IMPP 20-104/ subsection I.B.14.(a)(2) (see Exhibit A attached) aptly creates a due process liberty interest entitlement by virtue of stating:

"An individual shall not be held on holdover status
for a period longer than reasonably necessary
to accomplish the transfer to another facility"

Plaintiff is overwhelmingly entitled to discovery (& appt. of experienced atty. to effectively utilize discovery tools) because the incessant lies as mirrored by Exhibit C stated 10 months after being victimized by events that began on 3-15-19, & repeated for over 5 yrs by corrupt prison officials at HCF, LCF, & EDCF (speaks volumes about the moral/ethical deficiencies of prison staff thruout the KDOC huh) to obtain the records of prisoners being transferred thruout KDOC facilities & from segregation units to population status during the over 5 yrs. of incessant lying to inflict compounded constitutional & criminal law violations against him & these discovery evidences condemns & unmasks their entirely unwarranted & utterly deviant actionable abuses..

6 of 12

13.) Prisoners have a liberty interest in being "reasonably" released on time from segregation — see Sample, 885 F.2d 1099, 1114 (3rd Cir. 1989); see again Exhibit A attached.

Most courts hold that due process is denied if a prisoner is not released on time as a result of deliberate indifference as Plaintiff's Complaint facts reasonably assert. Accord Davis, 375 F.3d 703, 718-19 (8th Cir. 2004); McCurry, 242 F.Supp. 2d 1167, 1180 (N.D.Fla. 2002) ("delib. indifference std. governs both due process & 8th Amendment claims"); see also on pt., Alexander, 916 F.2d 1392, 1395 (9th Cir. 1990) ("You [prison officials] can't just sit on your duff & not do anything").

And alot of courts are in unison that deliberate indifference that results in excessive confinement constitutes cruel & unusual punishment — 5 yrs. plus of incessant lying & the actionable abuses revealed by his facts & evidences is a "no brainer deduction" common sense 101" that deliberate indifference was the primary intent. Accord Campbell, 256 F.3d 695, 700 (7th Cir. 2001); Sample, supra; & both are consistent w/ SCOTUS delib. indifference law.

14.) Plaintiff posits that it would be patently irrational for any reasonable person to absurdly opine, much less a law trained mind as possessed by Judge Teeter to say his facts & evidence fail to establish blatant constitutional violations & blatant violations of federal & state criminal laws. It would the height of hypocrisy & 100% certain Tenth Circuit reversal for this Court to determine what defendants said & did for over 5 grueling yrs. to Plaintiff was legal & constitutional.

Plaintiff's claims' facts & evidence shock the conscience & plainly incite reasonable minds who have a righteous sense of right & wrong, & what's legal or constitutional & what's not. There's plenty enough facts & evidence at hand in his Complaint which state concrete claims for relief that are plausible on its face to act on & take opposing counsel to the proverbial woodshed for testing the Court's integrity. Accord Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).

15.) To the law trained mind, its clear that Plaintiff needs to, & the interests of justice plainly requires, that he files a FAC to correctly make all his constitutional claims & state law tort claims, & name the numerous directly involved & responsible defendants. Accord Neitzke v. Williams, 490 U.S. 319, 329 (1989); see also Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir./D.Ct. KS & KDOC)(the D.Ct. is required to "accept the Complaint's allegations as true & to construe those allegations, & any reasonable inferences that might be drawn from them, in the light most favorable to the Plaintiff"] & Bell, supra.

The Court is not to resolve factual disputes at this stage, & Rule 15(a)(2) of the F.R.Civ.P. declares that if permission needs to be requested to file a FAC, it should be "freely given when justice so requires".

16.) What the named & their directly involved coconspirators did to Plaintiff for over 5 yrs. constitutes & exceeds that which is deemed to be actionable "atypical & significant hardships in relation to the ordinary incidents of daily prison life". "Atypical" means being treated very —

differently than the way <u>most prisoners are treated</u>". Only a very rare few prisoners have been corruptly mistreated at the level of un-checked unconstitutionalities & criminalities by defendants et al., as Plaintiff has... Pat Lynn is another (see Exhibit B Affidavit). "<u>Significant hardship</u>" means "<u>that treatment must be really awful</u>, not <u>just uncomfortable or annoying</u>."

The Court has vast discretion — why not exercise that discretion to "try the issue" of whether reasonable minds agree defense counsel was committed a fraud on the court w/ his inflammatory motion to dismiss nonsense, & whether over 5½ yrs. wrongful retaliations in keeping Plaintiff in admin. seg. under punitive conditions all while incessantly lying to him weekly that he was recommended for release to gen. pop. & merely on "holdover status" & that transfers weren't being had or allowed because of Covaid &/or lack of bed space, yet Pat Lynn was transferred prison to prison every 4-5 mos. between HCF, LCF, EDCF during the exact same time frame. See again Exhibit B. — to convene an advisory jury per Rule 39(a)(1) & (c)(1)? Youbetcha.

Two SCOTUS rulings apply to the interpretation for these terms, being <u>Sandin v. Conner</u>, 515 U.S. 472 (1995); & <u>Wilkinson v. Austin</u>, 545 U.S. 209 (2005).

In <u>Wilkinson</u>, the SCOTUS made clear that "after <u>Sandin</u>, it is clear that the touchstone of the inquiry on whether Plaintiff has been unlawfully subjected to atypical & significant hardship(s), & the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions (though such is relevant & admissible), but the nature of those conditions themselves in relation to the ordinary incidents of prison life." <u>Wilkinson</u> at 223. And this view is consistent w/ the strntn in <u>Wilkinson</u> that a "liberty interest in avoiding particular conditions of confinement may arise from state statutes, policies, regulations, subject to the important limitations set forth in <u>Sandin</u>. The reference to "policies" amounts to saying that a liberty interest can arise from what state officials do, in addition to what the state writes down in its statutes (KSA 75-5201, 5210(a), 5251; KSA 21-5416/5105, 5202, 5210; <u>hevier</u>, supra; IMPP 01-000D, 02-118 Ethics contract, EDCF 9.0, #14-106 etc.) regulations, policies. What this means is simple & "lost" on defense counsel & his "clients", & is saying that any time state prison officials create prison conditions upon a targeted prisoner that are so extreme as to be atypical & significant by comparison to ordinary conditions there is a state-created liberty interest. And these cited rulings (hevier) & statutes, policies, etc. create protectable liberty interest entitlements & the Court should issue a declaratory judgment thereto per 28 USC ss 2201 & 2202.

17.) Plaintiff respectfully reiterates to the Court, that he was previously unaware of the fact that money damages are unavailable from the defendants being sued in their official capacity, or that injunctive relief is unavailable from defendants sued in their individual capacities, & is now aware of how to fix these issues & claims to available relief via his FAC & that he requests the Court to issue an Order granting him permission to file his FAC w/in 30 days after granting him such permission.

Plaintiff has ample constitutional standing for injunctive relief per 28 USC §§ 2283 & 2284, & Rule 65(a) & (b), & (e)(3)/28 USC § 2384.

Plaintiff is undeniably subjectable to recurring retaliations for excercising his 1st Amendment rights & gives the Court a "heads-up" that its hardly not beyond the pale of reality that defense counsel is capable of & inclined to conspiratorily "confer" w/ his clients to retaliate in the smorgasbord of options readily available to them to thwart, hinder, interfere, & deny his properly litigating this suit... & in need of a TRO not to do anything to him that can be fairly attributable to retaliation for his 1st Amendment activities at hand. These are "plausible" facts to his ongoing injuries & redressability issues & entitlements.

18.) Plaintiff also takes issue w/ defense counsel brazen "daftness" to assininely ask the Court to dismiss "for failure to state a claim because his claims are barred by the applicable 2 yr. statute of limitations".

The Court is called upon again to convene a hearing & order the appearance of A/G Kobach & Atty. Disciplinary Administrator as this "defense atty. for the State" is both incompetent for avering such nonsense he knows is utterly baseless & thunk that Judge Teeter would grant him such unlawful relief, & his frauds on the Court at bar deserves & requires serious sanctions (like in Littler, supra.

The burden is on defense counsel to prove Plaintiff's claims are time barred, Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995), & he has not done so, & he stupendously ignores (surely he knows?) the "continuing wrong (constitutional torts) doctrine" uniquely applies for defendants insidious 5 plus yrs, of deviant lies & wrongful segregation under punitive conditions & the vindictive retaliation motives perversely behind such a "diesel therapy transfers between Seg. Units of HCF, LCF, & EDCF which caused discombobulating psychological injuries & indignities dramatically affecting his physical & psychological health which persists to the present & ongoing. In Hensley v. City of Columbus, 557 F.3d 693, 697 (6th Cir. 2009) (a "continuous violation" exists if:

"① the defendants engaged in continuing wrongful conduct;
② (actionable) injury(s) to Plaintiff accrued continuously;
③ had the defendants (& their proxies) acted at any reasonably time to cease their lies & corruptly unconstitutional & criminal abuses in the insidiously unlawful 5 plus yrs. in issue, further-

actionable injuries, pain & suffering, would have been avoided").

And established law in the 10th Circuit, established nearly 30 yrs. ago, in Tiberi v. Cigna Corp., 89 F.3d 1423, 1430-31 (1996) held that "when applying New Mexico law (& KSA 60-513(b) mirrors N.M.'s law) & holding that the claim(s) accrues, & limitations period runs, from date of the last injury or when 'the wrong is over & done with'."

Defense needs intensive inculcating in this body of law. If a violation of constitutional (& state statutory) rights takes place over a period of time, it can be deemed to be, as herein, a "continuing wrong" & the statute of limitations doesn't start to run until the end of that period.

In Plaintiff's situation, he was finally released from unlawful segregation over 5½ yrs. after being incessantly lied to ... & returned to gen. pop. status at EDCF on 4-24-24. That then is the statute of limitations start date per KSA 60-513(b).

Plaintiff humbly asserts that Judge Teeter must determine that in his case, "the continuing wrong" applies, & he must be granted leave to file his FAC (which will take a minimum of several weeks to draft & complete his amended claims & added directly involved responsible defendants properly named).

The element factors cited above are present. And further still, the claimed requests for TRO & both a preliminary & permanent injunction are not moot because in the spotlight of illuminating the perverse & arrogantly corrupt character traits of the named & to be named defendants (& defense counsel too), the recurrence of diabolical retaliations against Plaintiff looms ominously more probable than not — that's harsh reality.

19.) Plaintiff has standing to request injunctive relief & although his unlawful segregation status has ended, he has rock-solid reasons to fear & expect defendants et al to corruptly concoct 'false basis' to place him back in "admin. seg" under punitive conditions & "diesel therapy transfers" because these perversities are entrenched in the KDOC hierarchy at each prison & HQ. It Is What They Do. And thus he is under a valid immediate threat of further, compounded injuries recurring in the near future. Accord Colo. Cross-Disability Coal v. Abercrombie, 765 F.3d 1205, at 1211 (10th Cir. 2014); see also Lyons/461 U.S. 95, at 101-02, 107 n.8, 109 (1983).

20.) Plaintiff clarifies his ambiguous request for injunctive relief "for Defendant's to grant him a lower custody classification level", to injunctive relief enforcing his entitlements to medium custody classification & to be confined at a medium custody only facility, which defendants are unlawfully refusing to do in contempt of his eligibility & unlawful "reasons" applied against him requiring court intervention.

21.) Plaintiff humbly assures the Court that he can & will cure his noted deficiencies in his FAC & plausibly allege the named defendants at HCF, LCF, EDCF, & KDOC-Topeka who absolutely did & presently do have control of his custody classification level, transfers between prisons, & responsible for whether he goes to segregation & stays —

in segregation, & when he gets released back into population & controls whether he is allowed the opportunity & privilege of obtaining a minimum wage job. Plaintiff now "gets it" that those officials directly involved at HCF, LCF, EDCF, & KDOC-Topeka must each be named & why, & these deficiencies will be cured in his FAC.

22.) Plaintiff asserts that the unique facts of his being subjected to 5½ yrs. of psychological abuses as stated & to be further developed, which affected his daily activities, & his physical & psychological well-being was dramatically affected, & is ongoing traumatizing actionable injuries. Consider also Exhibit D attached noting the 11-27-23 Wisconsin federal court jury's $700,000. award verdict alleging procedural due process violation from a sham prison D/R hearing that "was inherently degrading & humiliating, & constituted an emotional distress injury, & the reputational ramifications could be inferred by a juror", mocks defense counsel's rote ongoing nonsense that this Plaintiff cannot recieve damages "for mental or emotional injury while in custody w/out a prior showing of physical injury."

Plaintiff will succintly elaborate on his "medical condition" & his psychological traumas affecting both his physical & psychological well-being, in his forthcoming FAC, w/ "enough facts plausible on their factual faces stating actionable claims for relief.

As a practical matter, only an imbecile could dare posit that 5½ yrs. of barbaric & punitive conditions would have no actionable effect on a human being. The litany of physical & psychological effects is a res ipsa loquitor WTF commonsense discernment to all rational & reasonable persons w/ rudimentary intelligence.

23.) Plaintiff attaches additional evidentiary proofs Exhibits "A, D thru "M.

Wherefore, in sum & substance, defendants motion is meritless & defies established law. Defense counsel knows this & has in fact committed legal malpractice & a fraud on the Court. The Court must deny defendants motion & grant Plaintiff leave to amend his Complaint accordingly as the interests of justice require & grant him appt. of counsel to effectively utilize discovery tools. And such other relief deemed just & equitable.

7-22-24
Date

Respectfully Submitted,

/s/ [signature]

Richard Grissom - Pro Se

Certificate of Service

I, Richard Grissom, herewith certify delivering the foregoing to EDCF E-1 Unit Team staff to efile to the U.S. District Court Clerk's Ofc. at 444 S.E. Quincy, Topeka, KS, 66683, & simultaneously to Asst A/g M. Shoger, at 120 SW Tenth, 2nd Floor, Topeka, KS 66612, on this 22nd day of July, 2024.

s/ [signature]
Richard Grissom
#33728, EDCF, P.O. Box 311
El Dorado, KS 67042