
# KANSAS DEPARTMENT OF CORRECTIONS



| | SECTION NUMBER | PAGE NUMBER |
|---|---|---|
| **INTERNAL MANAGEMENT POLICY AND PROCEDURE** | 20-104 | 1 of 5 |
| | **SUBJECT:** SEGREGATION: Purpose of Administrative Segregation & Appropriate Placements | |

| Approved By: *[signature]* Secretary of Corrections | Original Date Issued: | 02-15-02 |
|---|---|---|
| | Current Amendment Effective: | 07-21-04 |
| | Replaces Amendment Issued: | 07-21-03 |
| Reissued By: *[signature]* Policy & Procedure Coordinator | The substantive content of this IMPP has been reissued as per the appropriate provisions of IMPP 01-101. The only modifications within the reissue of this document concern technical revisions of a non substantive nature. Date Reissued: | 08-12-11 |

## POLICY

Administrative segregation procedures shall be established for the control of inmates for necessary administrative purposes other than punishment. Procedures shall be effectively related to the control of the inmate for stated purposes. These procedures may be increased in scope and extent as necessary to maintain effective control.

## DEFINITIONS

None.

## PROCEDURES

I. Types of Inmates or Situations for Use of Administrative Segregation

   A. Inmates may be confined in administrative segregation for any of the reasons or conditions articulated under procedure I.B. of this IMPP.

   1. Any inmate may be held in administrative segregation under any subsection or combination of subsections of this IMPP simultaneously.

      a. If the inmate is held under more than one subsection, that fact shall be stated in the administrative segregation report.

   B. Independent criteria for placement of an inmate into administrative segregation include:

   1. Protective custody (P.C.).

      a. Any inmate who requests security segregation for personal safety, or who the warden has reason to believe to be in serious and imminent danger, may be placed in administrative segregation if:

         (1) The warden explains the reason in writing, and refers to the documents or other basis for the administrator's knowledge.

---



Exhibit # A

         (2) Documentation that protective custody is warranted and that reasonable alternatives are not available shall be provided. A denial of protective custody shall be fully documented.

   2. Pending results of investigation.

      a. Inmates may be placed in administrative segregation pending the completion of an investigation to determine whether charges should be brought.

      b. Any inmate held in administrative segregation pending results of an investigation shall be charged or released within three working days, unless a continued holding in administrative segregation under this section is justified in writing and approved by the warden.

         (1) This notice and explanation shall be given to the inmate in writing.

   3. To prevent:

      a. Communication and collaboration between inmates involving an attempt to improperly or dishonestly coordinate the testimony which might be given;

      b. The possible intimidation of witnesses or accusers; or

      c. Further disruption, if a threat to security and control, including danger to other inmates, continues to exist in the judgment of the warden.

   4. Pre-hearing detention.

      a. If necessary to maintain security and control, any inmate who has been charged with an alleged violation of law or a class I or II offense may be held in administrative segregation pending a hearing before the institution disciplinary board, or pending a trial by a court.

         (1) Credit for this time shall be given against any sentence of disciplinary segregation which might result from that hearing.

         (2) The inmate's status shall be reviewed by the warden or designee within three working days.

   5. Communicable disease.

      a. Any inmate whom a doctor of medicine, nurse, or nurse practitioner has declared to be carrying any communicable disease, or any inmate who refuses to participate in testing for communicable disease, may be placed in administrative segregation status until any danger of contagion is past.

   6. Critical monitoring inmate.

      a. Administrative segregation may be applied to the following types of inmates:

         (1) Any inmate accused of or who has a history of aggressive or forcible sexual attacks may be placed in administrative segregation.

            (a) The history shall be verified and documented, or a psychiatrist or psychologist shall verify, after any such occurrence, that a recurrence is probable.

---

         (2) Any inmate with suicidal tendencies may be placed in administrative segregation if the condition is verified by a qualified mental health professional before, or within three working days after placement in administrative segregation.

   7. Any inmate who inflicts any self-injury may be placed in administrative segregation for up to three working days, for observation and to give clinical staff an opportunity to determine whether the injury is a significant indication of a suicidal tendency.

      a. The shift supervisor may make the initial placement and determine the level of observation required, but shall make immediate and continuing efforts to consult with the assigned mental health professional, who shall thereafter make this determination.

         (1) These attempts shall be documented.

      b. At or prior to the end of the three working day period, the mental health professional shall recommend to the administrative segregation review board the appropriate placement for the inmate.

         (1) In the event such placement is made without a hearing, pursuant to I.B. of IMPP 20-105, then the warden or the warden's designee shall review the placement within three working days.

   8. Inmates with a history of self-mutilation or self-injury may be placed in administrative segregation after a demonstration has been made from the inmate's record that this history exists.

      a. The shift supervisor may make the initial placement and determine the level of observation required, but shall make immediate and continuing efforts to consult with the assigned mental health professional, who shall thereafter make this determination.

         (1) These attempts shall be documented.

      b. In the event such placement is made without a hearing, pursuant to I.B. of IMPP 20-105, then the warden or his/her designee shall review the placement within three working days.

   9. Inmates with mental or emotional problems which cause them to be a threat to themselves or others, when that mental or emotional problem has been verified by a psychiatrist or psychologist may be placed in administrative segregation.

      a. The shift supervisor may make the initial placement and determine the level of observation required, but shall make immediate and continuing efforts to consult with the assigned mental health professional, who shall thereafter make this determination.

         (1) These attempts shall be documented.

      b. In the event such placement is made without a hearing, pursuant to I.B. IMPP 20-105, then the warden or the warden's designee shall review the placement within three working days.

   10. Any inmate may be placed in administrative segregation in an emergency situation in which the violent behavior of the inmate indicates that the inmate is potentially dangerous to the

---



inmate's self, or others.

      a. Segregation in this case may continue for three working days.

   11. Any inmate who has been determined by the warden or, in the warden's absence, by the deputy warden, to be an extreme risk of escape may be placed in administrative segregation.

      a. The reason shall be explained in writing and reference made to the documents or other basis for the placement by the warden or deputy warden, unless already apparent from the information shown in the inmate's record.

      b. When these officers are absent during an emergency, segregation may be authorized by the highest ranking officer on duty.

         (1) The warden or the deputy warden shall review the placement within three working days, and shall either approve continued placement in administrative segregation or direct some other appropriate placement.

   12. Consistent bad behavior.

      a. Any inmate may be placed in administrative segregation indefinitely when the inmate's record has shown consistent bad behavior, as evidenced by three documented instances of bad behavior within the preceding 12 months, and when:

         (1) The instances are a substantial threat to the safety and security of the institution or facility; and

         (2) The instances arise from separate fact situations.

      b. Placement under this ground shall be with the prior written approval of the warden.

   13. Other security risk.

      a. The warden may place in administrative segregation, or secure confinement in the inmate's own cell, any inmate or group of inmates if the inmate or inmate's have engaged in behavior which has threatened the maintenance of security or control in the correctional facility.

         (1) The warden shall, within three working days of the placement, explain, in writing, the threat to security and show justification for effecting either segregation or secure confinement under these circumstances.

         (2) A copy of this explanation and justification shall be provided to the Secretary of Corrections.

    14. Holdovers.

      a. The warden or his designee may place in administrative segregation inmates who are identified as holdovers.

         (1) Holdover inmates are those inmates who fall into one of the following categories:

            (a) Any newly committed inmate awaiting transportation to Topeka or El Dorado Correctional Facility reception and diagnostic unit;

            (b) Any inmate who is otherwise being held in a facility temporarily while in transit between one facility and another; or



Page 5 of 5, IMPP 20-104
Effective 02-21-04

        (c)    Any parolee, conditional releasee, or post-release supervision releasee who has waived a preliminary violation hearing or is being held at a facility pending a hearing to determine if probable cause exists that a violation of conditions of release occurred.

    (2)    An individual shall not be held on holdover status for a period longer than reasonably necessary to accomplish the transfer to another facility.

15.    An inmate may be placed in administrative segregation when the inmate refuses to participate in an identification procedure, including fingerprinting and photographing.

16.    An inmate may be placed in administrative segregation if the inmate has been sentenced to death subsequent to his or her conviction of a capital offense, and such inmates shall not be subject to the periodic Program Management Committee reviews required within the provisions of IMPP 20-106 unless there is some departure from their capital status due to any substantive action taken by the courts.

II.    Timeframes Related to Administrative Segregation

    A.    For purpose of this regulation, the term "working days" means any day except Saturday, Sunday, a holiday, or any other day as authorized by the governor.

NOTE: The policy and procedures set forth herein are intended to establish directives and guidelines for staff and offenders and those entities that are contractually bound to adhere to them. They are not intended to establish State created liberty interests for employees or offenders, or an independent duty owed by the Department of Corrections to employees, offenders, or third parties. Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards. Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes and/or regulatory requirements of the Federal Government and the state of Kansas This policy and procedure is not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

**REPORTS REQUIRED**

None

**REFERENCES**

KSA 75-5210, 75-5251, 75-7552
ACI 3-4128-2, 3-4223, 3-4238, 3-4239, 3-4268-M

**ATTACHMENTS**

None