# $700,000 Jury Verdict for Wisconsin Prisoner Denied Due Process in Disciplinary Hearing

*by David M. Reutter*

On November 27, 2023, the U.S. District Court for the Eastern District of Wisconsin denied state prison officials' motion for new trial. That left standing a jury verdict finding that prisoner Adam Young was denied procedural due process in a disciplinary action, awarding him $700,000.

Young and several other Kenosha Correctional Center (KCC) prisoners were transported to work for a local employer on July 30, 2017. A guard dropped them off and left. But the employer was closed that day. The prisoners were left stranded in the parking lot in 80-degree weather. Realizing that no one was coming to pick them up for at least 11 hours, they started walking back to KCC. When they came across a phone, they called to be picked up.

Young was arrested the next day at the work site and issued a major disciplinary report for "escape" before transport to Racine Correctional Institution. At a disciplinary hearing, he was found guilty, sentenced to 60 days disciplinary separation and lost his work release privileges. After exhausting administrative remedies, Young filed a civil rights action alleging a procedural due process violation.

The case proceeded to a jury trial in July 2023. There it was established through testimony of hearing officer Michael Mayer and an email from prison official Patricia Goss that she chose Mayer to fill in for her to conduct the hearing. Mayer testified that Goss also emailed a suggested penalty for Mayer: "60 days separation." He further explained that this was Goss's "way of telling [him] what would be the appropriate disposition."

Based on this, the Court concluded the record supported a procedural due process violation because a juror could find that Mayer was not an impartial trier of fact, since Goss had pre-selected the punishment for Young.

Mayer also testified that "[b]ased upon testimony" from the trial, he agreed that "a mistake was made prior to [Young] leaving for the work site by DOC staff." It was further established through Goss that the work site should have closed at 2:30. Yet no one called to say the prisoners would be delayed. Several headcounts were conducted while the prisoners sat at the work site, when they should have been at KCC, yet no one declared them "escaped" until after they voluntarily returned. A reasonable juror, the Court found, could thus conclude that the experience of the sham disciplinary hearing was "inherently degrading and humiliating" and constituted an emotional distress injury. Furthermore, the reputational ramifications could be inferred by a juror to impact earning wages and/or finding employment.

The Court also took Justice Department attorneys to task "for their dereliction, obfuscation, and failure to file their arguments in a manner that was procedurally proper." The case represented "a cautionary tale of what happens when lawyers try a case before a jury without the benefit of having first undertaken meaningful preparation."

Thus, finding the jury's verdict well supported, the Court denied Defendants' motion for a new trial. The Court's order left intact the jury's award of $150,000 in compensatory damages for the procedural due process violation from Mayer and $350,000 from Goss, plus $100,000 in punitive damages against each official. Young is to be commended for proceeding *pro se* throughout the case. *See: Young v. Mayer*, 2023 U.S. Dist. LEXIS 218694 (E.D. Wisc.). ∎