RETALIATION

# RETALIATION

Through the First Amendment, a prison official is prohibited from retaliating against inmates who file complaints, grievances, or lawsuits. Retaliatory action can be anything from refusing to provide basic supplies to placement in segregation or transfer to a different cell or prison. Such an action, while standing alone may not violate the Constitution. However, if the action is motivated in substantial part by a desire to punish an individual for exercising a constitutional right, it becomes retaliatory and is a viable claim. A retaliation claim is difficult to prove. This is because prison officials can offer a non-retaliatory explanation for their action, and courts will generally believe them.

**ALLAH v. AL-HAFEEZ, 226 F.3d 247, 251-52 (3RD Cir. 2000):** The Prison Litigation Reform Act does not bar recovering punitive or nominal damages in a First Amendment retaliation claim.

**ALLAH v. SEIVERLING, 229 F.3d 220 (3RD Cir. 2000):** The retaliation by prison officials on a prisoner attempting to exercise his First Amendment rights presents an actionable claim.

**BABCOCK v. WHITE, 102 F.3d 267, 275 (7TH Cir. 1996):** The court held that an inmate claiming retaliation for filing grievances bears a heavy burden and must show: 1) that his protected conduct motivated the official's actions; and, 2) that events would have transpired differently without the retaliation.

**BALTOSKI v. PRETORIUS, 291 F.Supp.2d 807 (N.D. Ind. 2003):** To state a 42 U.S.C. §1983 claim for retaliatory treatment, a prisoner's complaint against prison officials need only allege a chronology of events from which retaliation may be inferred.

**BARNETT v. CENTONI, 31 F.3d 813, 816 (9TH Cir. 1994):** A prisoner suing prison officials under section 42 U.S.C. §1983 for retaliation must allege that he was retaliated against and the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline.

**BENNETT v. GOORD, 343 F.3d 133, 137 (2ND Cir. 2003):** Because prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations. In order to prevail on retaliation claims brought under 42 U.S.C. §1983, prisoner plaintiff has a burden of showing, first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials. If a prisoner makes these showings, prison officials can evade liability if they can demonstrate they would have disciplined or transferred prisoner plaintiff even in the absence of the protected conduct.

**BIBBS v. EARLY, 541 F.3d 267, 271 (5TH Cir. 2008):** The court recognized a First Amendment retaliation claim where official filed a disciplinary report "following an inmate's filing of a grievance."

**BOOKER v. SOUTH CAROLINA DEPT. OF CORRECTIONS, 855 F.3d 533 (4TH Cir. 2017):** It is "well established" in this circuit that a "public official may not misuse his power to retaliate against an individual for the exercise of a valid constitutional right." Thus, "if an inmate exercises his First Amendment right when he files a prison grievance, retaliation against him for doing so is unconstitutional." As such, prison officials were not entitled to a defense of qualified immunity.

**BOXER X v. HARRIS, 437 F.3d 1107, 1112 (11TH Cir. 2006):** "The First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance."

**BRODHEIM v. CRY, 584 F.3d 1262, 1266, 1269-72 (9TH Cir. 2009):** The court recognizes a First Amendment petition right where an inmate alleged retaliation for filing grievances.

**BRUCE v. YLST, 351 F.3d 1283, 1289 (9TH Cir. 2003):** Prison officials may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taken in retaliation for the exercise of a constitutional right.

## RESPONDEAT SUPERIOR

Respondeat superior is the legal doctrine holding an employer or a supervisor liable for an employee's or subordinate's wrongful acts committed within the scope of employment. Generally, in the context of 42 U.S.C. §1983 claims, a supervisor is not liable for damages absent some showing of personal involvement in the unconstitutional conduct by the employee or subordinate. Supervisors also are not vicariously liable for the unconstitutional actions of police officers, prison guards or others whom they supervise. Holding a supervisor liable requires a showing of "direct responsibility" for the unconstitutional actions of subordinates.

**BLACK v. COUGHLIN, 76 F.3d 72 (2ND Cir. 1996):** "Personal involvement," such as will support liability under 42 U.S.C. §1983, means direct participation, failure to remedy alleged wrong after learning of it, creation of policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates.

**DOE 20 v. BOARD OF EDUCATION OF COMM. UNIT SCHOOL DIST. NO. 5, 680 F.Supp.2d 957 (C.D.Ill. 2010):** Supervisors who are merely negligent in failing to detect and prevent subordinate's misconduct are not liable under 42 U.S.C. §1983. The supervisors must know about the conduct and fabricate it, approve it, condone it, or turn a blind eye for fear of what they might see.

**HOWARD v. ADKISON, 887 F.2d 134 (8TH Cir. 1989):** Supervisors at prison are not liable for Eighth Amendment claims brought under 42 U.S.C. §1983 under the respondent superior theory.

**KEATES v. KOILE, 883 F.3d 1228, 1242-43 (9TH Cir. 2018):** A supervisory official is liable under 42 U.S.C. §1983 so long as "there exists either 1) his or her personal involvement in the constitutional deprivation, or 2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."

**RIZZO v. GOODE, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976):** Supervisor liability requires a showing of "direct responsibility" for the unconstitutional actions of subordinates.

**SLAKAN v. PORTER, 737 F.2d 368, 372 (4TH Cir. 1984):** Supervisor liability is not premised upon respondeat superior but upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care."

**TAYLOR v. LIST, 880 F.2d 1040, 1045 (9TH Cir. 1989):** In limited circumstances, a person can also be subject to 42 U.S.C. §1983 liability for the acts of others. Although there is no pure *Respondeat Superior* liability under 42 U.S.C. §1983, a supervisor is liable for the constitutional violations of subordinates "if the supervisor participated in or directed the violations and failed to act to prevent them."

**WEVER v. LINCOLN COUNTY NEBRASKA, 388 F.3d 601 (8TH Cir. 2004):** A supervisor may be held individually liable under 42 U.S.C. §1983 if a failure to properly supervise and train the offending employee caused the deprivation of constitutional rights. The plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts which requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.

**BURGOS v. CANINO, 641 F.Supp.2d 443 (E.D. Pa. 2009):** Finding an inmate guilty of misconduct, standing alone, does not rise to level of "adverse action" sufficient to deter a person of ordinary firmness from exercising his rights protected by the First and Fourteenth Amendments, as required for a claim of retaliation.

**CARTER v. DOLCE, 647 F.Supp.2d 826, 834 (E.D. Mich. 2009):** The district court held that there was "little difference between retaliating against a [prisoner] for filing a grievance, and retaliating for threatening to file one."

**CRAWFORD-EL v. BRITTON, 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.3d 2d 759 (1998):** The Court stated: "[t]he reason why…retaliation offends the Constitution, is that it threatens to inhibit exercise of the protected right."

**DAVIS v. GOORD, 320 F.3d 346, 353 (2ND Cir. 2003):** Insulting, disrespectful, or sarcastic comments directed at an inmate "do not, without more, constitute an adverse action," for purposes of stating a retaliation claim.

**DAVIS v. HAINES, 2008 WL 2610144 (W.D. Wis. 2008):** "Plaintiff does not point to any evidence suggesting that defendants did not honestly believe plaintiff was a gang member, which is all that matters for the purpose of countering plaintiff's claim of unlawful retaliation. A genuine mistake is not a constitutional violation."

**DIXON v. BROWN, 38 F.3d 379 (8TH Cir. 1994):** Holding that "filing of a disciplinary charge becomes actionable if done in retaliation for the inmate's filing of a grievance" and stating that such conduct "strokes at the heart of an inmate's constitutional right to seek redress of grievances." The plaintiff, who alleged that the defendant, a correctional officer, violated the plaintiff's First Amendment right of petition by bringing a false disciplinary charge against the plaintiff in retaliation for his use of the prison grievance procedure was not required to show independent injury beyond the retaliatory conduct alleged.

**ENTLER v. GREGOIRE, 872 F.3d 1031 (9TH Cir. 2017):** The panel held that both the filing of a criminal complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. It is "illogical to conclude that prison officials may punish a prisoner for threatening to sue when it would be unconstitutional to punish a prisoner for *actually* suing."

**FARVER v. SCHWARTZ, 255 F.3d 473 (8TH Cir. 2001):** Prisoner plaintiff stated a viable 42 U.S.C. §1983 claim that corrections officer wrote a false disciplinary report against him in retaliation for grievances filed against the corrections officer, and also stated a viable claim that plaintiff was transferred 250 miles from home after he questioned corrections officer regarding plaintiff's right to legal assistance.

**GAYLE v. GONYEA, 313 F.3d 677, 682 (2ND Cir. 2002):** "An allegation that a prison official filed false disciplinary charges in retaliation for the exercise of a constitutionally protected right, such as the filing of a grievance, states a claim under 42 U.S.C. §1983."

**GILL v. PIDLYPCHAK, 389 F.3d 379, 384 (2ND Cir. 2004):** A retaliation claim may lie where an inmate suffers the adverse action of "the filing of false misbehavior reports…[and the] sentence of three weeks in keeplock-[because] that would deter a prisoner of ordinary firmness from vindicating his or her constitutional rights through the grievance process and the courts."

**HAWKINS v. BROOKS, 694 F.Supp.2d 434 (W.D. Pa. 2010):** Prison official's alleged conduct of reassigning state prisoner to a different unit in the same prison did not rise to the level of an "adverse action," as required to establish prima facie pro se 42 U.S.C. §1983 retaliation claim.

**HERRON v. HARRISON, 203 F.3d 410, 414 (6TH Cir. 2000):** The court recognized a claim where an inmate alleged that prison officials "impermissibly retaliated against him for exercising his First Amendment right to file grievances and petition the courts for redress."

**HINES v. GOMEZ, 108 F.3d 265, 269 (9TH Cir. 1997):** The court recognized that a prisoner can sustain a First Amendment retaliation claim. Retaliation claims require the inmate to show: 1) that the prison official acted in retaliation for the exercise of a constitutionally protected right; and, 2) that the action advanced no legitimate penological interest.

# RETALIATION



**HOLMES v. FISCHER, 764 F.Supp.2d 523 (W.D. N.Y. 2011):** Plaintiff's allegations that he was subjected to urinalysis testing based on reports from confidential informants whose credibility and reliability had not been confirmed, despite complete absence of any history of drug use, and that two random urinalysis tests to which he was subjected were done to retaliate against him for filing inmate grievances regarding non-random urinalysis testing, were sufficient to state an unreasonable search claim under the Fourth Amendment.

**HYDRICK v. HUNTER, 449 F.3d 978, 994 (9TH Cir. 2006):** "We have held that the prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes.

**JOHNSON v. STOVALL, 233 F.3d 486, 489 (7TH Cir. 2000):** To state a cause of action for retaliation, a complaint need only allege a chronology of events from which retaliation may be inferred.

**KING v. ZAMIARA, 788 F.3d 207 (6TH Cir. 2015):** The district court relied on an incorrect legal standard in concluding that prison officials were not motivated by evil motive or intent, or callous indifference to the prisoner's protected rights and thus that the prisoner was not entitled to punitive damages in his 42 U.S.C.§1983 action against prison officials for the officials' violation of his First Amendment rights by moving him to a higher security prison in retaliation for his participation in state-court class action litigation against prison officials. Punitive damages were also appropriate when a defendant's action involved even reckless disregard of the plaintiff's rights, and prison officials necessarily acted with the purpose of infringing upon the prisoner's federally protected rights when retaliating against the exercise of those rights.

**KOUNELIS v. SHERRER, 529 F.Supp.2d 503, 530 (D. New Jersey 2008):** "In order to withstand a motion for summary judgment on a retaliation claim, an inmate must make a three-part sowing. First, as a threshold matter, an inmate must establish that the conduct, which led to the alleged retaliation, was constitutionally protected. Then, the inmate must establish that he suffered an 'adverse action' at the hands of the prison officials. An inmate satisfies the adverse action by demonstrating that the action taken against him would 'deter a person of ordinary firmness from exercising his constitutional rights.' Finally, the inmate must establish 'a casual link between the exercise of his constitutional rights and the adverse action taken against him.' A casual link is established when an inmate shows that 'his constitutionally-protected conduct was a substantial or motivating factor' in the prison official's decision to take action against him."

**LEWIS v. JACKS, 486 F.3d 1025 (8TH Cir. 2007):** A retaliatory action that worsens an inmate's working conditions can be sufficiently adverse to be actionable under 42 U.S.C. §1983.

**LOPEZ v. ROARK, 637 F.APP'X 520, 521 (10TH Cir. 2016):** "An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. §1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights. However, claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. Thus, a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation."

**MABEN v. THELEN, 887 F.3d 252 (6TH Cir. 2018):** By [orally] complaining about the insufficient quantity of food he had received, Maben was pursuing a grievance about prison conditions and seeking redress of that grievance. Accordingly, Maben was engaged in protected conduct. "It would be an unfair and illogical result for prisoners to require initial oral complaints, but then be able to argue that a retaliation claim fails because the prisoner filed an oral, rather than written, complaint. Maben should not be punished for complying with prison policy, nor should prison officials be allowed to retaliate against Maben for making an oral grievance."

**MAGUIRE v. COUGHLIN, 901 F.Supp. 101 (N.D. N.Y. 1995):** An inmate has a viable 42 U.S.C. §1983 claim if prison authorities transfer him in retaliation for exercising constitutional rights.

**MARTIN v. DUFFY, 858 F.3d 239 (4TH Cir. 2017):** Prisoner sufficiently stated a First Amendment retaliation claim against a prison captain who placed him in segregation following the filing of a written grievance.

**MITCHELL v. HORN, 318 F.3d 523, 530 (3RD Cir. 2003):** An inmate's "allegation that he was falsely charged with misconduct in retaliation for filing complaints against [an officer] implicates conduct protected by the First Amendment."



**RETALIATION**

**MOORE v. PLASTER, 266 F.3d 928 (8TH Cir. 2001):** The court found that the district court erred in granting summary judgment in prisoner plaintiff's 42 U.S.C. §1983 claim that disciplinary charges against him were false and filed in retaliation for exercise of his constitutional rights, where conclusionary statements of the reporting officer that prisoner was trafficking in controlled substances within the institution with no other evidence regarding underlying facts, were accusations without sufficient evidence.

**MUHAMMAD v. CLOSE, 379 F.3d 413 (6TH Cir. 2004):** Temporal proximity alone may be significant enough to constitute indirect evidence of a casual connection so as to create an inference of retaliatory motive in an inmate's action against a corrections officer.

**O'BRYANT v. FINCH, 637 F.3d 1207, 1215 (11TH Cir. 2011):** A "prisoner cannot maintain a retaliation claim when he is convicted of the actual behavior violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction."

**POWERS v. SNYDER, 484 F.3d 929, 933 (7TH Cir. 2007):** The court recognized a claim where an inmate alleged he was retaliated against for "filing grievances against the prison" and noting "[s]uch retaliation violates a prisoner's right, founded on the First Amendment, to petition government for the redress of grievances."

**REDD v. CONWAY, 160 Fed.Appx. 858, 862 (11TH Cir. 2005):** The First Amendment protects inmates from retaliation by prison officials for filing lawsuits or administrative grievances.

**RODRIGUEZ v. CRUZ, 891 F.3d 776 (9TH Cir. 2018):** In order for a fear of retaliation to excuse the PLRA's exhaustion requirement, the prisoner must show that: 1) he actually believed prison officials would retaliate against him if he filed a grievance; 2) a reasonable prisoner of ordinary firmness would have believed that the prison official's actions communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance. The district court found that administrative remedies were effectively unavailable to appellees because they "reasonably believed they would suffer additional physical force if they complained." Appellees submitted declarations in the district court describing the reasons they feared retaliation for filing grievances. One appellee filed a declaration that it was impossible to obtain a complaint form without requesting it from a deputy who had been involved in the cell extractions he was complaining about, or who was a colleague of such a deputy. Because appellees provided factual statements supporting an actual and objectively reasonable fear of retaliation for filing grievances, the ultimate burden of proof remained with the appellants to show that administrative remedies were available.

**ROWE v. SHAKE, 196 F.3d 778, 781-82 (7TH Cir. 1999):** The Prison Litigation Reform Act does not bar declaratory relief or nominal damages for a First Amendment violation.

**SCHER v. ENGELKE, 943 F.2d 921 (8TH Cir. 1991):** The prison guard was not entitled to qualified immunity in a prisoner's 42 U.S.C. §1983 action where the guard retaliated against the prisoner by subjecting prisoner to 10 cell searches in 19 days for bringing guard's illicit conduct to prison officials. Prisoner's cell was left in disarray and items were confiscated. The court held that a reasonable guard would have known that retaliatory actions were unconstitutional, notwithstanding that no court had previously held cell searches to be violative of the Eighth Amendment.

**SPIEGLA v. HULL, 371 F.3d 928 (7TH Cir. 2004):** The Seventh Circuit disavows the requirement that a plaintiff alleging a First Amendment retaliation claim has the burden of proving the but-for causation.

**SPIES v. VOINOVICH, 48 F.Appx. 520, 525 (6TH Cir. 2002):** An "inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming everything that happens to him is retaliatory."

**SPROUSE v. BABCOCK, 8790 F.2d 450, 452 (8TH Cir. 1989):** Prison officials cannot properly bring a disciplinary action against a prisoner for filing a grievance that is determined by those officials to be without merit any more than they can properly bring a disciplinary action against a prisoner for filing a lawsuit that is judicially determined to be without merit.

# RETALIATION



**THADDEUS-X v. BLATTER, 175 F.3d 378, 394-98 (6ᵀᴴ Cir. 1999):** The court established four elements to support a retaliation claim: 1) plaintiff was engaged in protected conduct; 2) that he suffered an adverse action; 3) that a casual connection exists between the protected conduct and the adverse action; and, 4) it deterred a person of ordinary firmness from exercising his right.

**WILLIAMS v. MANTERNACH, 192 F.Supp.2d 980 (N.D. Iowa 2002):** Where an inmate has violated an actual prison rule, no retaliation claim can be stated under 42 U.S.C. §1983 for a resulting disciplinary action.

**ZIEMBA v. THOMAS, 390 F.Supp.2d 136 (D.C. Conn. 2005):** Plaintiff demonstrated a factual dispute as to a prison warden's knowledge of retaliatory acts and warden's failure to remedy them where the plaintiff and his mother both attested that they personally spoke with the warden regarding alleged retaliatory acts and the warden attested that he received the correspondence from the plaintiff complaining about acts of retaliation by prison officials.