IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD GRISSOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-3260-HLT-ADM |
| JORDAN BELL, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Jordan Bell, Joel Hrabe, and Daniel Schnurr ("Defendants"), submit this Reply in further support of their Motion to Dismiss (Doc. 15). Defendants assert that Plaintiff Richard Grissom's Response (Doc. 26) fails to overcome their legal arguments. Accordingly, Defendants' motion should be granted in its entirety. Defendants incorporate herein, as if set forth in full, the arguments and authorities in their Motion. (Doc. 15.) Defendants' motion should be granted for the reasons previously stated.

As an initial matter, Grissom's Response does not address the substance of Defendants' arguments or any of the law Defendants cited. And Grissom even provides *another* ground for mootness of his request for injunctive relief because he was "returned to gen. pop. status at EDCF on 4-24-24." (Doc. 26 at 10.) So he has already been granted "[a] lower custody classification level." (*See* Doc. 1 at 10.) Further, because Grissom is still at EDCF (Doc. 26 at 10), Defendants continue to not be able to redress Grissom's alleged harm. (*See* Doc. 15 at 7-9.)

Grissom suggests that his claims are against "prison officials at HCF, LCF, & EDCF" (Doc. 26 at 6) and "the named defendants at HCF, LCF, EDCF, & KDOC-Topeka" (Doc. 26 at 10). But Grissom did not name as defendants any EDCF officials (*see* Doc. 1 at 1-2) or any officials that at the time of the Complaint were officials of KDOC in Topeka (*see* Doc. 15 at 7-

8). And this Court has dismissed all LCF officials from this case. (*Compare* Doc. 9 at 2 *with* Doc. 1 at 2.) Only HCF officials and a former Deputy Secretary remain.

Grissom states on each page of his Response that various officials committed acts against him for over five years. (Doc. 26 at 2-11; *see also id.* at 1 ("nearly 3 decades").) But Grissom did not allege any actions after June 2, 2021, by the defendants who remain in this suit.

Grissom suggests that he is adding state-law claims to his complaint through his Response. (Doc. 26 at 4 (referring to "Plaintiff's state law tort claims . . . which he neglected to cite in his Complaint & cures here")). But Grissom cannot amend his Complaint through a response. *Larson v. Safeguard Props., Inc.*, 379 F. Supp. 2d 1149, 1152 (D. Kan. 2005); *see also Fullen v. City of Salina*, No. 21-4010-JAR, 2021 WL 4476780, at *2 (D. Kan. Sept. 30, 2021) (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019)). And, regardless, this Court "may, and usually should, decline to exercise jurisdiction over any remaining state claims" when "all federal claims have been dismissed." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011).

Grissom says he has a liberty interest in being released from *segregation*, but the cases he cites for this point merely address a liberty interest in being released from *prison* at the expiration of a sentence. (*See* Doc. 26 at 7.) Grissom also says that state statutes and policies give rise to a liberty interest, but none of the statutes or policies Grissom cites for this address segregation or transfers at all. (*See* Doc. 26 at 8.)

Grissom refers to "coconspirators" (Doc. 26 at 7), but he has not alleged a conspiracy claim, and he cannot amend his Complaint through a response. *Larson*, 379 F. Supp. 2d at 1152.

Grissom cites the *Sandin* and *Wilkinson* cases to suggest that he has been subjected to an atypical hardship (Doc. 26 at 8), but this Court cited both *Sandin* and *Wilkinson* in the *Cox* case

2

to *support* the Court's holding that "Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility." *Cox v. Zmuda*, No. 22-3154-SAC, 2022 WL 3646255, at *4 (D. Kan. Aug. 24 2022). And this Court has already held in this case that Grissom has failed to plausibly allege that he was treated differently than other prisoners. (*See* Doc. 4 at 10-11; Doc. 9 at 2.) What is more, Grissom's Exhibit B, even if it could amend Grissom's Complaint, does *not* support that frequent transfers like those Grissom complains of are atypical, but actually suggests they *are* typical and are experienced by other inmates. (Doc. 26-3 at 1.)

Grissom refers to "requests for [a] TRO & . . . a preliminary . . . injunction" (Doc. 26 at 10), but Grissom has not requested either. (*See* Docket; *see also* Doc. 1 at 10.)

Grissom attempts to amend "his ambiguous request for injunctive relief" to more specifically request "injunctive relief enforcing his entitlements to medium custody classification & to be confined at a medium custody only facility." (Doc. 26 at 10.) But he cannot amend his Complaint in a response. *Larson*, 379 F. Supp. 2d at 1152. And Defendants have effectively already addressed this argument in their Motion, pointing out that "Grissom . . . attempts to dictate his custody classification level . . . which he does not have a constitutional right to do." (Doc. 15 at 11 (citing *Cox*, 2022 WL 3646255, at *4)); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("there is no federal constitutional right to incarceration in any particular prison or portion of a prison").

Grissom makes a conclusory allegation that Defendants currently have control over his custody classification and facility placement. (Doc. 26 at 10-11.) But the Court should not accept this conclusory allegation as true, especially since the context of this new allegation shows it is not specific to the defendants who actually remain in the case. Regardless, Grissom cannot add

3

this allegation to his Complaint through a Response. *Larson*, 379 F. Supp. 2d at 1152; *see also Fullen*, 2021 WL 4476780, at *2.

Grissom refers to an Eastern District of Wisconsin case where the court did not require a showing of physical injury to support compensatory damages. (Doc. 26 at 11; Doc. 26-5 at 1); *see also Young v. Mayer*, No. 20-CV-1136, 2023 WL 8367923, at *16 (E.D. Wis. Nov. 27, 2023). First, this was an unpublished case from another district court, which is not binding on this Court. Second, the Eastern District of Wisconsin is part of the Seventh Circuit, which is on the other side of a circuit split on that issue. *See Aref v. Lynch*, 833 F.3d 242, 262-63 (D.C. Cir. 2016) (citing *Robinson v. Page*, 170 F.3d 747, 749 (7th Cir. 1999) and *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001)). Third, regardless, this Court is in the Tenth Circuit and is guided by binding precedent from the Tenth Circuit, which the Defendants cited in their Motion. (*See* Doc. 15 at 11-12 (citing *Searles*, 251 F.3d at 876).)

For these reasons and the reasons expressed in Defendants' Motion to Dismiss (Doc. 15), Defendants request that the Court grant their Motion in full.

    Respectfully submitted,

    KRIS W. KOBACH
    ATTORNEY GENERAL OF KANSAS

    */s/ Matthew L. Shoger*
    Matthew L. Shoger, KS No. 28151
    Assistant Attorney General
    Office of the Attorney General
    120 SW 10th Avenue, 2nd Floor
    Topeka, Kansas 66612-1597
    matt.shoger@ag.ks.gov
    (785) 296-2215
    Fax: (785) 291-3767
    *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of August, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy also served by means of first-class mail, postage prepaid, addressed to:

Richard Grissom #33728
El Dorado Correctional Facility
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

                                    */s/ Matthew L. Shoger*
                                    Matthew L. Shoger
                                    Assistant Attorney General