U.S. District Court
District of Kansas

| | |
|---|---|
| Richard Grissom, Plaintiff<br><br>v.<br><br>Jordan Bell, et al., Defendants | C/A # 23-CV-3260-HLT<br><br>Plaintiff's Verified Pro Se Motion For Leave To File An Amended Verified Complaint |

Now Before The Court comes the pro se Plaintiff respectfully moving before the Court & in good faith compliance w/ this Court's Order (Doc. #28) & pursuant to Local Rule 15.1(a)(1)-(3), & 7.1-7.6, & F.R.Civ.P. Rule 15(a)(2), humbly requests leave to file his verified FAC attached hereto which comprehensively adds all directly involved parties defendants whose acts & omissions directly violated his constitutional rights, & all actionable facts arising from events beginning on 3-15-19' & although finally released to gen. pop. status on 4-24-24, his actionable & irreparable injuries are serious & ongoing, & he genuinely fears further retaliations which defendants are perversely & arrogantly prone to do & entitles him to comprehensive protective orders best left to the Court's discretion. In support hereof, & hopeful compliance satisfaction to the Court's orders, he presents:

1.) Plaintiff's original Complaint was totally inadequate & named only ___ defendants; & recognized by Judge Lungstrum.
2.) Plaintiff's attached verified FAC remedies his original Complaint's shortcomings & properly adds an additional ___ defendants whose acts & omissions directly violated his constitutional rights.
3.) Plaintiff's attached verified FAC correctly invokes the Court's supplemental jurisdiction for his uniquely relevant & associated state tort claims, & invokes the continuing constitutional torts doctrine.
4.) Plaintiff's verified FAC has determined most all names of the directly involved defendants liable for the actionable wrongs committed against him & determined since filing of the original Complaint.
5.) This Court should grant leave freely, in the interests of justice, to file & prosecute his verified FAC. Accord Foman v. Davis, 83 S.Ct. 227 (1962); Williams v. Cargill, 159 F.Supp. 2d 984, 997-98 (S.D.Ohio 2001).
6.) Plaintiff was confined in segregation at EDCF, unlawfully & under severely atypical & significant hardships, & struggling with the overwhelming despair & psychological abuses affecting his physical health, & deprived of meaningful access to the prison law library, & zero access to anyone w/ sufficient legal acumen desperately needed to help guide him thru the nuances essential to prosecuting this case, & since his release to gen. pop. status on 4-24-24, he has been able procure the assistance needed to guide him thru his obligations
7.) The central actionable constitutional violations revolve around the unlawful diabolical retaliations & malicious denials of prolonged →

atypical & significant hardships duration of segregation under punitive conditions & deprivations of liberty & amenities... & simply stated, the "holdover" designation means what was said, placement on a list for release to gen. population. Plaintiff's behavior in segregation was in fact exemplary & he was the victim at all times & any false excuse that defendants can concoct for 5 plus yrs. of contemptible lying is meritless & diabolical, & he suffered immense psychological abuses therefrom. And defendants are charged w/ knowing what established law dictates in his circumstances at bar, & they consciously, w/ deliberate indifference, acts & omissions, deemed themselves ominously immune & above established law & this is a hideous pattern of unconstitutional & criminalities — their corrupt "customs & practices" that must be acted on by the court.

8.) Per Local Rule 7.6(b), Plaintiff attached evidentiary exhibits as the rule required, to his verified FAC; All admin. remedies as were available were laboriously exhausted & proven to be a dead end as condemned by Ross v. Blake, 136 S.Ct. 1850, HN 6-8 (2016) & Tuckel v. Grover, 660 F.3d 1249 (10th Cir. 2011);

9.) Per Local Rule 7.6(a), Plaintiff alleges & believes his verified FAC in fact complies w/ subsection (a)(1) & (2); & preliminarily stated here, genuine questions arise from counts 1 thru 11 of his verified FAC to satisfy compliance w/ subsection (a)(3).

And his statement of actionable facts & causes of action rely in part on the statutes, rules, & authorities recited in his verified complaint, & are further briefly relying upon:

(i) Hubbard / 48 KA 2d 1005 (KCOA 2013) re serious medical conditions & treatments "res ipsa loquitor" & Mathison / 812 F.3d 594 (7th Cir. 2016) re deliberate indifference to serious medical conditions & treatments;
Farmer v. Brennan, 511 U.S. 825 (1994) same;
Estelle v. Gamble, 429 U.S. 97 (1976) same.
Blaise v. McKinney, 187 F.3d 640 (8th / 1999) re 8th Am. & basic medical care.
Giles v. Medical Contractors, 723 F.Supp.2d 710 (D. Del. 2010) re "policy & custom" of contractor's medical svcs. violating prisoner's const. rights
Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980) same.

(ii) Aswegan / 965 F.2d 676 (1992 / Iowa) re repeated violations of medical orders not to be cuffed behind back...

(iii) Jamerson / 304 Kan. 678 (2016) re 1000 days A/S is atypical & significant hardship citing Sandin / 515 U.S. 472 (1985) & Wilkinson / 545 U.S. 209, 224 (2005) see also Trujillo / 465 F.3d 1210 (10th / 2006), Harden-Bey / 524 F.3d 789, 792 (6th / 2008) & citing other on point cases.

(iv) McClary / 4 F.Supp. 195 (1998) re psychological abuses of segregation

(v) Levier / 497 P.2d 265, syl. 2 (Kan. 1972) declaring KDOC prisoners constitutional to adequate medical care & treatment, & entitlements to be free of physical & psychological abuse, & unnecessary indignities.

(vi) Adam Young v. Mayer, 2023 U.S. Dist. Lexis 218694, re $700K damages for emotional distresses caused by unconstitutional acts & omissions & segregation.

(vii) Siggers-El / 433 F.Supp.2d 811 (E.D. Mich. 2006) re retaliation transfer for 1st Amendment activities; see also Bell / 308 F.3d 594 (6th / 2002) re retaliatory destructions of legal / personal property for 1st Am. activities;
Penrod / 94 F.3d 1399 (10 / 1996) (same)

2 of 3

Plaintiff prays the Court's patience & mindful that the battlefield at hand is lopsided & he acts in good faith in this quixotic quest for justice & he prays the Court to somewhat level the battlefield & appt. counsel on his behalf, & grant all such relief as the interests of justice cry out for, & grant prosecution of his verified FAC.

Plaintiff declares under penalty of perjury the forgoing is true & correct per 28 USC §§ 1746.

Executed on 8-13-24.

Respectfully Submitted,

s/ *signature*

Richard Grissom - Pro Se
#33728, EDCF, P.O. Box 311
El Dorado, KS 67042