IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD GRISSOM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-3260-HLT-ADM |
| ) | |
| **JORDAN BELL,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants Jordan Bell, Joel Hrabe, and Daniel Schnurr ("Defendants"), submit this Response in opposition to Plaintiff Richard Grissom's Motion for Leave to File An Amended Verified Complaint (Doc. 31). The Court should deny the Motion due to futility (because of the statute of limitations, vagueness, and misjoinder) as well as prejudice to the Defendants. Alternatively, the Court should screen the new claims under the Prison Litigation Reform Act (PLRA).

The currently operative Complaint brought just three counts against four named defendants. (Doc. 1 at 2, 8.) After the Court screened the Complaint under the PLRA, only one count remains, and it relates to a particular transfer on June 2, 2021. (Doc. 9 at 2; Doc. 1 at 8.) The proposed amended complaint would bring *eleven* counts against *sixty-four* named defendants based on a miscellany of actions unrelated to the current case. (Doc. 31-1 at 1, 6-10, 21-34.)

New Count I asserts that on March 15, 2019, new defendant Dyche opened Grissom's cell door to allow two prisoners to enter and steal various items when Grissom was not there. (Doc. 31-1 at 21.) New Count II asserts that Grissom's lost property claim about those items was

denied in 2019. (Doc. 31-1 at 22, 53-55.) New Count III asserts that a medical order for daily showers was rescinded while he was in segregation at HCF, which was from March 15, 2019, to June 2, 2021. (Doc. 31-1 at 22-23, 13.) New Count IV does not assert any particular alleged events, but complains generally about the prison "atmosphere," suggesting too few disciplinary actions against staff, too frequent theft of property, and that inmates are too frequently assaulted by other inmates or by staff. (Doc. 31-1 at 23.) New Count V asserts that prison staff retaliated against Grissom for filing grievances and a lawsuit by rescinding the medical order for daily showers (from Count III) and by moving him to a cell with less air circulation. (Doc. 31-1 at 23-25.) These events allegedly occurred while he was in segregation at HCF, which was from March 15, 2019, to June 2, 2021. (Doc. 31-1 at 13.) New Count VI is roughly equivalent to Count I in the current complaint (*see* Doc. 1 at 8) and asserts that Grissom was wrongly transferred from HCF to LCF on June 2, 2021. (Doc. 31-1 at 26.) New Count VII asserts that Grissom's legal and personal property were damaged or destroyed during his stay at LCF, which was from June 2, 2021, to March 22, 2022. (Doc. 31-1 at 27-28, 26.) New Count VIII asserts a separate wrongful transfer: that Grissom was wrongly transferred from LCF to EDCF on March 22, 2022. (Doc. 31-1 at 28.) New Count IX does not assert any particular alleged events, but complains generally about two private medical companies' alleged "custom & practice of unlawfully failing to report prison officials unconstitutional & criminal mistreatments." (Doc. 31-1 at 28-29.) New Count X complains that the Governor, one of her employees, and the Chairman of the Kansas State Legislature's Corrections Oversight Committee, have allegedly failed to investigate and act "on Plaintiff's & numerous other prisoners & their outside advocates' repeated protests . . . about . . . persistent unconstitutional abuses & conditions w/ criminal intents." (Doc. 31-1 at 30-32.) New Count XI does not assert any particular alleged

events, but asserts vaguely that "he has been provably treated differently" by a seemingly random assortment of defendants due to "racial animus." (Doc. 31-1 at 33-34.) This count also suggests in a conclusory manner that Counts I through X were motivated by "racial animus" but is clearly intended to extend further because defendants are named in Count XI that are not named in any other count. (Doc. 31-1 at 33.)

Because the Motion was filed after the period of time when an amendment can be filed as a matter of course, Grissom can amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The rule instructs courts to 'freely give leave when justice so requires.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.*

Here, the proposed amended complaint is futile due to the statute of limitations, vagueness, and misjoinder. Counts I, II, III, V, VI, VII, and VIII are plainly barred by the statute of limitations. For § 1983 claims, the forum state's statute of limitations for personal injury actions applies. *Jenkins v. Chance*, 762 F. App'x 450, 454 (10th Cir. 2019) (citing *Owens v. Okure*, 488 U.S. 235, 240-41 (1989)). If the forum state has multiple statutes of limitations for personal injury actions, the general or residual statute of limitations for personal injury actions applies. *Id.* (citing *Owens*, 488 U.S. at 249-50). In Kansas, the two-year statute of limitations under K.S.A. 60-513(a)(4) applies to § 1983 claims. Accrual of the federal action – and thus when the limitations period begins to run – is controlled by federal law. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Accrual occurs upon knowledge (or constructive knowledge) of the injury. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

Here, Grissom brings § 1983 claims (*see* Doc. 31-1 at 1), so the two-year statute of limitations from K.S.A. 60-513(a)(4) applies. Grissom's Motion for Leave to Amend was filed on August 14, 2024. Any claims the proposed amended complaint seeks to add would have had to accrue no more than two years earlier – that is, on or after August 14, 2022. Under Rule 15(c)(1), only Count VI (roughly equivalent to Count I in the original complaint) as asserted against current defendants would relate back to the filing of the original complaint on December 28, 2023. (*See* Doc. 1.) Each of Counts I, II, III, V, VII, and VIII – as well as Count VI as asserted against new defendants – allege events that plainly occurred earlier than August 14, 2022. No reason is apparent why Grissom would not have known about each alleged injury at the time. Therefore, these counts would be barred by the applicable two-year statute of limitations. And Count VI as asserted against current defendants would still be barred by the statute of limitations as has already been argued by Defendants in their Motion to Dismiss. (Doc. 15 at 9-10.)

Counts IV, IX, and XI fail to assert any particular events and are vague and conclusory. "Pro se claims may be dismissed where allegations are vague and conclusory and not supported by underlying facts." *Jackson v. Farris*, No. 08-3283-SAC, 2008 WL 5274610, at *2 (D. Kan. Dec. 16, 2008) (citing *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) and *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)). So these counts would be futile for being vague and conclusory. In addition, Grissom's descriptions of what most defendants allegedly did are vague and conclusory, merely listing sets of names without specifying which person did what, so they need not be accepted as true at this stage. Similarly, Grissom's conclusory allegations of conspiracy interspersed throughout his proposed new counts need not be accepted as true at this stage because they are vague and conclusory. And Grissom's vague and conclusory allegation

4

that any current defendants were motivated by racial animus (Doc. 31-1 at 33) also need not be accepted as true at this stage.

The proposed amended complaint would also violate joinder rules. Any amended complaint must comply with Rules 20 and 18 of the Federal Rules of Civil Procedure, which govern joinder of parties and claims, respectively. *Strader v. Kansas*, No. 19-3218-HLT, 2019 WL 5595243, at *2 (D. Kan. Oct. 30, 2019). A motion to amend can be denied as futile for failing to comply with these joinder rules. *White v. Kan. Dep't of Corr.*, 664 F. App'x 734, 742 (10th Cir. 2016); *Gillon v. Fed. Bureau of Prisons*, 424 F. App'x 722, 724-26 (10th Cir. 2011); *Green v. Montgomery Cnty. Jail*, No. 22-3125-SAC, 2022 WL 3098610, at *2 (D. Kan. Aug. 4, 2022) (citing *Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002)). As this Court has explained:

> Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions; and that a question of law or fact common to all named defendants will arise in the action.

*Strader*, 2019 WL 5595243, at *3; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). This showing is important because:

> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. [citation omitted] Stated another way, Plaintiff must show that all . . . defendants "participated in the same transaction or series of transactions" upon which at least one his claims is based.

*Sperry v. Wildermuth*, No. 16-3222-SAC, 2018 WL 623607, *2 (D. Kan. Jan. 30, 2018) (quoting *George*, 507 F.3d 605, 607 (7th Cir. 2007)). And it does not suffice for events to all merely arise from the plaintiff's incarceration. *Id.* at *3. "Requiring compliance with the federal rules on joinder of parties and claims in prisoner suits prevents 'the sort of morass [a multiple claim,

multiple defendant] suit produce[s].'" *Strader*, 2019 WL 5595243, at *2 (alterations in original) (quoting *George*, 507 F.3d at 607). "It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act." *Id.* (citing *George*, 507 F.3d at 607).

Here, Grissom has not shown that all defendants participated in the same transaction or series of transactions upon which at least one his claims is based. While Grissom litters various names around his proposed amended complaint (without specifying clearly what each person did), none of his counts name all of the defendants. For example, Grissom attempts to join to his current case (which pertains to a single transfer): Count I for opening his cell door, Count III for the rescission of a medical order, Count VII for property damage, and Count VIII for a separate transfer, all allegedly perpetrated by different sets of defendants. Count X for failing to act on correspondence is even alleged against solely non-KDOC officials, and nothing connects it to the transfer in the current case. Therefore, Grissom's proposed amended complaint is futile due to misjoinder.

Further, the proposed amended complaint would also prejudice the Defendants. This case has already gone through screening under the PLRA and briefing has been completed on a motion to dismiss the one remaining count. Now Grissom seeks to piggy-back ten new counts and *dozens* of new defendants into this already-screened and already-briefed lawsuit. The proposed amended complaint would unnecessarily add complexity and lengthen the case.

For these reasons, Defendants request that the Court deny Grissom's Motion to Amend or, alternatively, that the Court screen the proposed amended complaint under the PLRA.

        Respectfully submitted,

        KRIS W. KOBACH
        ATTORNEY GENERAL OF KANSAS

        */s/ Matthew L. Shoger*
        Matthew L. Shoger, KS No. 28151
        Assistant Attorney General
        Office of the Attorney General
        120 SW 10th Avenue, 2nd Floor
        Topeka, Kansas 66612-1597
        matt.shoger@ag.ks.gov
        (785) 296-2215
        Fax: (785) 291-3767
        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that on this 28th day of August, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served on the 29th of August, 2024, by means of first-class mail, postage prepaid, addressed to:

Richard Grissom #33728
El Dorado Correctional Facility
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

                                        */s/ Matthew L. Shoger*
                                        Matthew L. Shoger
                                        Assistant Attorney General