U.S. District Court
District Of Kansas

Richard Grissom,
Plaintiff
v.
Jordan Bell, et al.,
Defendants

Case No. 23-CV-3260-HLT

Plaintiff's Verified Objections To The Magistrate Judge's R&R, With Recusal Henceforth Request

Here & Now appears the pro se Plaintiff Richard Grissom & he respectfully objects as styled above, & pursuant to F.R.Civ.P. Rule 72(b)(2)&(3), he earnestly prays the Hon. Judge Teeter to reject the R&R entirely and eliminate any further referral of this case back to her. Accord Rule 73(b)(3) noting litigants are free to w/hold consent of a referral to a Magistrate Judge w/out suffering any actual or percieved substantive consequences, and humbly reminds the court that extraordinary circumstances permeate this exceptional case, 42 USC §1983 suit. See also Local Rule 72.1.1(f). Plaintiff has never consented to any referral to this Magistrate Judge, & Angel Mitchell's anti-prisoner litigant bias is renowned in her short tenure in that position, and what she has egregiously done in this case (Doc#34) is concrete validation substantiating the protests & sound objections herein..., & echos other like victims of her ill will abuses of power.

Plaintiff Grissom presents & declares under penalty of perjury (18 USC §1621) per 28 USC §1746, that the following is true & correct, & states:

1.) He recieved the R&R on 10-7-24 which EDCF legal maillogs shows, & per F.R.Civ.P. Rule 72(b)(2), his objections here are due by no later than 10-21-24 (14 days after being served with the Magistrate's R&R).

2.) A preliminary assessment of the Magistrate's R&R (Doc.#34), & moreso a coherent in-depth parsing evaluation, compels reasonable readers to opine that the R&R is myopic & she has abandoned her duties to give pro se litigants the liberalness due, & her R&R is the epitome of apostasy, & her anti-prisoner bias is on full display, & if unconscienably adopted by the Hon. Judge Teeter & appealed, the 10th Cir. would vacate easily.

3.) At the onset here, Plaintiff's facts & evidence amply present sound causes of action (claims upon which relief can & must be granted upon) & it is patently irrational for any experienced law trained mind to say otherwise w/a straight face, yet Angel Mitchell is a virtuoso in doing so & making herself a willing unlawful confederate in unlawfully ignoring defense counsel's entrenched history of asking the court to grant their motions to dismiss &/or summary judgements that defense counsel(s) know they are not entitled to. See→

1 of 7

again Littler v. Martinez, 2020 U.S. Dist. Lexis 1850 (S.D. Ind) as uniquely on point.

4.) Plaintiff's pleadings heretofore, & recited in Doc. 31, foremost invoked the "continuing constitutional tort doctrine" (see Para. 3/Pg. 1; see also Doc. #26 (at Para. #18/Pgs. 9-10, & Para. #19 @ Pg. 10) & his FAC (Doc. #31-1), leaves zero scintilla of doubt that not only does it apply & control all aspects of his FAC claims, but it also glaringly stands out that nowhere has defense counsel nor the Magistrate Judge uttered a single denial or dispute contesting this concrete fact. And thus for [all] intents & purposes as a matter of law, this concrete fact is uncontested & thereby deemed admitted. Period! Accord & sheppardize:

(a) U.S. v. Kis, 658 F.2d 526, 536-37 (7th Cir. 1981)("Non-Rebutted Affidavits are prima facie evidence in the case");

(b) Morris v. NCR, 44 SW2d 433 ("An an affidavit — or verified pleading under penalty of perjury — that is uncontested, unrebutted, or unanswered, in a timely manner is considered as undisputed facts as a matter of [well-established] law").

(c) See also on point: "Silence can only be equated w/ fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading... [& our Courts] cannot condone this shocking behavior... this sort of deception will not be tolerated & if this is routine [as it has provably been the modus operandi practiced by the complicities of Kansas' U.S. District Judges & defense attys. in prisoner cases] it should be corrected immediately. Accord U.S. v. Tweel, 550 F.2d 297, 299 (5th Cir. 1977)(same); U.S. v. Pruden, 424 F.2d 1021, 1032-33 (5th Cir. 1977)(same); Carmine v. Bowen, 64 A. 932 (1906)(same).

5.) Plaintiff respectfully reminds Judge Teeter, any competent, experienced civil rights atty. would excoriate the "findings & recommendations" at bar as being obviously in contempt of the universe of established law & no prisoner loses all his federal & state constitutional rights at prison gates. This R&R rings of an "anything goes sadistic mentality" & she sets the bar so high to lock the courthouse doors to prisoner liti- gants, knowing that the "societal consequences" resulting from such unbridled actionable criminal/unconstitutional abuses upon prisoners creates "Evan Ebel's" & she doesn't give a damn obviously & the question of at what point does a Kansas State or Federal Judge order criminal prosecutions for such arrogant depravities routinely inflicted on prisoners (see examples in Exhibit A-1 to A-__)? This pro se prisoner litigant has been wrongfully incarcerated for 35 years & 26 yrs. of that has been in unlawful punitive segregation w/ zero Court intervention. KSA 21-5416 is meaningless. 18 USC §§§ 241, 242, 371 etc. is meaningless. The KS U.S. District Court's "Civil Rights Unit" is an abomination. To Plaintiff's knowledge & experience, there has never been a state or federal criminal prosecution of any KDOC official for criminally abusing — physically or psychologically — a KDOC prisoner. That is extremely scandalous & deviant. These truths must be said & remedied w/ real "walk the talk" actions.

2 of 7

6.) Plaintiff further calls Judge Teeter's attention to the KS Fed. Ct.'s McIntyre case, CA#18-cv-2545-KHV, & specifically that at least two Amended Complaints were filed... and McIntyre's ROA shows he had a squad of attys. from the ultra highest echelon attacking the actionable criminal depravities upon him which in fact resulted in a settlement over $12M & the centerpiece of that lawsuit was a legendary Apex Predator w/a badge who committed untold horrors on KC area citizens for decades & perversely enabled by his fellow LEO's, Prosecutors & Judges, who astutely knew (& faced no consequences) about his criminalities, & several years ago, that Apex Predator Roger Golubski was charged w/federal criminal violations & given house arrest & remains unprosecuted & the question of why hasn't the KS federal court Judges, U.S. Atty's ofc., et al moved Golubski's case forward instead of "being complicit enablers"? See on point the "roadmap" recited in that case by the esteemed Judge Vratil on 3-3-20. McIntyre's history of actionable claims was "reviewed & denied by around 30 Judges over 24 yrs. before he was finally exonerated & he suffered, as did Floyd Bledsoe who was finally exonerated after 16 yrs. of "reviews" and denials — and in those cases, & countless other cases, he too like this Plaintiff suffered the repulsive indignities of State attys. corruptly asking State & Federal Judges to grant dismissals when they knew they weren't factually or legally entitled to any dismissals for the "concocted reasons" they cited, & Judges like this Magistrate Judge Mitchell perfunctorily granted their frauds on the Courts, and "we" have the same meritless "concocted reasons" at bar now in this case & Littler v. Martinez, 2020 U.S. Dist. Lexis 1850 uniquely mirrors "events" in this case, which unfortunately for Plaintiff, the Magistrate Judge's R & R repulsively embraced the defense counsel's nonsense & defies established law governing filing an Amended Complaint pursuant to Rules 15(a), 19(a)(1) & (b)(i), & (2) & 20(a)(1) & (2), (3) & (b) of the F.R.Civ.P.; & Rule 15(c)(1)(A) & (B)(ii), (d), also provides the necessary "roadmap" soundly allowing that amendments "relate back to the date of the original pleading', & the SCOTUS' long established ruling in Foman v. Davis, 371 U.S. 178, 182 (1962) makes vividly clear that a Court should always grant litigants leave freely to file an amended Complaint. The Magistrate Judge intentionally abused her discretion in arbitrarily denying Plaintiff verified motion for leave to file an amended petition & it was clear error that compels a de novo review. And 3 SCOTUS rulings come to mind to excoriate the Magistrate Judge's prejudicially myopic abdications of her legal duties when "evaluating" pro se pleadings, "Courts are obligated to liberally construe pro se complaints, no matter how unartfully pleaded & must be held to less stringent stds. than formal pleadings drafted by lawyers", Accord Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980); & Erickson v. Pardus, 551 U.S. 89, 94 (2007). This Magistrate Judge should be prohibited from presiding over any prisoner pro se →

6.) Continued!
case.(civil rights or habeas) as her sordid history to date is odiously anti-prisoner & going a step further she should resign or be removed.

7.) Let's now focus further on the body of applicable law as it applies to an amended complaint which is infuriatingly lost on this abusive Mag. Judge which truly is applicable to this Plaintiff's FAC (&a and A/C):

(a) Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("A FAC supersedes the original complaint. After amendment, the court must treat an original complaint as nonexistent").

(b) Innova Hospital, etc. v. Blue Cross, etc., 892 F.3d 719, 726 (5th Cir. 2018) ("The court reviews a dismissal for a failure to state a claim de novo & a denial of leave to amend a complaint for abuse of discretion")

(c) Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003) ("Dismissal of a complaint w/out leave to amend is improper unless it is vividly clear that the complaint could not be saved by any amendment")

8.) Footnote #1 of Doc. #34 ludicrously declares that the Mag. Judge in this case, egregiously denied Plaintiff's verified motion to amend "solely on grounds of futility" & therefore her ruling is dispositive". Established & Plaintiff's succinct actionable claims "mock the Mag. Judge's shameful ruling. She's obviously deaf & dumb to her ruling being far more than a personal attack...

It is patently assinine to declare Plaintiff's causes of action "fail to state a claim" —— that is unreasonable & irrational. The Mag. Judge's R&R doesn't provide an adequate explanation why the court not & unmasks her perverse evil mindset to condone any & all rabid unconstitutional & criminally rampant injustices to a prisoner over 5 yr. time span. It is a patently obvious manifest injustice for anyone in her position to insidiously "justify" such actionable travesties, shocking & intolerable, & if Judge Teeter doesn't rightously condemn her, the 10th Cir. will.

Rule 15(a) of the FRCivP requires a court to freely give leave to amend a complaint, & the facts & evidences recited in support of Plaintiff's causes of action in this case dictates that "the interest of justice so requires". The Mag. Judge Mitchell is corruptly clueless to what then constitutes the "interests of justice" in this case & it sure as hell doesn't allow for a deviant "anything goes mentality practiced by corrupt prison officials & state officials" as recited in his FAC.

As a matter of law stupendously lost on the Mag. Judge & requires an excoriating reversal —— why wouldn't Judge Teeter be angry by such immoral, unethical, unconstitutional & criminal abuses practiced by corrupt defendants hellbent on retaliations for over 5 yrs. being condoned & justifying morbid psychological abuses that long caused physical injuries... — the 5th Cir. held in 2018 (as Judge Teeter must embrace & apply in vacating the R&R, that "For futility, an amended complaint is futile only if it fail to survive a Rule 12(b)(6) motion". See North Cyprus, etc. v. Aetna Life Ins. Co., 898 F.3d 461, 477.

What's before this court in Plaintiff's FAC are undeniable to any reasonable jurist as being actionable jury issue claims.

4 of 7

9.) A proper verified motion for leave to amend, accompanied by a proposed verified FAC, which as presented by Plaintiff in this case & offers up detailed descriptions of his legit causes of action, truly provided ample notice to the screening judge (who & when did Judge Teeter assign/refer his pleadings to this Mag. Judge?) & to the opposing parties, & the purposes to be served by his FAC on full display, & his reality-based facts in sufficient detail, satisfies the legal standards to proceed on all causes of action; & thanks to the Mag. Judge pointing out the nexus between all named defendants that exists & binds them to each other, he adds that aspect as a 12th cause of action "Supplement" per Rule 15(d) of the F.R.Civ.P. and seeks to pursue discovery so he can more fully file a proper 2nd Amended Complaint to satisfy Judge Teeter. But, see on point Requena v. Roberts, 893 F.3d 1195 (10th Cir. 2018); see also McIntyre v. Unified Govt. of Wyandotte Co., Case #18-cv-2545-KHV/ ruling on 8-3-20 re "2nd Amended Complaint allegations"

The most important factor that must be considered when granting a motion to amend is whether there is prejudice to the opposing party, & in these matters at bar, Plaintiff vigorously asserts none of the defendants are prejudiced.

10.) Plaintiff alleges & believes that it would be proper & in the interests of justice to consider & grant (the Court has multiple options to consider & grant in this case & he posits this option in good faith) a Rule 60(b)(5) & (6) motion to reopen his previous suit, C/A #20-CV-3163 because applying it prospectively is no longer equitable, & the interests of justice best served in doing so as it removes the lopsided objections made & adopted by the Mag. Judge... the interests of justice requires it & the continuing constitutional tort doctrine eliminates the statute of limitations objections.

11.) Plaintiff reiterates in full as if fully repeated here, his verified pleadings averments recited in good faith & based on established law - Doc.'s #22, #26, #31, & #31-1.

12.) The Magistrate Judge's references to Rule 8 procedure re "short & plain statement" shows she's dead set on eviscerating the interests of justice & defendants liabilities in this case. Plaintiff has in fact filed well-pleaded claims & had he filed "short & plain statements", he knows she'd go on a rant & accuse him of not filing a sufficient claim. He is pro se & doing the best he can & he's doing battle w/ state attys accustomed to getting their way w/ Judges granting relief they know they're not entitled to, & he has to do battle against a Magistrate Judge who routinely sides w/every stroke a state atty makes against a pro se litigant & that's an ugly truth she has become renowned for in unprecedented short time.

(3.) Injunctive claims are generally not subject to statutes of limitations. See Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946) & that's still good law.

(4.) If a violation of rights takes place as in this case & the 2020 case which combined (as he is entitled to do under the law) requires application of the "continuing wrong (or continuing harm) doctrine" then the statute of limitations may not start to run until the end of that period. See Heard, 253 F.3d 316, 320 (7th Cir. 2001)(adopting continuing wrongs rule for ss 1983 suits) & cases cited therein; and accord Shomo v. City of NYC, 579 F.3d 176, 181 (2nd Cir. 2009)(following Heard); Hensley, 557 F.3d 693, 697 (6th Cir. 2009)(continuing violation exists if "(1) the defendants engage in continuing wrongful conduct; (2) injury to the plaintiff accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct further injury would have been avoided") see Tiberi, 89 F.3d 1423, 1430-31 (10th Cir. 1996).

Plaintiff righteously opines & avers that the defense counsel & the Magistrate Judge's silence on this doctrine's application to his actionable claims — & invoking the doctrine repeatedly in his previous verified pleadings (Doc.'s #22, #26, #31, & #31-1) — is deafening & they know it shuts them up in their grand perverse schemes to deny prisoner litigants the facts & demands, like in this case, be had. Its too late for them to object now, their silences is deemed admission. See Para. #4/Pg. 2 above.

Because Plaintiff is overwhelmingly pressed for time to get this pleading efiled today & it being unfinished, he prays the Court to grant him an additional 14 days to complete Para. #13 to the end. He makes this request in good faith & because of his current conditions & 10 hrs plus days of labor, he's exhausted & there is a lot to digest & rebut, & a 2nd Amendment filing to draft.

Plaintiff requests Judge Teeter to grant the extension sua sponte or grant a zoom hearing for oral arguments. Plaintiff requests up to 11-4-24 to file his finished "Part 2" hereof.

10/18/24
Date

Respectfully Submitted,
/s/ [signature]
Richard Grissom - Pro Se