U.S. District Court
District of Kansas

Richard Grissom,
Plaintiff
v.
Jordan Bell, et al.,
Defendants

C/A# 23-CV-3260-HLT

## Plaintiff's <u>Verified</u> Part II of II R&R Objections With Request for Zoom Hearing Arguments Per Local Rule 7.2

The pro se Plaintiff Richard Grissom respectfully proceeds with a continuation of his 10-18-24 Part I of II R&R Objections & Magistrate Judge Recusals henceforth Request, & humbly requests oral arguments via Zoom in support of remedying the continuing constitutional wrongs & absolute certainty of the likelihood that yet more actionable constitutional abuses are in store w/out intervention & consequences imposed for the egregious retaliations maliciously imposed for having the temerity to seek redress from the Court heretofore.

In further support, Plaintiff presents:

1.) The Magistrate Judge's (hereafter designated "M/J" for convenience) R&R reeks of bias & prejudice, & unlawfully & myopically declares that Plaintiff's FAC "which would add ten new claims & dozens of additional defendants who allegedly engaged in unlawful (do not decieve yourselves as she insidiously has, that the FAC presents unambiguous & blatant <u>unconstitutional travesties imposed every day for over 5 yrs.</u> which she could never endure & in all likelihood would physically/psych. break over in swift fashion as reasonable minds have posited & opined) acts that have no apparent relation to the one remaining count in his original complaint — is futile," & her footnote to such incredulous nonsense posits that "the futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this Court reviews de novo".

2.) Plaintiff's continuing constitutional wrongs encompass the facts that the "additional new claims & defendants" arose from the passage of multiple years, & the criminal & unconstitutional abuses grew exponentially — daily in fact & grasp those implications w/out fear or favor or unchecked bias & prejudice as infuriatingly displayed by the M/J's preposterous R&R — & the new →

1 of 5

arrogantly deem themselves immune from liabilities because the Courts [State & Federal] are loathe to hold these defendants accountable (they perversely deem their depraved acts & omissions to be "normal") the 5 plus yrs. of unconstitutional retaliations/illegal segregation & transfers would not have occurred.

4.) The M/J's R&R unreasonably suggests that Judge Teeter should deny Plaintiff's proposed FAC & asserts that the ten new claims & dozens of new defendants have "no apparent relation to the one remaining count" & that is obscenely false. In this suit the facts & evidence & the interests of justice commands the Court to freely grant him leave to proceed not only on his FAC, but also a 2nd & possibly a 3rd Amended Complaint after developing his facts & evidence thru effective discovery. The M/J's R&R is solely based on her preposterous "futility/failure to state a claim," & ludicrously presents she has exercised "sound discretion" in her sole basis to deny filing the FAC. Reasonable minds, including this Plaintiff, vehemently disagree w/ such obvious tripe & opine she has always followed the road to perdition & arrogantly abused her discretion. She knows what's at stake had she upheld Plaintiff's constitutional rights & opened the floodgates to accountabilities for the actionable wrongs rabidly inflicted for 5½ yrs. — she, practically speaking, doesn't give a damn about the litany of criminal/unconstitutional wrongs & defies established law that gives prisoner victims like Plaintiff a seat at the tables of justice, & lest anyone forgets, like the named defendants in this case, this M/J is a tyrant w/ a history of condoning an anything wrong goes in sadistically abusing prisoners caught in the crosshairs of corrupt wrongdoers, acting under the color of state law, & that truth resonates loud & clear.

5.) The M/J didn't "assume the truth of Plaintiff's well-pleaded FAC facts nor draw all reasonable inferences therefrom in the light most favorable to this Plaintiff." She is not the trier of the facts & Judge Teeter must inculcate the M/J to the simplicity of this mandatory legal principal, & to the liberalness owed pro se litigants.

6.) Plaintiff calls Judge Teeter's attention to the list of options she has at hand, which include allowing:
   (a) appt of experienced legal counsel to properly tie in the common denominator nexus per Rules 18(a) & 19(a)(1)(A), & (a)(2), & in accord w/ Rule 20(a)(2)(A) & (B), (3) & (b);
   (b) Plaintiff to develop his facts & evidence presented by his FAC via discovery & then submitting an additional motion for leave to file a 2nd Amended Complaint that cures the cited faults noted by the M/J's R&R "Analysis"/Pgs. 5-11; or allowing:
   (c) Plaintiff to reopen C/A # 20-cv-3163-JWB for the limited purposes →

named defendants each & everyone had direct knowledge, & conscious direct participation, & being complicit because they lacked the courage & integrity to abide by & enforce their ×@#! oath's to enforce & uphold the laws of KS & the U.S. Constitution... mere meaningless words to all of the named FAC defendants & their odious enablers (defense attys. & folk's like the M/J who "see no evil/speak no evil/ hear no evil" perpetrated by their confederettes. A real abomination.

3.) There are in fact, & plainly before the Court, "common denominators" that binds every defendant together as key components in the 5 yrs. plus retaliations conspiracy, for This Plaintiff's (misguided?) belief that one of the named "bigshots" defendants would intervene & comply w/established law, aka "walk the talk" of those bs utopian values they perjuriously pledged allegiences to, yet apply to each other's backsides as the FAC aptly demonstrates is "S.O.P." in Kansas (the renowned "land of smoke & mirrors fame") The defendants, their attys. (& even the M/J) are everyone — collaborators in their acts & omission brought to light in Plaintiff's FAC. It is patently irrational for any self-professed intelligent & law trained mind to egregiously ignore the ugly illegal (under the 1st, 4th, 8th & 14th Amendments) truths at bar in his FAC, & illogically declare his claims equate to the equivalent of a failure to state a claim! Plaintiff was on a 5 yrs. plus list to be released from the actionable abuses of segregation into general population status & repeatedly lied to &/or deviantly ignored... & repeatedly transferred to other prison segregation units & told it was up to the upper echelon KDOC HQ hierarchy to simply implement his release back to gen. pop. status — which took another 2 yrs. after transfer back to EDCF... & they abandoned & betrayed their established legal, moral & ethical duties to adhere to established IMPP policy mandates (#20-104, Section I.B. at subsection (A.a.(2)) that imposes an unambiguous due process liberty interest entitlements, & bears reiterating here again:

"An individual shall not be held on holdover status for a period longer than reasonably necessary to accomplish the transfer to another facility." (emphasis added).

This Plaintiff's 5 plus yrs. of maliciously retaliatory suffering because he dared to seek court redress is an outright denial of equal protection of the established laws, & this IMPP was "designed" by rationality & reasonably intelligent minds to prevent rabid abuses of authority as was intentionally inflicted on Plaintiff for over 5 yrs.; & these are actionable claims for a jury to determine - period. And it is fairly said, if not for Plaintiff's courage to challenge the vile abuses of corrupt state officials acts & omissions criminally imposed on him (its the entrenched culture thru-out the KDOC, & outside state officials, who-

2 of 5

of solidifying the "continuing constitutional wrongs" that have in all truth, persisted for multiple years & this std. obliterates the 2 yr. statute of limitations invoked by defendants & rotely adopted/embraced by the M/J as she is deviously inclined to do to Plaintiff's legal rights detriments. Accord Rule 60(b)(6) too.

(d) Plaintiff to supplement his proposed FAC & cure the M/J's complaint that the new claims & dozens of additional defendants who've directly engaged in the constitutional violations at bar, absolutely have vividly clear 'common denominator nexus' to each other in not only the alleged one remaining count I from the original complaint, but to each of the ten new claims in his FAC.

These common denominators 'nexus' include claiming that: each defendant's acts & omissions that perpetuated the constitutional violations suffered were precisely motivated by their separate & collective perverse desires to retaliate & punish Plaintiff for complaining (via grievances, written claims, verbal protests, & filing suits in this Court for intervention & redress) from their unchecked constitutional abuses causing Plaintiff severe physical & psychological injuries, & these individual & collective retaliations, violated his 1st Amendment umbrella rights protections by their individual acts &/or individual omissions, separately & jointly, & likewise an additional common denominator nexus unique to each individual defendant is their acts & omissions by virtue of the unconstitutional seizure of his person being illegally confined in segregation for over 5 yrs. & in malicious violation of IMPP #20-104, section I.B. at subsection A. a.(2)', and further still, yet another common denominator nexus uniquely connecting every individually named defendant to each & every FAC count; & collectively connecting each defendant's liability to the rabid violations of Plaintiff's 14th Amendment due process liberty interest entitlements by virtue of their direct knowledge & active participations & silences/omissions to do their legal, moral, ethical duties to intervene & release him from the punitive conditions of segregation — physical & psychological injuries suffered for over 5 yrs. while incessantly lying to Plaintiff, & depriving Plaintiff of the equal protections of law espoused by the aforementioned IMPP #20-104 (while countless other prisoners on the same release/transfer list were expeditiously released or transferred to gen. pop. at another KDOC facility) cannot be rationally denied, & are jury issues to determine.

Rule 15(d) would best serve the temporary purposes here for granting his verified motion for leave to file his proposed FAC & add 4 additional constitutional violations causes of action per his 1st, 4th, 8th, & 14th Amendment rights violated by defendants separately & jointly, by their individual acts & omissions. See also Cox v. Zmuda, 2022, U.S. Dist. Lexis 152516 re "Plaintiff is also given the opportunity to file a 2nd Amended Complaint to cure deficiencies".

7.) Inasmuch as the M/J's R&R is solely based on the "futility/failure to state (actionable) claim(s)" nonsense, all other references to defense counsel's dismissal motion "reasons absurdities," are thus moot & irrelevant at this juncture, & nonetheless are vigorously disputed & denied, & so too the M/J's "position statements."

8.) And under the continuing constitutional tort doctrine, laboriously invoked repeatedly in his previous recent pleadings, & motion for leave to file his FAC, the 2 yr. statute of limitations doesn't apply, & by virtue of the facts that neither defense counsel nor the M/J dispute such & chose to remain mute, their silences are deemed admissions that the doctrine applies & eviscerates their other irrelevant objections & posturing nonsenses.

9.) The Court can grant leave to file a 2nd proposed Amended Complaint.

Wherefore, Plaintiff humbly prays the Court to reject the M/J's R&R entirely & schedule a Zoom hearing oral arguments to determine a pathway on such options the Court has available & best serving the interests of justice, & recognizing he is always at extraordinarily high risk of being retaliated against again for simply pursuing this quixotic quest for justice in good faith & his actionable facts & evidence plainly are based on established law & he is deserving of temporary & permanent injunctive relief protective orders. The foregoing is declared true & correct under penalty of perjury per 28 USC §§ 1746.

Respectfully Submitted,

10-30-24
Date

s/ Richard Grissom - Pro Se

Certificate of Service

I, Richard Grissom, herewith certify delivering the foregoing to EDCF officials to efile to the Clerk's Ofc. at 444 SE Quincy, in Topeka, KS, 66683 on this 30th day of October, 2024, w/efn simultaneous service on defense counsel.

s/ Richard Grissom - #33728
EDCF, P.O. Box 311
El Dorado, KS 67042