U.S. District Court
District of Kansas

Richard Grissom,
Plaintiff
v.
Jordan Bell, et al.,
Defendants

C/A # 23-CV-3260-HLT

Verified Motion To Alter/Amend & Vacate The Judgment Entered In Doc.'s #34 & 39; And Request For Hearing

Here & Now comes the pro se Plaintiff Richard Grissom, respectfully motioning the Court per F.R.Civ.P. Rule 59(e), & he humbly declares under penalty of perjury per 28 USC §1746 & 18 USC §1621, that the following is true & correct, presented in good faith, & firmly based upon well established law, & presents:

I. <u>Preliminary Statement</u>.

Plaintiff is cognizant of the fact that this type of motion is only available when the Court both denies leave to amend & dismisses the complaint, & this type of motion is intended to call the Court's rapt attention to subject matters it (inanely) overlooked. And in the face of the Court's unconscienable myopia & ridiculously false assertions that "The Court is mindful..." nonsense at FN#1/Pg.1 of Doc. 39, Plaintiff is obligated to join the legions of astute observers familiar w/ both Judge Teeter's & M/J Mitchell venomous anti-prisoner litigant bias to opine that such free reign to prison officials to criminally & unconstitutionally violate core legal rights of prisoners such as at bar in this case & in his previous cases (#15-CV-3221-JTM/DJW & #20-CV-3163-JWB-ADM) are arrogant abominations that are unconscienable & unforgiveable on every legal/moral/ethical level... & the Court's apathy is entrenched & on full display.

The Court's repeated declarations that Plaintiff's amendments are futile defies established law, as seen in his objections (Doc.#37 & #38) & recited below.

II. <u>Arguments & Authorities</u> Confirming Rights To Rule 59(e) Relief:

(A) The decisions of the Mag. Judge & D.Ct. Judge declares erroneously that the continuing constitutional tort(s) doctrine doesn't apply, that therefore he is out of time seeking to prosecute his first Amended Complaint, & that his objections to the R & R are unpersuasive, & his proposed amendments are futile, & this is preposterous.

(B) Plaintiff prolonged admin. seg. (over 5yrs.) & prison rotations in retaliation for exercising his 1st Amendment rights to seek & obtain redress violated his protected liberty interests by virtue of prison officials perversely arrogant impositions of significant & atypical hardships for over 5yrs. & which has repeatedly occurred in the past as →

1 of 11

II.(B) Continued:

shown in his 2015 & 2020 cases cited above, & neither the Mag. Judge nor D.Ct. Judge saw fit to address these rabid abuses & practices insidiously practiced against this "targeted" prisoner litigant. These Judges egregiously refused to appt. counsel to assist this prisoner litigant w/ his arguably meritorious claims & refused to allow him discovery to develop his stunning facts & evidences, & refused to convene an evidentiary hearing, & then dares to issue such preposterous "findings" to deny his birthrights as a citizen & prisoner-litigant to relief owed as a matter of law. The Court's positions misrepresents the facts, evidences, & established laws governing his claims, facts, & evidences. Substantial competent facts & evidences are at hand that reasonable minds readily agree must be accepted as adequate to support conclusions that are triable under established law.

Plaintiff's significant & atypical hardships invoke 1st, 4th, 8th, 14th Amendment rights protections & unequivocally demonstrate federal criminal law violations under 18 USC §§ 241, 242, 371. The acts & omissions by Judges Mitchell & Teeter in not only this case, but in countless other cases to have fallen w/in their crosshairs over the years they've been on the bench, aptly demonstrates they are absolutely loathe to have ever held any state official defendant accountable to the established law. Preserving the status quo at any sacrifice, or insult to the rule of law has been their "norm" & they are in dire need of having their moral compasses recalibrated.

What defendants are accused of willfully inflicting upon this prisoner litigant shocks the general conscience & is intolerable to genuine fundamental fairness. Plaintiff's admin. seg. & retaliatory transfers, & the conditions suffered at each prison as described, served zero penological purpose or objective, & is actionable on all claimed issues.

Judges Mitchell & Teeter refused to apply the 2-step analysis to reviewing a due process claim whereby officials deprived Plaintiff of his recognized liberty interest entitlements & refused him the process due him, i.e., release from admin. seg. to gen. population status & it is the epitome of cruelty & hypocrisy to tell any prisoner month after month that he is on the "kick-out list" for over 5 yrs. & incessantly lying to him to cause & did cause severe psychological distresses affecting his physical & mental well-being — an insidious indignity nobody can justify... & w/out enforcing his constitutional rights, they'll do it again!

Judges Mitchell & Teeter didn't just "overlook" the Sandin & the Wilkinson standards & relevant factors, they stand accused as having deliberately ignored/refused to apply & enforce SCOTUS precedents that dictate what they are obligated to do w/out fear or favor.

(C) The Sandin v. Conner, 515 U.S. 472, 485 (1995), & Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005) standards & factors hold that:

2 of 11

II.(C) Continued:

Admin. Segregation itself can infringe upon protected liberty interest rights (under the 1st, 4th, 8th, 14th Amendments as presented in his FAC/Doc.#31-1). Unquestionably, these protected liberty interests entitlements arises in these contexts as Plaintiff's FAC alleged due to the defendants' imposing egregious restraints upon his already limited freedoms & the 5 plus yrs. restraints are unprecedented atypical & significant hardships in relation to the ordinary incidents of prison life & magnified exponentially by the monthly perverse lies that he was on the "kick-out" list for release to general population status. See Sandin supra, at 485 (finding no liberty interest protecting against a 30 day admin. seg. confinement because it did not "present a dramatic departure from the basic conditions of a prisoner's sentence, whereas in this case the facts & evidence before the Court leaves zero rational doubt that his unique 5 plus yrs. of diabolical psychological abuses & abhorent targeted deprivations absolutely is a no-brainer dramatic departure from an inconsequential 30 days admin. seg. & 5 yrs. plus in this case is the epitome of that which defines "atypical & significant hardships.

And in Wilkinson, supra, at 223-24, the SCOTUS further developed the Sandin std. by using 3 coherent factors to fundamentally determine whether an "institutional assignment" such as the "targeted" admin. seg. & retaliatory transfers between 3 prisons seg. units (one of which was designated as a "super-max seg. unit" for the "worst of the worst w/in the KDOC - at LCF) at bar in this case's FAC/Doc#31-1, actually infringes on the protected liberty interests claimed, being:

(i) The harshness of the conditions such as human contact deprivations, enviromental & sensory stimuli deprivations;
(ii) the duration of these segregation deprivations in relationship to prison norms & to the terms of the individual's sentence; and
(iii) the disqualification of accessing programs & beneficial activities enjoyed by prisoners in general population.

The Wilkerson Court found protected liberty interests, & in this case, a full evidentiary hearing is essential to developing the record on the wide-ranging deprivations suffered & actual injuries irreparably suffered, & the deliberate indifferences to the malice that originated from the HCF defendants & the criminal conspiracy joined into by a laundry list of other prison officials whose vile character disorders inflict such travesties on hapless prisoners daily & w/impunity because our state & federal Court Judges & prosecutors deem such abnormal perversities to be part of every prisoner's sentence & in contempt of KSA 75-5201 which itself creates a protected liberty interest as does KSA 75-5210(a) to humane treatment, & let's not forget that KSA 75-5251 also creates a protected liberty interest that the S.O.C. & his subordinates will legitimately investigate & act on each & every prisoner complaint of staff misconduct, yet ludicrously deems himself exempt from his nondiscretionary statutory duties, same as our state & federal LEO's/Prosecutors who abominably refuse to prosecute→

3 of 11

II.(C) Continued:

KDOC officials who insidiously delight in "criminal mistreatment of a confined person"/KSA 21-5416, & conspiracy to & violations of constitutional rights w/criminal intents/18 USC §§ 241, 242, 371. See attached Exhibit A as a prime example & realize that the then female prison warden gloria geither who "fostered" that depraved atmosphere is now "the Deputy S.O.C. & has committed a laundry list of criminal/unconstitutional travesties in that position & in league w/the S.O.C. & like confederates thru-out the state... & its fairly said & widely believed that Judges Mitchell & Teeter "have blood on their hands" because of their conscious complicities & contemptuous failures to do their sworn duties to uphold & seriously enforce federal laws & prisoner litigants' well-established legal rights.

The factors found in Wilkinson permeate the same factors that exist in this case but because of the bias & apathy demonstrated by both Mitchell & Teeter, this Plaintiff was deprived of discovery & essential evidentiary hearing(s); & defendants diabolically intended to mistreat Plaintiff & cause him the irreparable actionable injuries they inflicted & they intended to criminally & unconstitutionally keep him in Admin. Seg. & continue rotating him between KDOC prison seg. units indefinitely. "Motives" are jury issues.

This Plaintiff's FAC/Doc.#31-1 claims, taken together (& separately) sufficiently demonstrate his complained of cruel conditions & mistreatments surpass the liberty interest thresholds & constitute the impositions of actionable atypical & significant hardships w/in the prison context, & it follows that defendants & the Judges involved in this case have unconscienably failed their legal, moral, & ethical duties to act.

Plaintiff's 5 yrs. plus admin. seg. at no point in time furthered any legitimate penological interest & prison officials involved are expert in self-serving doubletalk, i.e. despicable liars. The conditions of his admin. seg. placements at HCF, LCF, & EDCF were extreme & caused physical & psychological irreparable injuries & the "reviews" deliberately concocted lies & no "rational & decent" person could ever condone any of the 5 plus yrs. of dishonest deceits as practiced against him.

The Court Judges who will review these pleadings in the very near future are called upon to acquaint themselves again w/Justice Kennedy's concurring opinion in Davis v. Ayala, 135 S.Ct. 2187, 2209-10 (2015)

(D) The record in this case aptly demonstrates that at no point has either Judges Mitchell or Teeter considered nor applied the Sandin & Wilkinson stds & relevant factors therein or recited in Davis, supra & despite these developed legal structures required by the SCOTUS for cases such as this case, the Court abandoned its duties & preposterously ruled his actionable claims "are futile" & that →

4 of 11

II. (D) Continued:

his claims facts & evidence don't rise to the level of a constitutional violation, & compound these manifest injustices by not only showing they were even aware of the Sandin/Wilkinson/Davis applicability to this case, but place their integrity & legal acumen squarely in the forefront by deviantly declaring that the "continuing constitutional torts doctrine" is inapplicable to his FAC/Doc.#31-1.

And finding whether the Sandin/Wilkinson/Davis factors exist, such as whether Plaintiff's admin. seg. duration was extreme "requires specific inquiry & fact-finding by the D.Ct. to determine the specific conditions of the admin. seg. Plaintiff was subjected to at each of the 3 prisons (HCF/LCF/EDCF) over the 5½ yrs. in issue.

The KS S.Ct. told us in Jamerson v. Heimgartner, 304 Kan. 678, at 685-86 how it would handle a case that did not develop the relevant facts enough to apply its multiple-factor test (in Sandin/Wilkinson/Davis). See also as relevant, Astorga, 475 P.2d 385, at *6 (2020).

And because the court record in this case is grossly inadequate, the factual record takes on a heightened significance for the 10th Cir's appellate review. Its also fairly argued that Judges Mitchell & Teeter egregiously defy established law & routinely dismiss prisoner litigated cases brought by unrepresented litigants to impose overwhelming distress & unfairly increase costs — most all prisoner litigants don't have the $505. 10th Cir. filing fee, much less the $400. D.Ct. filing fee.

This Plaintiff prisoner-litigant will make the sacrifices necessary to perfect his appellate review rights & confidently believes they will remand back to the D.Ct. (& hopefully w/instructions for assignment to a different Judge) for a full blown evidentiary hearing to develop the facts & evidences, & applying the Sandin/Wilkinson/Davis factors to fairly determine whether the 5 plus yrs. admin. seg. abuses of authority & hideously unconstitutional retaliation conditions infringed on his protected liberty interests entitlements created by the 1st, 4th, 8th & 14th Amendments of our U.S. Constitution — & further instructing appt. of legal counsel to properly assist the interests of justice.

And the court(s) hereto are called upon to remember that per the doctrine of stare decisis, the KS federal D.Cts. & 10th Cir. App Ct, & the SCOTUS have long recognized & applied the KS S.Ct.'s declarations of constitutional rights entitlements of KS state prisoners, in Levier v. State, 497 P.2d 265, at Syl. #2 (1972) "include entitlement to ... protection against physical or psychological abuse or unnecessary indignity."

(E) The declarations issued to date by Judges Mitchell & Tatum egregiously asserting that the constitutional torts doctrine does not apply defies, & "overlooks" w/an irrational frenzy, well-established 10th Cir. rulings on this subject & its a simple common-sense interpretation, which is myopically lost on Judges Mitchell & Tatum. 5 of 11

## II.(E) Continued:

It is glaringly disgraceful for Judge Teeter to misrepresent Plaintiff's pleadings & misconstrue the "continuing tort doctrine" as "inapplicable because - just like his original FAC retaliation claim - the new claims are all based on allegedly discrete unlawful acts about which he knew or should have known & for which he could have timely sought recovery" (Doc. 39/Pg.11). This ludicrous "determination" is conclusory bs at best & assinine speculation, or at worst is reflective of Teeter's diabolical propensities to unlawfully benefit the criminal/unconstitutional acts & omissions of defendants. Judges Mitchell & Teeter have exhibited a sordid pattern & history of contemptuously & arrogantly defying established law to the intended detriment of prisoner litigants w/meritorious claims.

This Plaintiff's FAC leaves zero doubt that he was the intended victim of horrendous criminal & unconstitutional acts & omissions by prison officials, which noticeably left him discombobulated both physically & psychologically & that were practiced against him over a 5 yrs. period & his abilities to litigate while suffering dramatically from the extreme durations of those actionable events, was in fact restricted & severely impeded. It is patently ridiculous & serious enough that the Circuit Executive should be furious & investigate the pattern of bias & victimizations practiced by both Judges Mitchell & Teeter. Every prisoner litigant case ever presided over by these two will leave concrete truths calling for their immediate resignations/removals from the bench.

In Tiberi v. CIGNA Corp., 89 F.3d 1423 (10th Cir. 1996), the Court reversed the D.Ct. & its denial of Tiberi's motion to amend his claim to add a cause of action, & remanded for further proceedings... because the D.Ct.'s summary judgment to CIGNA on statutory limitation grounds was egregious erroneous —— exactly like in this prisoner-litigant's case. After Tiberi filed his motions to amend his complaint, CIGNA moved to dismiss & the Court erroneously granted it. Tiberi appealed & argued that CIGNA's conduct constituted a "continuing wrong" for the purposes of the tort claims & argued that the D.Ct. should have granted his motion to amend because his complaint was based on CIGNA's "misleading conduct".

It isn't inadvertent in this case that Judges Mitchell & Teeter refuse to grasp the simple factual truths that defendants named in this Plaintiff's FAC, also knowingly & w/criminal & unconstitutional intents at HCF/LCF/EDCF, & KDOC H.Q.'s diabolically engaged in "misleading actionable" misconduct for over 5yrs→

## II.(E) Continued:

continuously & every month maliciously lying to him that he is on the kick-out list for release back into general population & falsely telling him he was awaiting transfer to another prison for release into general population but because of COVID such transfers were suspended — & discovery will likewise produce overwhelming concrete proofs that those continuous statements were also diabolically misleading & actionable misconducts. It defies evolving stds. of decency & is cruel & unusual punishment in violation of the 8th Amendment & in violation of 18 USC §§§ 241, 242, 371 to continuously subject this Plaintiff to such psychological abuses which led to physical & psychological injuries.

This Plaintiff's FAC is in fact solidly based upon the uninterrupted & continuous diabolical "misleading conduct" by the defendants individually & jointly. In Tiberi the 10th Cir. concluded his claims are not barred under the pertinent statutes of limitations, & that's the same conclusion that must issue in this case.

In Tiberi, he brought his claim into court 7 yrs. after the date on which the alleged breach was clearly identified & his suit normally would be barred by the statute of limitations as a matter of law UNLESS a factual basis for tolling the statute exists.

In this case, Judges Mitchell & Teeter are unlawfully holding this Plaintiff to a heightened std. & w/out any opportunity for discovery nor an evidentiary hearing as required for development of those "actionable barriers" preventing his (erroneously alleged by the Ct.) failure to "timely filing suit".

The Court absurdly declares the continuing tort doctrine is inapplicable to a §§ 1983 claim that the Court itself preposterously misconstrues is "premised on wrongful placement in segregation".

Make no further mistake, this Plaintiff's wrongful placement into over 5 yrs. of admin. seg. was & is premised on vindictive 1st Amendment retaliations for his grievances, lost property & personal injury claims, & seeking redress & interventions from the court.

This Plaintiff's facts & evidences relied upon in his FAC, on its face presents the existence of facts & claims, which if proven true, warrant a tolling of the statutes of limitations. "Overlooked" by Judge Teeter is the body of established law & cited in Tiberi that says "where a suit invokes several causes of action, each is subject to a distinct statute of limitations; & thus distinct accrual periods should apply as to each cause of action." See King v. Otasco, Inc., 861 F.2d 438 (5th Cir. 1988). And this is true even if the causes of action are derived (as in this case) from a single event (like conspiracy to retaliate for 1st Amendment activities adversely implicating prison officials). Tiberi successfully claimed that even if his tort claims were barred under the statute of limitations, the doctrine of equitable estoppel excepts him from such statute of limitations & the D. Ct. erred in refusing to apply the doctrine to toll such statute(s)

7 of 11

II.(E) Continued:

When a party such as this Plaintiff relied on defendants repeated written & verbal assurances that he was on their "kick-out" list for release back into general population status, which turned out to be perverse lies intended to cause irreparable physical & psychological injuries & unnecessary indignities, for over 5 yrs. at HCF/LCF/EDCF & KDOC HQ's, was relied on to his dreadful detriment because of their deviantly dishonesties acts & omissions by virtue of their perversely misleading conducts. It is patently erroneous for Judges Mitchell & Teeter to callous ignore the doctrine of equitable estoppel precludes them from dismissing this suit & mindlessly asserting the continuing constitutional tort doctrine is inapplicable.

Like Tiberi, this Plaintiff has presented verified facts plainly indicating equitable estoppel attached in this suit. Defendants never gave this Plaintiff any verbal or written declaration that they were not going to honor their "promises" & he relied on their assurances which in hindsight proved to be repulsive lies w/ intents to prejudice him & cause irreparable harms & injuries. These facts compel equitable estoppel is appropriate. The Tiberi Court declared he didn't need to prove intent to decieve in order to claim equitable estoppel.

The Tiberi Court further unambiguously clarified that "under the continuing wrong doctrine, where a tort involves a continuing or repeated injury, the cause of action accrues at, & limitations begin to run from, the date of the last injury". This is not complicated & this Plaintiff confidently declares that Judges Mitchell & Teeter absolutely know this. Therefore, Plaintiff's "date of the last injury" began to run for statute of limitation purposes, on the date he was finally released from Admin. Seg. status into population status at EDCF in April 2024. This suit was filed in 2023, & his Verified FAC was e-filed on 8-13-24. Accord 54 C.J.S. Limitations of Actions §177 (1987). "The statute of limitations does not begin to run until the (actionable) wrong(s) is over & done with". See Taylor v. Meirick, 712 F.2d 1112, 1118 (7th Cir. 1983). This Plaintiff's Verified FAC presents a case of long running frauds practiced against him by defendants & when such frauds are relied on, the statute of limitations are in fact suspended by a repetition or continuation of the false representations which keeps the defrauded person in ignorance of the fraud". See 54 C.J.S. Limitations of Actions §§ 195 (1987).

Like in Tiberi, application of the continuing wrong doctrine is plainly appropriate in this case in light of the "relationships" between him & the defendants. The D.Ct. in this case plainly abused its discretion thruout this case, & dismissed his verified FAC erroneously on the grounds it is time barred & it plainly is not.

Additional & acutely relevant decisions on the "continuing constitutional →

8 of 11

## II.(E) Continued:

tort doctrine include Shomo v. City of N.Y., 579 F.3d 176 (2nd Cir. 2009) & the Court there held this doctrine applies to 8th Amendment claims of an ongoing deliberate indifference & actionable acts in furtherance of the ongoing policy of denying him his constitutional rights.; See also Heard v. Sheahan, 253 F.3d 316 (7th Cir. 2001) which also held that "since the Plaintiff alleged that defendants were deliberately indifferent to his constitutional rights long established by the SCOTUS, such acts & omissions established that the date of accrual for his cause(s) of action did not begin until the violations ended." And in National R.R. v. Morgan, 536 U.S. 101, 116-17 (2002) the SCOTUS plainly held that "when a plaintiff brings a §§1983 claim, commencement of the statute of limitations period may thus be delayed until the last actionable act challenged as a constitutional violation ends."

In this case, Judge Teeter egregiously erred by stupendously declaring in Doc.# 39/Pg.11, that Plaintiff's "new claims are all based on allegedly 'discrete' unlawful acts about which he knew or should have known & for which he 'could' have timely sought recovery" (emphasis added). These ridiculously absurd conclusory & speculative nonsenses defies realities of the devastating & debilitating effects of extremely harsh 5 plus years of solitary confinement called inappropriately "admin. seg." & which Judge Teeter perfunctorily mocks as being "discrete unlawful acts" & further still she impugns her integrity & aptly demonstrates her legal acumen is grossly lacking by design by contemptuously ignoring the debilitating physical & psychological effects suffered in extreme cases as this Plaintiff where as Justice Kennedy said in Davis, supra:

"While it may be difficult to ascertain at what point duration becomes extreme, drawing such a conclusion in a particular case requires specific inquiry & fact-finding by a D.Ct. to determine the specific conditions of the admin. seg. (at 3 separate prisons' seg. units)...& how those conditions compare w/the conditions of I/m's in the general population. We remind tribunals that isolations may constitute an especially harsh condition of incarceration", as pointed out in Justice Kennedy's concurring opinion @ 2209-10.

Judges Mitchell & Teeter's abandonment of common sense, the well-established law, & its fundamental duties "requiring specific inquiry & fact-finding" in a legitimate evidentiary hearing whereby expert M/H witnesses will aptly testify to the debilitation & disorienting effects caused by long-term admin. seg. isolations & harsh deprivations eliminates the "could have/should have" tripe infuriatingly spouted by "pie in the sky" clueless persons masquerading as federal court Judges. The impeaching fact remains that both Judges are overdue for inculcating on what "significant hardship" →

9 of 11

II.(E) Continued:

means, & it is that explanation in which the experienced "treatment" is really awful & not something merely uncomfortable or annoying. This Plaintiff's 5 plus yrs. of "admin. seg." was extremely harsh & intended as vindictive retaliatory punishments for having the audacity to dare believe & to challenge their 1st Amendment retaliations in the Courts. & pray for redress. 5 plus yrs. in Admin. Seg. under extremely harsh conditions is clearly far longer than is typical. Plaintiff calls this Court & the 10th Circuit's attn. to this follow article as supporting evidence worthy of excoriating both Judges Mitchell & Teeter, gleaned from 1 UCLA Crim. Justice Law Review 35, 49-51 (2017) by Rachel Meerpol, titled "The Role of Duration & Selectivity in the Sandin v. Conner liberty interest Test", & see also a study by Yale Law School called "Time-in-Cell: The ASCA-Liman 2014 National Survey of Admin. Seg. in Prison". Length of time in segregation is not the only thing that matters, the severity of the conditions matters alot too. Short placement in very bad conditions are atypical & significant. See for example Gillis v. Litscher, 468 F.3d 495 (7th Cir. 2006) & Mitchell v. Horn, 318 F.3d 523 (3rd Cir. 2003).

Judges Mitchell & Teeter appear, by their actions & omissions in this case, have a bizare "see no evil, hear no evil" mentality when it comes to judging prisoner litigation & sanction corrupt criminal/unconstitutional rabid abuses practiced by "anything goes" defendant prison officials.

What prison official defendants did to this Plaintiff as presented in his verified FAC/Doc. 31-1, was beyond unreasonable. It was demented by any rational measure. Compare Aref v. Lynch, 833 F.3d 242 (D.C. Cir. 2016).

It is well settled law that prison officials cannot transfer a prisoner litigant to punish him for complaining or keep him from filing a lawsuit or to interfere w/pending litigation critical of prison officials criminal/unconstitutional practices. See for example Allah v. Seiverling, 229 F.3d 220 (3rd Cir. 2000). This is the gist foundation that connects each & every cause of action count claim in this Plaintiff's verified FAC.

It is the epitome of actionable abuses of authority when prison staff defendants arrogantly refuse to follow their own rules & regs. in placing prisoners in segregation & governing release from segregation.

The 8th Amendment forbids "cruel & unusual punishment" & next to a prisoner's court access right, is equally the most important rights any prisoner has, & in this case, defendants gleefully eviscerated his liberty interests entitlements unique to his 1st, 4th, 8th, & 14th Amendment rights under our U.S. Constitution.

Wherefore, this Plaintiff aggressively declares he is in fact entitled to sweeping relief per F.R.Civ.P. Rule 59(e) which includes a total vacating of the Court's Judgments entered in Doc. #34 & #39, to the recusal of Judges Mitchell & Teeter, to service of his verified FAC/Doc. #31-1 upon defendants & appt. of counsel for all forthcoming proceedings or appeal, & to a full evidentiary hearing to develop his →

facts & evidences entitling him to relief on all triable issues. And all such other relief deemed just, equitable, or otherwise in the interests of justice.

Executed on 3-7-25.

Respectfully Submitted,

s/ [signature]
Richard Grissom - Pro Se
#33728, EDCF, P.O. Box 311
El Dorado, KS 67042

Certificate of Service

I, Richard Grissom herewith certify submitting the foregoing to EDCF E-1 c/h staff, on 3-7-25, for efiling to the U.S. District Court Clerk's Ofc. at 444 S.E. Quincy, Topeka, KS 66683, & simultaneous service on defendants counsel of record.

s/ [signature]
Richard Grissom
#33728, EDCF, P.O. Box 311
El Dorado, KS 67042.

CC: Plaintiff's Case Files