In The District Court
District of Kansas

Richard Grissom,
Plaintiff
v.
Jordan Bell, et al.,
Defendants

C/A # 23-CV-3260-HLT
Plaintiff's <u>Verified</u> Motion For
Appointment Of Counsel

Here & Now comes the pro se Plaintiff Richard Grissom respectfully motioning the Court as styled above & per 28 USC §§ 1915(e)(1), & local Rule 83.5.3.1 —— & per 28 USC § 1746 & 18 USC § 1621, declares under penalty of perjury that the following is true & correct, & reliably stated in good faith, & he humbly presents:

1.) Local Rule 83.5.8(a) allows the Court appt. counsel for a "limited scope Representation Purpose" & Plaintiff requests the Court to appt. counsel for the Rule 59(e) limited scope purposes as arguably, both the Magistrate Judge & presiding D.Ct. Judge have myopically overlooked meritorious matters that are in fact actionable & fall well w/in the continuing constitutional tort doctrine as argued pro se in his Rule 59(e) Motion submitted simultaneously herewith.

2.) On 2-3-25, Judge Teeter erroneously adopted the adopted the Mag. Judge Mitchell's R&R & summarily dismissed Plaintiff's Verified FAC/Doc.# 31-1, in Doc.# 39.

3.) On 2-28-25 Plaintiff's verified motion for 30 days time extension past the date due to efile his Rule 59(e) motion/Doc.#41 was efiled to the Court.

4.) On 3-7-25, Plaintiff's Rule 59(e) Verified motion was timely submitted for efiling to the Court & parties, & presents viable arguments that are soundly based on well-established law & made in good faith pointing out "overlooked" concrete facts & evidences that compel vast relief & further proceedings.

5.) That Plaintiff is unable to afford counsel to represent him in the D.Ct. or on appeal to the 10th Circuit for comprehensive appellate review.

6.) That the issues involved in this case are complex, & he has extremely limited access to the prison law library at EDCF.

7.) That he has reached out to multiple attys. including David Miller of Wichita, & Matt Tilma of Shawnee, KS, & Kurt Kerns in Wichita, & others —— & has not recieved even a courtesy response.

8.) That he has a limited knowledge of the law & relies on the generosity of fellow prisoners w/ more knowledge than himself to assist him in the proceedings/filings to date.

9.) That this is a case that uniquely involves the continuing constitutional torts doctrine & is complex in that it contains (Doc.#31-1) several different inter-related legal claims, w/each claim involving a different set of defendants acting in a common scheme violating his constitutional rights & constituting violations of federal criminal statutes (18 USC §§ 241, 242, 371).

10.) This case requires discovery of documents, emails, & interrogatories & admissions, & affidavits from witnesses & defendants that he is denied access to & he is unable to otherwise properly investigate & present testimony & evidences to properly develop the record.

11.) That his claims are meritorious.

That prisoners seeking relief pursuant to civil matters/42 USC § 1983 are entitled to petition the court to appt. counsel to represent them, & he recognizes that the court has vast discretion to appt. counsel & he humbly submits that he has made the threshold showing (see his Rule 59(e) verified motion for example) that his claims are plausible & based on well-established law governing his claims & the facts/evidences relied upon in his pleadings. And humbly asserts that special circumstances are abundantly before this Court to justify exercising its discretion to appt. counsel on his behalf in the D.Ct. & on appeal to the 10th Circuit.

As a matter of law, in Bracey v. Grondin, 712 F.3d 1012, 1017 (7th Cir. 2013) "the Court observed that state of mind claims (as permeate this case) heighten the complexity of a case" & counsel appt. is properly exercised."; & in Hendricks v. Coughlin, 114 F.3d 390 (2nd Cir. 1997) the Court held that a "indigent prisoner was entitled to appt'd counsel in his 42 USC § 1983 pro se action claiming retaliatory prison transfer, where the claim had a threshold showing of merit, & he was unable to take the depositions of defendants (& witnesses) involved in the transfer decision(s), & complexity of legal issues was considerable." See also Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986) (same).

And in McCaa v. Hamilton, 893 F.3d 1027, 1037 (7th Cir. 2018) that Court held that "when a litigant's legal acumen competency may not have been entirely his own (as in this case) ... Courts must specifically examine a pro se prisoner litigant's personal ability to litigate the case, versus the abilities of the jailhouse lawyer who assisted him," see also Perez v. Fenoglio, 792 F.3d 768, 785 (7th Cir. 2015): "Taking depositions, conducting witness examinations, applying the rules of evidence & rules of civil procedure are beyond the ability of most pro se litigants to carry-out." And D.Ct's "abuse their discretion when they fail to consider the complexities of basic or advanced staged litigation activities & whether a pro se litigant is capable of handling them.".

In Santiago v. Walls, 599 F.3d 749, 762 (7th Cir. 2010) the Court recognized that prisoner-plaintiffs face significant obstacles to effective litigation when they are "transferred to other prisons after the events underlying their claims" took place. The Court also recognized that state-of-mind claims are most often extremely difficult for pro se plaintiffs. Exceptional circumstances permeate this pro se prisoner plaintiffs claims & requires appt. of counsel under 28 USC § 1915(e)(1).

Wherefore, Plaintiff prays the court to appt. counsel for all such D.Ct. proceedings, & before the 10th Circuit for appellate review.
Executed on 3-7-25.   Respectfully submitted,
s/ [signature]
Richard Grissom - Pro se

Certificate of Service

I, Richard Grissom, herewith certify delivering the foregoing to EDCF E-1 C/H staff to efile to the U.S. District Court's Clerk's Ofc. at 444 S.E. Quincy, in Topeka, KS, 66683, on 3-7-25, w/ simultaneous service on defendant's counsel.

s/ *[signature]*
Richard Grissom
#33728, EDCF, P.O. Box 311
El Dorado, KS 67042

cc:
Plaintiff's Case File