U.S. District Court
District of Kansas

Richard Grissom,
    Plaintiff
        v.
Jordan Bell, et al.,
    Defendants

C/A# 23-cv-3260-HLT
Verified Motion For Application Of The All Writs Act Due To Extraordinary Circumstances & Manifest Injustices

Here & Now comes the pro se Plaintiff Richard Grissom as styled above, & pursuant to 28 USC §§ 1651 seeks relief due in the face of extraordinary circumstances that impose irreparable injuries & prejudices eviscerating his court access rights to timely meet his legal obligations as hereinafter demonstrated. And pursuant to 28 USC §§ 1746, Plaintiff humbly declares under penalty of perjury that the following is true & correct, & presented in good faith, & states:

1.) On 2-3-25, Judge Teeter erroneously adopted the Mag. Judge Mitchell's R&R, & summarily dismissed Plaintiff's verified PAC/Doc.#31-1, in Doc.#39.  HOWEVER, as EDCF legal mail delivery log records show, EDCF Mailroom Staff recieved the Court's Order (Doc.#39) on 2-7-25, & because of the entrenched malfeasances that exist from Unit Team Counselors charged w/ timely delivery of legal arrogantly refusing to timely deliver EDCF residents legal mail — & in this case, specifically Unit Team Counselor Greg Able — this Plaintiff didn't recieve the Court's Order (Doc.#39) until 2-13-25. See Exhibit A attached.

2.) Pursuant to F.R.Civ.P. Rule 6(d), "when a party must act w/in a specified time after service by mail, 3 days are added after the the period would otherwise expire under Rule 6(a)".

3.) In this case, a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment" (issued on 2-3-25/Doc.#39), & that "28 day clock" starts then on 2-4-25, but with the 3 days mail time delivery space, this 28 day clock "starts then on 2-7-25 & there being 28 days in the Feb. 2025 calender, the 28 days deadline expires on 3-6-25.
    HOWEVER, when basic fundamentals of fairness are applied to his unique facts that it is that actionable routine deliberate indifferences by this Unit Counselor Able whose legal duties →

1 of 4

<u>require</u> him to timely deliver EDCF residents w/in his E-1 Unit w/in 24 hrs, & he arrogantly refuses to comply & both Special Problem grievances & Personal Injury Claims are filed on these actionable injuries & proven to be futile due to dysfunctional staff & hierarchy, it must be axiomatic then on <u>this Court</u> to promptly intervene & hold Able, his coworkers & superiors accountable & held in contempt of or prosecuted per 18 USC §§ 241, §§ 242.

3.) This Court fully knows that these actionable arrogant abuses of authority by EDCF E-1 Unit Counselor Able causing such interferences in this Plaintiff's legal mail delievery of the Court's Order/Doc. #39, creates a bonafide exception then to the general rule of FR Civ. P Rule 6(b)(2) which must be granted as the delay in recieving the Court's Order is thru no fault of his & solely attributable to the Able character's arrogant & routine abuses of authority eviscerating court access rights to <u>timely</u> recieve legal mail to meet court deadlines in a timely manner.

4.) That under these unique facts & circumstances, in the face of the fact that EDCF mailroom staff declared in Exhibit A attached that they didn't recieve the Court's letter containing copy of the Court's Order/Doc. #39 until 2-7-25, & the Able charcter unlawfully delayed delivery of such to Plaintiff until 2-13-25, Plaintiff claims exceptional circumstances are at bar to give him at least the 3 days mail time of Rule 6(d) from 2-7-25 <u>when mailroom recieved date</u>, which gives a start date properly beginning then on 2-10-25, & because of the actionable delivery delay attributable to the Able character that imposes another 6 days that must be granted Plaintiff, demonstrates then that Plaintiff's Rule 59(e) motion is in fact timely filed.

5.) 28 USC §§ (651)/The "All Writs Act" is designed & intended to impose exceptions to the general rule such as FR Civ. P Rule 6(b)(2).

6.) The Court has broad authority under these facts & the evidence at hand/<u>Exhibit A</u>, to count the 28 days deadline of Rule 59(e), to begin then when he finally recieved the Court's Order (Dr. 39) on 2-13-25.

  Counting from 2-14-25 <u>up to his 3-7-25 delivery of his 3 pleadings</u>, finally efiled on 3-10-25, comprises by the "prison mailbox filing rule" <u>a total of 22 days, or 25 days when prison officials finally efiled</u> his Rule 59(e) motion.

7.) On 2-28-25, Plaintiff's Verified Motion For 30 days Time Extension Past Due Date to File His Rule 59(e) Motion, was efiled, yet was submitted to his E-1 Unit Team Staff on 2-25-25 to efile —— This too demonstrates timely efiling is a serious matter problem, because the timeline delay is causing routine actionable injuries & prejudices.

And Exhibit B attached remarks at Para.#2; "Note prison officials delay mail deliveries."

8.) This Plaintiff (& countless other prisoner litigants w/pending federal court cases) never recieved any "EFN" nor Court Order denying his time extension motion cited in #7. above.

And only on 3-13-25, Plaintiff recieved by U.S. delivery (see Exhibits C-1 to C-3 attached), an EFN Notice designated as Doc. #42, dated as filed on 2-28-25 at 3:01 pm.

9.) To the extent that this long delayed "notice" doesn't even allow notice of appeal to the 10th Circuit, & w/malice & bias, states: such "request is also denied because Plaintiff has not demonstrated that an extension of that deadline is warranted or proper under the current circumstances" is utterly preposterous by the above sworn facts & evidences.

10.) As of today's submission hereof for efiling, Plaintiff has not recieved any EFN or Orders relative to 3 submissions on 3-7-25 & allegedly efiled on 3-10-25.

Wherefore, by any legitimately fair & impartial determination of the above facts & evidences, a blatant manifest injustice is readily obvious & Plaintiff has suffered actionable injuries & irreparable prejudices & realizes recourse is thus available in the 10th Circuit & a new §§1983 suit against the Able character & his enablers likely forthcoming.

This Court is obligated to invoke the All Writs Act & to grant relief, i.e., declaring his Rule 59(e) motion & his other 2 motions submitted for timely filing on 3-7-25, is timely, & his notice of appeal will follow.

Executed on 3-14-25

Respectfully Submitted,
S/ Richard Grissom - Pro Se

Certificate of Service

I, Richard Grissom, herewith certify delivering the foregoing to EDCF staff to efile to the Clerk's ofc. at 444 SE Quincy, Topeka, KS, 66683, on this 14th day of March, 2025, w/ simultaneous service on defendants counsels.

s/ [signature]
Richard Grissom
#33728, EDCF, PO Box 311
El Dorado, KS 67042