U.S. District Court
District of Kansas

Richard Grissom, Plaintiff
v.
Jordan Bell, et al., Defendants

C/A #23-CV-3260-HLT

Plaintiff's Motion For Expedited Decisions To His Post-Judgment Motions & Supplemental Rule 59(e) Arguments

Here & Now comes Richard Grissom, pro se, respectfully motioning this Court to expedite its decisions to his post-judgment motions he submitted to EDCF officials for efiling on 3-10-25 (see attached courtesy copies) for which he hasn't even recieved a EFN for any of these 3 timely submitted pleadings (which is a recurring problem routinely experienced by EDCF resident litigants. Additionally, he presents:

1.) And as a supplement to these "unanswed rulings", Plaintiff humbly bids this Court (& the 10th Circuit soon enough) to recognize & apply the E.D. of Va.'s astute reasoning in Reyes v. Clarke, U.S.D.C. (E.D. Vir.) Case No. 3:18-cv-0611, & invoking Porter v. Clark, 923 F.3d 348 (4th Cir. 2019) in which the Porter D. Ct. granted the prisoner litigants summary judgment & entered an injunction, & the 4th Cir. began its analysis by pointing to the prisoners' "expert evidence establishing the risks & serious adverse psychological & emotional effects of prolonged solitary confinement [and] the surveys of the scholarly literature supporting that evidence." and in that 4th Cir. ruling, it cited several recent U.S. Supreme Court cases that recognized this empirical evidence.

2.) Furtherstill, the 4th strongly declared "what is relevent under the 8th Amendment is not the harm suffered from prolonged solitary confinement & unlawful conditions there from, but that the prisoners faced a "substantial risk" of serious harm from their conditions of confinement & such a risk existed, & that the defendants were deliberately indifferent to those bonified risks of serious harm. And that granting injunctive relief to address these constitutional violations was indeed proper.

3.) The 4th Circuit also wrote that the defendants had "shown no 'repentence' for their (wanton & deviantly arrogant) 8th Amendment violations & under these circumstances, injunctive relief was appropiate to ensure they do not return to the challenged practices." Rehearing & Rehearing En Banc was denied. Keep in mind this is a 2019 ruling- long before Mag. Judge Mitchell & Judge Teeter were placed on the bench & their myopia as reflected in their egregious rulings in this prisoner litigant's case is overwhelmingly mocked & ridiculed by not only Porter, but also by the Reyes ruling. And the Reyes Court "found the defendants were reportedly well aware (same as defendants in this Plaintiff's FAC) of the substantial risks of harm to Reyes—

1 of 2

**3.) Continued:**

& played significant roles in his continued placement in solitary confinement, which satisfied the std. to show they were (in fact) deliberately indifferent to that harm, & as such, Reyes' 8th Amendment claim(s) was allowed to proceed.

It is palpably significant, how uniquely spot-on the <u>Porter</u> & <u>Reyes</u> actionable facts & claims mirrors this plaintiff's claims, & its patently insidious for the Mag. Judge & D.Ct. Judge in this case to pompously defy established law & give his FAC defendants carte blanche to not perversely do what they did for over 5 yrs., but to also "green light" the status quo being done to others w/ impunity, & to deviantly return him to the same challenged unconstitutional practices.

The motion to dismiss <u>Reyes'</u> case was denied & his case was then subsequently transferred to the W.D. of Va. upon motion of the defendants (they apparently believed — like this Plaintiff does — that the assigned Judge(s) was biased eh).

Wherefore, Plaintiff moves for expedited decisions which will either compel reassignment to another D.Ct. (other than Judge Melgren whose malice to prisoner-litigants is renowned & his contempt for prisoners constitutional rights & established law mirrors Judges in this case) Judge or allow appellate review forthwith to the 10th Cir. w/out undue delay.

Pursuant to 28 USC §§1746, I declare under penalty of perjury that the foregoing is true & correct, so help me God.

Executed on 4-1-25.

Respectfully Submitted,

s/ [signature]
Richard Grissom - Pro Se

**Certificate of Service**

I, Richard Grissom, herewith certify delivering the foregoing to EDCF E-1 c/H Staff, on this 1st day of April, 2025, to efile to the U.S. District Court's Clerk's Ofc. at 444 SE Quincy, Topeka, KS 66683, w/ simultaneous service on defendants counsel.

s/ [signature]
Richard Grissom
33728, EDCF, P.O. Box 311
El Dorado, KS 67042