IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD GRISSOM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-3260-HLT |
| ) | |
| **JORDAN BELL,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' RESPONSE TO MOTION
## FOR APPLICATION OF THE ALL WRITS ACT

Defendants Jordan Bell, Joel Hrabe, and Daniel Schnurr ("Defendants"), submit this Response to Plaintiff's Motion for Application of the All Writs Act (Doc. 46), by which Plaintiff seeks to have his earlier Motion to Alter or Amend the Judgment under Rule 59(e) (Doc. 43) declared timely. (Doc. 46 at 3.)

Federal Rule of Civil Procedure 59(e) makes clear that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." This deadline is not calculated from the date of service but from the date of entry of the judgment, so the three-day extension based on service by mail under Rule 6(d) does not apply. *United States v. Zook*, No. 22-1060, 2022 WL 17438062, at *2 (10th Cir. Dec. 6, 2022) (citing *Parker v. Bd. of Pub. Utils. of Kan. City*, 77 F.3d 1289, 1291 (10th Cir. 1996)). And, as the Court already pointed out in Doc. 42, Rule 6(b)(2) clearly states "A court must not extend the time to act under" Rule 59(e). *Pro se* litigants are not entitled to exceptions to these rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (holding that a *pro se* litigant is expected to adhere to the same rules of procedure that govern any other litigant in this circuit).

Here, the entry of judgment occurred on February 3, 2025. (Doc. 40; *see also* Doc. 39.)

So the deadline to file a Rule 59(e) motion was March 3, 2025. Grissom knew about the final dismissal of his claims at least as early as February 13, 2025, the date he claims he received the Court's dismissal order. (Doc. 46 at 1-2; *accord* Doc. 41 at 1 (saying he "receiv[ed] the court's order 2 wks. after the court entered it").) Despite that, Grissom's Motion under Rule 59(e) was not e-filed with this Court until March 10, 2025. (Doc. 43.) Grissom claims he submitted the motion to prison staff three days earlier on March 7, 2025, for e-filing. (Doc. 43 at 11.) But even applying the prison mailbox rule and counting that date as the filing date for his Rule 59(e) motion, the motion would still have been four days late.

Grissom claims he did not receive until March 13, 2025, an e-filing notice of the Court's order in Doc. 42, which denied his motion for an extension of time to file a Rule 59(e) motion. (Doc. 46 at 3.) But, as discussed above, Grissom was aware of the entry of the judgment earlier and failed to timely file a Rule 59(e) motion. He is not entitled to exceptions to the rules. Grissom is not entitled to special guidance from the Court regarding the rules of civil procedure. Grissom should not have needed the Court's order denying his requested extension for him to understand and follow the rules, which do not permit any extensions for Rule 59(e) motions, so he cannot claim prejudice for any delay in receiving the order. He is required to follow the rules regardless. At the very least, in the absence of receiving a ruling from the Court on his motion for extension of time, he should have proactively filed the Rule 59(e) motion in a timely manner.

Grissom essentially claims the All Writs Act should be used here for the purpose of equitable tolling of the deadline for Rule 59(e) motions. (Doc. 46 at 2-3.) First, common-law writs for relief from judgments were subsumed by and abolished in civil cases by the Federal Rules of Civil Procedure. *See United States v. Ballard*, 334 F. App'x 141, 143 (10th Cir. 2009) (citing Fed. R. Civ. P. 60(e)); *see also* Fed. R. Civ. P. 60(b) cmt. on 1946 Amendment. So no

such writs are available in this civil case.

Second, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Here, as discussed above, Grissom has not been pursuing his rights diligently as he failed to timely file a Rule 59(e) motion. And Grissom simply misunderstanding the applicable rules is not an "extraordinary circumstance." *See Figueroa v. Kan. Dept' of Corr.*, No. 24-3197-JWL, 2024 WL 5135960, at *2 (D. Kan. Dec. 17, 2024) (citing *Caballero v. Wyandotte Cnty. Sheriff's Dep't*, 789 F. App'x 684, 687 (10th Cir. 2019)) ("Neither pro se status nor a misunderstanding of law and legal procedure are sufficient to establish extraordinary circumstances."). So Grissom fails to meet either requirement for equitable tolling.

Alternatively, even if Grissom's motion under Rule 59(e) was considered timely submitted, whether for the reasons put forward by Grissom or otherwise, Grissom has not met his burden to demonstrate grounds to alter or amend the judgment. For Grissom to meet his burden for a motion to alter or amend a final judgment under Rule 59(e), he must demonstrate (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Farr v. Curry*, No. 22-2120-DDC, 2023 WL 315028, at *1 (D. Kan. Jan. 19, 2023) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) and D. Kan. Rule 7.3). Arguments that merely try "'to relitigate old matters' and 'simply rehash' arguments [the party] already has made and the court already has rejected . . . aren't proper" in a Rule 59(e) motion. *Id.* at *2 (quoting *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020)). "A 59(e) motion 'is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.'"

*Brinkman v. Norwood*, No. 18-3009-SAC, 2018 WL 1806758, at *1 (D. Kan. Apr. 17, 2018) (quoting *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994)). Here, Grissom suggests no intervening change in the controlling law and no new evidence. Grissom merely rehashes many of the same arguments as before, and he does not demonstrate any clear error or manifest injustice in the Court's judgment.

To the extent Grissom's Motion to Alter or Amend the Judgment may be considered as a timely Rule 60(b) motion, he has not established that any of the reasons for relief from judgment listed in Rule 60(b) apply. As stated above, he merely rehashes many of the same arguments as before, which is also improper in a Rule 60(b) motion. *McNelly v. Cline*, 743 F. App'x 906, 907 (10th Cir. 2018) ("Rule 60(b) may not be used to rehash issues that were addressed earlier.").

For these reasons, Defendants request that the Court deny Plaintiff's Motion for Application of the All Writs Act (Doc. 46) and treat Plaintiff's Motion to Alter or Amend the Judgment under Rule 59(e) as untimely. Alternatively, if Plaintiff's Motion to Alter or Amend the Judgment under Rule 59(e) is deemed timely, Defendants request that the Court deny that motion.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

/s/ Matthew L. Shoger
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of April, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served on the 4th day of April, 2024, by means of first-class mail, postage prepaid, addressed to:

Richard Grissom #33728
El Dorado Correctional Facility
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

                                      */s/ Matthew L. Shoger*
                                      Matthew L. Shoger
                                      Assistant Attorney General