IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GRISSOM,

    Plaintiff,

v.

JORDAN BELL, et al.,

    Defendants.

Case No. 5:23-cv-03260-HLT-ADM

## MEMORANDUM AND ORDER

Pro se Plaintiff Richard Grissom moves for reconsideration of the Court's order dismissing his complaint.[1] Plaintiff brings two motions, one under Federal Rule 59(e) (Doc. 43; Doc. 47) and another under 28 U.S.C. § 1651, which is also known as the "All Writs Act" (Doc. 46).[2] Plaintiff also moves to have counsel appointed (Doc. 44) and moves for the recusal of Judge Mitchell and the undersigned (Doc. 45). The Court denies Plaintiff's motions. The Court first addresses

---

[1] The Court is mindful of Plaintiff's pro se status and liberally construes his pleadings and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

[2] The Court notes that Plaintiff filed a notice of appeal after he filed his Rule 59(e) motion. Generally, a notice of appeal would deprive the Court of jurisdiction. *E.g., United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). But one of the exceptions to that general rule is when there is a pending Rule 59 motion. Fed. R. App. P. 4(a)(4)(B)(i). When a Rule 59 motion is pending at the time a notice of appeal is filed, the notice is without effect until after the Rule 59 motion is resolved. *Id.*

The effect of a notice of appeal on an earlier-filed and pending Rule 59 motion does not depend on the Rule 59 motion's timeliness. Federal Rule of Appellate Procedure 4(a)(4)(A) conditions the tolling effect of certain post-judgment motions (including a motion under Rule 59) on whether the motion has been filed "within the time allowed." But Appellate Rule 4(a)(4)(B)(i) doesn't include a similar timeliness condition. It simply says that if a notice of appeal is filed after one of motions listed in 4(a)(4)(A) is made then that notice isn't effective until after that motion is resolved. Fed. R. App. P. 4(a)(4)(B)(i). Because *expressio unius exclusio alterius est*, Rule 4(a)(4)(B)(i)'s application does not turn on a Rule 59 motion's timeliness.

Plaintiff's notice of appeal has not divested this Court of jurisdiction.

Plaintiff's motions to appoint counsel and for recusal. The Court then addresses Plaintiff's Rule 59(e) and § 1651 motions.[3]

**Recusal.** Plaintiff's motion for recusal is denied. This is Plaintiff's second recusal request. This motion is denied for essentially the same reasons as the first. Plaintiff believes the undersigned and Judge Mitchell are biased against him specifically and prison litigants generally. But he only offers evidence of prior adverse rulings to support these beliefs. *See* Doc. 43 at 5-6; Doc. 47 at 1-2; Doc. 47-1 at 1. And, as has already been explained and bears repeating here, adverse decisions from a judge alone will not substantiate claims of bias or warrant recusal. Doc. 39 at 10 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Maez v. Mtn. States Tel. and Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995). Recusal is warranted where "a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality." *Maez*, 54 F.3d at 1508. But "conclusions, rumors, beliefs, and opinions" are not enough. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Plaintiff's motion for recusal (Doc. 45) is meritless and is denied without prejudice.

**Appointment of Counsel**. Plaintiff's motion for appointment of counsel is denied. Plaintiff has also sought appointment of counsel before. And his previous request was denied. As the previous order denying his request for appointed counsel explained, "[t]here is no constitutional right to appointed counsel in a civil case." Doc. 29 at 1 (internal citations and quotation marks omitted). The decision to appoint counsel is committed to the district court's discretion. This discretion is channeled by the court's assessment of three factors: "(1) the merits of the party's claims; (2) the nature and complexity of the factual and legal issues; and (3) the party's ability to

---

[3] Plaintiff filed a further motion asking the Court to "expedite" its rulings three weeks after he filed his Rule 59(e), recusal, and appointment of counsel motions. Doc. 47. Because the Court now rules on these motions, it denies his "motion to expedite" as moot.

investigate the facts and present the claims." *Id.* (internal citations, alterations, and quotation marks omitted).

Plaintiff's complaint was dismissed in part because the Court lacked jurisdiction and in part because Plaintiff failed to state claims upon which relief could be granted. Doc. 37. The Court's dismissal means that Plaintiff no longer needs to investigate or present facts supporting his claims. Nor are there any remaining merits issues to be resolved or legal issues for the Court to take up related to the substance of Plaintiff's claims. In sum, the Court does not find his original or proposed amended claims meritorious. And, even if the Court harbored doubts about the outcome of this case, Plaintiff has demonstrated the ability to investigate and present his claims. The issues are constitutional and somewhat complex, but Plaintiff has demonstrated the ability to articulate his positions and the facts and law he thinks applicable. The Court therefore denies Plaintiff's motion for appointment of counsel (Doc. 44) without prejudice.

**Rule 59(e).** Plaintiff moves under Rule 59(e) because he adamantly disagrees with the outcome of this case. Defendants oppose his motion as untimely. They point out that the deadline for filing the motion was no later than March 3rd. But Plaintiff filed the motion on March 7th. The Court agrees with Defendants. Plaintiff's motion is untimely, and the Court denies it for that reason.

The Court previously denied a motion for an extension of time in which Plaintiff could file a Rule 59(e) motion. Doc. 42. The deadline under the Federal Rules of Civil Procedure is "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff received service by mail. But, as Defendants point out, Rule 6(d)'s extra three days for service by mail doesn't apply to Rule 59(e) motions. The Court's judgment was entered on February 3, 2025. Plaintiff's deadline to seek Rule 59(e) relief was therefore March 3, 2025. On February 28, 2025, Plaintiff sought an

additional month so that he could spend time in the prison law library and because mail gets to him slowly. Doc. 41. The Court denied the requested extension the same day, noting that Rule 59(e)'s deadline was mandatory and that it could not grant relief the Rules forbade. Doc. 42.

Before receiving notice of the order denying his requested extension but after the deadline had passed, Plaintiff filed his Rule 59(e) motion. Doc. 43; *see* Doc. 46 at 1, 3. The certificate of service appended to it says that it was given to prison staff on March 7, 2025, for e-filing. Doc. 43 at 11. Under the prison mailbox rule, Plaintiff's motion is deemed to have been filed on that date. But the motion was due no later than March 3rd. And under the Federal Rules of Civil Procedure the Court has no authority to extend this deadline. Rule 6(b)(2) is express in its commandment to district courts that they "<u>must not</u> extend the time to act" under Rule 59(e). Fed. R. Civ. P. 6(b)(2) (emphasis added). And, even if this rule is a mandatory claims processing rule and not jurisdictional,[4] it's still mandatory once invoked.

The untimeliness of Plaintiff's motion means that the Court must deny it. And the Court does so without prejudice. But even if Plaintiff's Rule 59(e) motion had been timely, the Court would still deny it. The grounds for granting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (citation and internal quotation marks omitted). Essentially, Rule 59(e) relief is appropriate where the court has "misapprehended the facts, a party's position, or the controlling law." *Id.* (citation and internal quotation marks omitted). Here, Plaintiff does not point

---

[4] "It is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 19 (2017) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978)) (internal quotation marks and alterations omitted); *see also* Fed. R. Civ. P. 82. Rule 59(e)'s time limitation is found in a procedural rule, not a statute. "[I]t is [therefore] properly classified as a nonjurisdictional claim-processing rule." *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192 (2019).

to new facts or an intervening change in the law. Plaintiff instead argues that the Court failed to correctly apply existing law. In particular, Plaintiff argues that the Court erred when it refused to apply the continuing tort doctrine to his First Amendment retaliation claims against Defendants.[5] Plaintiff argues that the doctrine applies because he was subjected to administrative segregation nearly continuously and the timeline for his release was misrepresented to him by Defendants. Doc. 43 at 6-11.

This argument misses the mark for a couple of reasons. First, it is not supported by the complaint's allegations. The First Amendment retaliation claim that survived initial screening is based on Plaintiff's transfer from HCF (where Defendants were employed) to LCF after Defendants were served as defendants in another of Plaintiff's lawsuits. *See* Doc. 1; Doc. 9. Plaintiff does not allege that these Defendants misrepresented his release date to him while he was at LCF. Second, Plaintiff doesn't argue that Defendants' statements concealed the facts on which his First Amendment retaliation claim was based. The transfer from HCF to LCF was a discrete event involving "definite and discoverable" conduct. And Plaintiff has identified "nothing [that] prevented [him] from coming forward to seek redress." *Kelly v. Schnurr*, 2024 WL 4235123, at *2 (10th Cir. 2024) (discussing *Tiberi v. CIGNA Corp.*, 89 F.3d 1423, 1430-31 (10th Cir. 1996)); *Fogle v. Slack*, 419 F. App'x 860, 864-65 (10th Cir. 2011) (continuing violation doctrine inapplicable to allegedly wrongful administrative segregation decisions because each segregation decision was a discrete and identifiable act). Even if the Court were not required to deny Plaintiff's Rule 59(e)

---

[5] Plaintiff makes a multitude of other arguments, none of which have no bearing on the Court's conclusions that it lacked jurisdiction over some claims, that other claims were untimely, or that amendment would have been futile.

motion as untimely, it would have done so on its merits. The Court denies Plaintiff's Rule 59(e) motion without prejudice.[6]

**All Writs Act.** Plaintiff filed a motion for relief from the Court's dismissal order under the All Writs Act, 28 U.S.C. § 1651. Doc. 46. The Court also denies this motion.

Section 1651 is a "residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority and not [§ 1651] that is controlling." *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). The All Writs Act isn't some sort of "one weird trick" that allows litigants to circumvent the barriers and limitations imposed by procedural rules. "Although [§ 1651] empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id.* But this is how Plaintiff attempts to use it. There's no procedural gap that needs to be filled – Rule 59(e) provides the relief Plaintiff seeks. And § 1651 does not provide Plaintiff with a mechanism for end-running Rule 59(e)'s procedural requirements. *See Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (superseded on other grounds by the 2005 amendment to Federal Rule of Criminal Procedure 29(c)) (finding that § 1651 was not an alternative means for seeking a judgment of acquittal where a Rule 29(c) motion would have been untimely). Plaintiff's motion under § 1651 is therefore denied.

THE COURT THEREFORE ORDERS that Plaintiff's Rule 59(e) motion (Doc 43; Doc. 47), § 1651 motion (Doc. 46), motion for appointment of counsel (Doc. 44), and motion for recusal (Doc. 45) are DENIED without prejudice.

---

[6] The Court notes its discretion to convert an untimely Rule 59(e) motion into a Rule 60(b) motion for relief from a judgment. The Court declines to do so. Plaintiff's core argument is – essentially – that the Court misapplied the law when it concluded that his claims were untimely. But "revisiting issues already addressed is not an appropriate use of a Rule 60(b) motion." *McNelly v. Cline*, 743 F. App'x 906, 907 (10th Cir. 1998).

THE COURT FURTHER ORDERS that Plaintiff's motion to expedite its decision on the above motions (Doc. 47) is DENIED as moot.

IT IS SO ORDERED

Dated: April 15, 2025                                  /s/ *Holly L. Teeter*
                                                      HOLLY L. TEETER
                                                      UNITED STATES DISTRICT JUDGE